## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**DERRICK B. TARTT,**

### PLAINTIFF

*Miami 152nd.*
*Miami- Garden FL 33051*           **V.**

**UNITED STATES OF AMERICA et. Al.,**

Case: 1:19-cv-01615   JURY DEMAND
Assigned To : Kelly, Timothy J.
Assign. Date : 6/3/2019
Description: PRO SE GEN CIV (F-DECK)

### DEFENDANT                          **JUDGE:**

### USERRA, REPARATIONS and APA COMPLAINT

*Defendant r*

| | |
|---|---|
| Department of Justice | Office of Solicitor General<br>US Dept. of Justice<br>950 Pennsylvania Ave. NW<br>Washington DC 20330 |
| Wilbur Ross | Dept. of Commerce<br>1401 Constitutional Ave. NW<br>Washington DC 20230 |
| Department of Labor | Dept. of Labor<br>200 Constitution Ave NW<br>Washington DC 20210 |
| Steven Herrick | Tully and Rincky Pllc.<br>501 W. Broadway<br>Ste. 800<br>San Diego, CA 92101 |
| Wyvonnia Bridgeforth | 114 Madison St.<br>Apt 2<br>Oak Park, IL 60302 |
| Elijah Meshiah | Law Offices<br>400 W. 76th St. |

RECEIVED

JUN 0 3 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

James Childs, Jr.

Law Offices
400 W. 76th St.
Chicago, IL 60620

Scott Harris & SCOTUS Clerks

US Supreme Court
1 First St. NE
Washington DC 20543

Magistrate Jeffrey Cole

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge John Darrah (deceased)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Suzanne Conlon (retired)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Joan Humphrey Lefkow

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Charles Norgle

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Robert Dow, Jr.

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Ann Claire Williams (retired)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Richard Posner (retired)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Ilana Rovner

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Michael Kanne

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Daniel Manion

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Kenneth Ripple

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Frank Easterbrook

US Courthouse
219 S. Dearborn St
Chicago, Il 60604

Justice William Bauer

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Chief Justice Diane Woods

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Army Board for Correction of
Military Records

Department of Army
251 18th St. South
Arlington, VA 22202

3

US Attorney James Kubic

US Attorney Office
US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

US Attorney Richard Dockett

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Jeffrey Lieb

Dept. of Army
Army Review Board Agency
251 18th St. South
Ste. 385
Arlington, VA 22202

Steve Mnuchin

Dept. of Treasury
1500 Pennsylvania Ave NW
Washington DC 20220

Judge A. Lauer

US Tax Court
400 Second St.
Washington DC 20217

Gen. Leslie Smith

Office of Inspector General
1700 Army Pentagon
Washington DC 20310

Col. Karen Wrancher

Office of Inspector General
1700 Army Pentagon
Washington DC 20310

Dr. Mark Esper

Secretary of the Army
101 Army Pentagon
Washington DC 20310

Patrick Shanahan

Secretary of Defense
1000 Defense Pentagon
Washington DC 20301

Cheryl Santilli

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Richard Fiore

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Janet Granger

Dept. of Labor
200 Constitution Ave. NW
Washington Dc 20210

Samuel Parks

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Dotress Reeves

Dept. of Labor
200 Constitution Ave.
Washington DC 20210

Charles Wilson

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Heather Higgins

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Alexander Acosta

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Andrew Braniff

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Delores Kennebrew

US Department of Justice
Litigation section
950 Pennsylvania Ave. NW
Washington DC 20330

Eric Dreiband

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

William Barr

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Antoinette Kwateng

Office of Executive Inspector
General
69 W. Washington St.
Ste. 3400
Chicago, IL 60602

Susan Haling

Office of Executive Inspector
General
69 W. Washington St.
Ste. 3400
Chicago, IL 60602

Pam Hansford

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 W. Wacker Dr.
Chicago, IL 60601

6

Nader Bozorgi

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 W. Wacker Dr.
Chicago, IL 0601

Jay Koikemeister

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

900 N. Michigan Surgery Ctr.

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

Ambulatory Anesthesiologist of Chicago

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

Magna Health Systems

David Pivnik
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

David Pivnik

McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 0601

James Bennett

IL Dept. of Human Rights
100 W. Randolph St
Chicago, Il 60603

IL Dept. of Insurance

Office of Attorney General
12th floor
100 W. Randolph St.
Chicago, IL 60603

Lisa Madigan IL AG

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

IL Dept. of Financial and Professional Reg.

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

Jay Stewart  IDFPR

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

A Forrester  IDFPR

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

J. Fenton IDFPR

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

8

| | |
|---|---|
| IL Dept. of Human Rights | Office of Attorney General<br>12th Floor<br>100 Randolph St.<br>Chicago, IL 60603 |
| James Bennett | Office of Attorney General<br>12th Floor<br>100 Randolph St.<br>Chicago, IL 60603 |
| John Andresak | Daniel Formeller<br>Tressler LLP<br>22nd Floor<br>233 S. Wacker Dr.<br>Chicago, IL 60606 |
| DuPage Orthopedic Surgery Ctr. | DuPage Orthopedic Surgery Ctr.<br>27650 Ferry Rd.<br>Warrenville, IL 60555 |
| Sheldon Nagelberg | Jeromy Boeder<br>Michael Mayer<br>Tribler, Orpett & Mayer<br>Ste. 1300<br>225 W. Washington St.<br>Chicago, IL 60606<br><br>53 W. Jackson Blvd.<br>Ste. 664<br>Chicago, IL 60604 |
| JoAnne Bruzgul | Mark Szaflarski<br>5th Floor<br>120 S. State St.<br>Chicago, IL 60603 |

9

AMA Insurance

Erik Tomberg
Wilson, Elsor, Moskowitz,
Edolman & Dicker, LLP
Ste. 3800
55 W. Monroe St.
Chicago, IL 60603

Healthcare Service Corporation (Blue Cross/ BlueShield)

Michael McColl
Thomas Orlando
Ste. 140
222 N. LaSalle St.
Chicago, IL 60601

United States Automobile Assoc. (USAA)`

Evangelas Spyratos
Spyratos, Davis, LLC
Ste. 2050
Chicago, IL 60601

Donald Pochyly

Dr. D. Pochyly
800 W. Central Rd.
Arlington Hts., IL 60005

Northwest Community Healthcare

800 W. Central Rd.
Arlington Heights, IL 60005

Bruce Crowthers

John Kramer
Kramer Law Grp.
134 N. Washington St.
Naperville, IL 60540

Michael Brohman

Stuart Gimbel
Kamensky Rubinstein Huchman
& Deloit
Ste. 200
7250 N. Cicero Ave.
Lincolnwood, IL 60646

Kamensky Rubinstein Huchman & Deloit

Kamensky Rubinstein Huchman
& Deloit
Ste. 200
7250 N. Cicero Ave.
Lincolnwood, IL 60646

Michael Marx

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Phil Williams

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Robert Bartolone

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Julie Jones

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Trevor DeSilva

Michael Brohman
Roetzel & Andress
Ste. 300
20 S. Clark St.
Chicago, IL 60603

11

Cynthia Valukas

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

Manahar Awatrimani

Michel Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

Northwest Suburban Anesthesiologist LTD

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

McDermott Will & Emory

McDermott Will & Emory
Ste. 4400
227 W. Monroe St.
Chicago, IL 60606

Brian Hucker

Alan Rutkoff
McDermott Will & Emory
Ste. 4400
227 W. Monroe St.
Chicago, IL 60606

CCA Restoration

Patrick Deady
Hogan Marren Bubbo & Rose
LTD
Ste. 1301
321 N. Clark St.
Chicago, IL 60654

BMO Harris Bank

Richard Polony
Hinshaw & Culbertson LLP
Ste. 300
222 N. LaSalle St.
Chicago, IL 60601

Continental Anesthesiologist

Brian Sundheim
Pretzel & Stoffer, Charter
Suite 2500
One S. Wacker Dr.
Chicago, IL 60606

David Carr

Brian Sundheim
Prezel & Stoffer, Charter
Ste. 2500
One S. Wacker Dr.
Chicago, IL 60606

CEO Continental Anesthesiologist

Briam Sundheim
Pretzel & Stoffer, Charter
Ste 2500
One S. Wacker Dr.
Chicago, IL 60606

David ??

Brian Sundheim
Pretzel & Stoffer, Charter
Ste. 2500
One Wacker Dr.
Chicago, Il 60606

Delores Pfiffer (US Army civilian)

Secretary of the Army
101 Army Pentagon
Washington DC 20301

Patrick Gookin

Dept. of Defense
Office of Inspector General
4800 Mark Center Drive
Alexandria, VA  22350

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

**DERRICK B. TARTT,**

**PLAINTIFF**

**V.**

**CASE NO.**

**UNITED STATES OF AMERICA et. Al.,**

**DEFENDANT**                                                          **JUDGE:**

**USERRA, REPARATIONS and APA COMPLAINT**

1. The plaintiff, Derrick B. Tartt, an African American, Military Officer and Anesthesiologist files the following suit to recover the rights and benefits of military and civilian employment denied in a conspiracy by the United States of America (USA).  Seeks freedom and reparations for abuse and torture.

2. Defendants: United States of America, Federal Agencies, Departments of Justice, Labor, Treasury, Commerce, Defense, Army Board for Correction of Military Records, US Army, Internal Revenue Service, state of IL agencies: IL Attorney General, IL Department of Financial and Professional Regulations

Note: The title of the complaint is to be clear that this is a conspiracy involving USERRA & Administrative Procedure Act (APA). Previous judicial officers have denied claims by ignoring APA & USERRA unique provisions to protect the plaintiff's rights and benefits guaranteed by Congress once qualified, April 1980 & reinstated after service by employers, December 9, 1996.  The courts, employers, federal, and state of IL agencies have conspired to complicate, suppress, deceive and deny rights and benefits through fraud upon the court, violation of 13th Amendment by Judge Norgle without due process (14th) and the USA for 23 years, involuntary servitude, a slave, qualifies plaintiff for reparations criteria by Norgle's-Plaintiff is "alive" not a descendent. Judge Norgle used the facts no Plaintiffs were alive in the reparation case, Norgle dismissed.

1

IL agents, 7th Circuit judges: Chief Justice Diane Woods, Former Chief Justice Frank Easterbrook, Rovner, Manion, Kanne, Williams, Bauer, Ripple & retired Judge Posner; District Court judges: Retire Judge Suzanne Conlon, Charles Norgle, John Darrah, Magistrate Cole, Robert Dow, Jr., Tax Judge Albert Lauber, Scott Harris and SCOTUS Clerks, US Attorney: J. Kubik, R. Docket, ABCMR J. Lieb, IL attorney, A. Forrester, J. Fenton, J. Stewart, R. Fiore, J. Granger, Dotress Reeves, S. Parks,: civilian attorneys: Michael Brohman, Brian Hucker, David Pivnik, James Child, Jr., Elijah Meshiah, Wyvonnia Bridgeforth, Sheldon Nagelberg, Joanne Bruzgul, & Steve Herrick; Government Agents:  AG  William Barr, Jeff Sessions, Assistant AG Eric Dreiband, Sec. Patrick Shannahan, P. Gookin, Sec  Alexander Acosta, Heather Higgins, Charles Wilson, Susan Haling Acting IL  IG, A. Kwateng, IL Deputy IG, Chief T. Henry, General Leslie Smith, Chief Litigation D. Kennebrew, A. Kwating, A. Braniff, K. Wrancher, physicians: Phil Williams, Robert Bartolone, Julie Jones, Trevor DeSilva, Cynthia Valukas, Michael Marx, M. Awatrimani, Nader Bozorgi, Jay Koikeimister, Pam Hanford, Don Pochly, D. Carr, David ??, CA CEO, John Andreshak, IL AG Lisa Madigan, Corporations: 900 N. Michigan Surgery Center,  DuPage Orthopedic Surgery Center, Northwest Community Healthcare, Northwest Suburban Anesthesiologist, Magna Health Systems,

2

Ambulatory Anesthesiologist of Chicago, Komensky, Rubestein, Hochman, & Deliot Law Firm, McDermat, Will & Emory Law Firm, AMA Medical Insurance, General Health Care Service Corporation (BC/BS), United Services Automobile Associate Insurance, BMO Harris Bank, Individuals: D. Pfeifer (Army), Bruce Crowther (former president NCH), (93 plus not named and unknown federal and state of IL agents). These are "the Conspirators".

## Jurisdiction

3.  Title 38 USC 4301-4335 Employment and Reemployment Rights of Members of the Uniformed Services, (USERRA), Fraud upon the court, 28 USC 455, Administrative Procedures Act, 28 USC 1361, 28 USC 1331, 28 USC 1332, 28 USC 351, 28 USC 1340, 28 USC 1343, 28 USC 1346, 28 USC 1361, 28 USC 1367, 28 USC 1391, 28 USC 1402, 28 USC 2674, 18 USC 1505, 18 USC 1505, -05, -09, 18 USC 1621, 18 USC 1584, Illinois Insurance Code 775 ILC5/155 et seq., 15 ILCS 2101, Illinois Human Rights Act, Illinois Constitution, Common Contract Law, Consumer Fraud Act, US Constitution, Article III, 3rd, 5th, 7th, 8th, 13th & 14thAmendments, Title VII of the Civil Rights Act 1964, Title 42 USC 1983-1986, 1988, 2000 et seq., Conspiracy laws, Age Discrimination Act, Veteran Reemployment Act (VRA), Soldiers And Sailors Relief Act (SSRA), C.F.R. 1002.37, -67, -74, Equal Pay Act 1963, Civil Conspiracy, Biven's Act, Tucker Act,

Federal Tort Claim Act, Federal Housing Act (FHA) 42 USC 3601 et seq.

Discrimination in sale....housing and Equal Credit Opportunity Act (ECOA) 15

USC 1691, Fraud, Rule 9, 32 CFR 581.3, 210 ILCS 85/10.4 (iii) 15 USC 1673

Restriction on Garnishment, 10 USC 1552, 37 USC 204, Military Pay Act,

Defense Officer Personnel Management Act (DOPMA) 96-513, 10 USC 627, 5

USC 515, 10 USC 627, 10 USC 1552, Breach of Contract.

### Subject Matter Jurisdiction

4. Is the requirement that a given court have powers to hear the specific kind of

   claim that is brought to that court. In this case, the district court shall have

   jurisdiction over the action.  In order to bring an action in federal court, the

   plaintiff must find a constitutional grant of subject-matter jurisdiction to allow

   the federal court to hear the claim See *U.S. Constitution Article III.*

5. The *Administrative Procedure Act (APA), 5 USC 551 et. seq.* does not provide an

   independent basis for subject matter jurisdiction.  However, the APA provides

   a basis for the suit when the governments unreasonably delays action or fails

   to act (failure to investigate).  See *5 USC 555(b) and 706(1).*  Thus, the plaintiff

   may allege the APA as a cause of action. All federal and state of IL agencies and

   agents named violated the APA, therefore, district court has jurisdiction of that

   cause of action.

4

## Diversity Jurisdiction

6. Is a form of subject-matter jurisdiction *28 USC 1332* having the power to hear a civil case where the persons that are parties are "diverse" in citizenship, which generally indicates that they are citizens of different states or non-US citizens. (Corporations as legal persons, may also be included). Diversity jurisdiction and federal-question jurisdiction (jurisdiction over issues arising under federal law) constitute the two primary categories of subject matter jurisdiction in the U.S. federal courts.

7. This case originates from MS and Washington DC (DOD), and continued in IL (DOD/Army, DOE, DOL), KY (DOD/Army), FL (DOD/Army) and Washington D.C. (DOD/Army, DOJ, DOL, DOE, DOC & DOT), therefore, DC Court has jurisdiction.

## Supplemental Jurisdiction

8. 28 USC 1367. Supplemental Jurisdiction. Any civil action of which the district court has original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This applies to *US Tax Court case no. 4973-18L Tartt v. Commissioner of Internal Revenue.*

5

9. Any person referred to in subsection (a) may submit a claim (federal and state agencies) relating to an allegation referred to in that subsection to the inspector general of the agency which is the subject of the allegation. The inspector general shall investigate and resolve the allegation pursuant to procedures prescribed by the head of the agency. *USERRA 4325.*

10. In prescribing procedures for the investigation and resolution of allegations under subsection (b), the head of an agency shall ensure, to the maximum extent practicable, that the procedures are similar to the procedures for investigating and resolving complaints utilized by the Secretary under section *4322(d).*

11. All federal and state agencies, head of agency and inspector generals' have denied jurisdiction and refused to investigate claims (APA) or resolve any allegation (DOD, DOL, DOJ, DOT, IDHR, IDFPR, IL AG & IDI) in compliance with USERRA 4325 and other laws. DOD IG has recently opened a case attempting to deceive and delay the filing of this case after 39 years.

### Venue

12. Venue is proper in this Court pursuant to *28 USC 1391* as, on information and belief, Defendant (USA) is located in this District (Washington DC) and the facts giving rise to this cause of action occurred in this District. (Denial of promotion

6

by Army; failure of federal agencies to investigate, APA). Federal agency, DOJ

has jurisdiction over a State that violates State or Federal law (Illinois).

Demand Trial by Jury and Judge where require

### The "Conspiracy"

13. The USA propagated a conspiracy that originally began in the state of MS &

Washington, DC, extended to IL and FL, culminated in the District of Columbia

that involves Department of Justice, Northern District of Illinois District Court,

Eastern Division, and 7th Circuit Court of Appeals, judges, prosecutors, lawyers,

and clerks, federal agencies, including, Defense (Army & ABCMR), Labor,

Treasury and Commerce, and SCOTUS Clerk, state of IL agencies, Illinois'

Attorney General (*15 ILCS 2101*), Illinois Department of Human Rights, (IDHR)

and Illinois Department of Financial and Professional Regulations (IDFPR),

multiple corporations including but not limited to Blue Cross/Blue Shield,

Chicago (AAOC), BMO Harris Bank, USAA, AMA Insurance, Blue Cross/Blue

Shield, DuPage Orthopedic Surgery Center, 900 N. Michigan Surgery Center,

Note: This is a conspiracy that is current, actively attempting to supersede (Tax Court & DOE), nullify and diminish employment to eliminate and reduce USERRA rights and benefits to NOTHING by forcing bankruptcy in violation of USERRA 4302.

7

multiple federal, state agents, and individuals, ("**The Conspiracy**") nearly 40 years.

14. Discrimination of guaranteed benefits can be found in *15 ICLS 2101, 775 ILCS 5/155,* SSRA, UDAP, FHA, ECOA, IHLA, CFA and 815 ILCS 505 Sec. 2 in addition to USERRA, Civil Rights and the Constitution.

15. The conspirator judicial officers have violated *28 USC 455*, fraud upon the court judges acting outside jurisdiction, fabricating and suppressing evidence, dismissing claims against themselves and ignoring fraud upon the court of other judges that require judges to self-execute their automatic disqualification without a motion and all orders are null and void (10 federal cases), the omnibus clause, negligence, color of law, Administrative Procedure Act (APA), US Constitution, Civil Rights and USERRA rights.

16. Conspirator government judicial officers are judges, Chief Woods, Posner, Easterbrook, Kanne, Williams, Rovner, Manion, Ripple, Conlon, Darrah, Lefkow, Norgle, Magistrate Cole; Tax Judge Lauer, US Attorneys Kubik, Docket, and Granger; Il attorneys Stewart, Forester and Fenton, Fiore, and AG Madigan, civilian attorneys Brohman, Hucker, Bridgeforth, Childs, Jr., Messiah, Nagleberg, Bruzgul and Herrick.

17. *28 USC 455, fraud upon the court*. Fraud upon the court is when the judge does not support or uphold the Judicial Machinery of the Court. The Court is an unbiased, but methodical "creature" which is governed by the Rule of Law...that is, The Rules of Civil Procedure, the Rule of Evidence, all which overseen by Constitutional Law.  The Court can ONLY be effective, fair and just if it is allowed to function as the law prescribes.

18. Conspirator judges and attorneys are officers of the court.  A state judge is a state judicial officer; federal judge or tax judge are federal judicial officers, paid by the state or federal government to act impartially and lawfully. Federal and state attorneys, as well as lawyers, fall into the same general category.

19.  Fraud includes the suppression of the truth, as well as the misrepresentation of false information (res judicata without due process by defense attorneys, Hucker and Brohman in case Tartt v. NCH, 00 cv 7960).

20. It is well established that any attempt by an attorney to deceive is considered fraud and when the attempt to deceive occurs in a judicial proceeding, it is fraud upon the court, **all plaintiff and defense attorneys,** federal, state or independent attorneys involved, named, unknown and unnamed in this suit, therefore no statute of limitations.

21. Conspirator Judges and attorneys are officers of the court, whether federal or state, and must abide by the rules.

22. "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality". The judge has a legal duty to self-execute to disqualify himself even if no motion asking for his disqualifications.

23. The 7th Circuit further stated judges do not have discretion not to disqualify themselves.  A decision produced by fraud upon the court (10 cases) is not in essence a decision at all and never becomes final, therefore, there cannot be res judicata involving any of the previous cases.

24. *28 USC 455, **demands any judge*** (including Tax Judge) as a non-represented litigant, who decided to ignore fraud upon the court of another judge, then the judge has expressed an "appearance of partiality" and under the law, it would seem that he/she is disqualified him/herself for fraud upon the court, to be *self-executing automatically disqualified* for failure to disqualify a judge, a crime. Judge Lauer has ignored (no action) USERRA and fraud upon the court.

25.  All courts have the inherent equitable power to vacate a judgment, Rule 60 that has been obtained through the commission of fraud upon the court. *Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946).*

10

26. This includes the suppression of truth as well as presentation of false information. Department of Army has provided false information concerning the commission under litigation for nearly 40 years.

27. Conspirator attorneys Brodman and Hucker filed false information/claims concerning failure to file EEOC claims and res judicata in case 7960. Judge Norgle's fraudulent use of their arguments dismissed case no. 7960 and should be vacated under Rule 60.

28. *28 USC 1346 and 28 USC 1402* United States as defendant allows the plaintiff to bring this suit in District Court.

29. *28 USC 2402* trial in action against US; Subject to chapter 179 of this title, any action against the United States under section 1346 shall be tried by the court without jury, except that any action against the United States under 1346 (a)(1) shall, at the request of either party to such action, be tried by the court with a jury.

30. *28 USC 2674 Liability of US*: The United States shall be liable, respecting the provision of this title to tort claims, in the same manner and to the same extent as a private individual under like circumstances.

31. *28 USC 2680 (h)* "To the extent defendant alleges his damages are the result of fraud and misrepresentation". The misrepresentation exception applies to

11

both negligent and willful misrepresentation. *United States v. Neustadt U.S. 696, 702 (1961).*

32. *Biven's actions*.  The plaintiff seeking damages remedy under Bivens must demonstrate that constitutional rights have been violated.  Thus, Bivens defendant is a risk of personal liability including punitive damages, while the government pays all damages in FTCA cases. This would include judicial officers.

33.  A *Color of Law Abuses, 18 USC 242*.  US law enforcement officers and other officials like judges, prosecutors and security guards...Simply means that the person is using or abusing authority given him or her by a local, state or federal agency.

34. In *28 USC 1361*. Action to compel an officer or employee of the USA or any agency thereof to perform a duty.  District courts have original jurisdiction over action to compel an officer or employee of the US or any agency (IL Attorney General) to perform a duty owed the plaintiff.

35. In *28 USC 1343 (a) (1)* To recover damages for injury to his person or property because of the deprivation of any right or privilege of a citizen of the United States, by any act in furtherance of any conspiracy mention in section 1985 of title 42. (2) …. (3).

12

36. *Brady violation*.  The term comes from the Supreme Court case Brady v. Maryland, ruled that suppression by the prosecution of evidence favorable to the petitioner.  This occurred in *93 cv 4550*, Conspirators US Attorney Kubik and JAG officer failed to provide AR-145 while defense attorney Nagelberg stated it could not be found and used a pamphlet. This is also fraud upon the court, a crime.

37. *18 USC 1503* is the most common obstruction charge.  The statute has two prongs: one concerning obstruction by attempting to influence jurors or officers in a judicial proceeding and another concerns obstruction of the "due administration of justice".  Judges Easterbrook, Manion and Woods their actions in dismissing the case against themselves and attempting to avoid a vote on motion to reconsider is clearly obstruction.

38. *18 USC 1509*.  Whoever, by threat or force, willfully prevents, obstructs, impedes with or willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of rights or the performance of duties under any order, judgment, or decree of a court of the U.S., shall be fined under this title or imprisoned not more than one year, or both.

39. Conspirators Federal and state of Illinois agents: Robert Wilson, Dotress Reeves, Cheryl Santilli, Samuel Parks, Gwen Stroud, M. Pfiefer, Teresa Henry, J.

Lieb, D. Kennebrew, A. Braniff, Gen. Smith, H. Heaggins, S. Haling, L Forrester, J. Stewart, J. Fenton, A. Kwateng, S. Hailing, H. Higgins, E Dreiband, IL AG L. Madigan, AG W. Barr and AG J. Sessions.

40. In addition, like the judicial officers, the conspirators violated Uniformed Serviceman Employment Reemployment Rights Act (USERRA) (military discrimination), US Constitution (denied due process, torture and others), Civil Rights Act (racial discrimination), APA, Housing discrimination, Insurance discrimination, Bank discrimination, Soldiers' & Sailors' Relief Act (SSRA), fraud and state of IL and federal other laws.

41. The Conspirators USA/Department of Defense/US Army are abusing and torturing with Radiofrequency Implant Devices (RFID) and other acts to stop the pursuit of the rights and benefits of the Constitution, Civil Rights, USERRA and other state and federal laws.  The petitioner suffers continuous and irreparable harm from these abuses and torture with RFID for at least 24 years.

42. The Conspirator DOJ Civil Rights Division is attempting to cover-up, obstruct justice and denies jurisdiction of claims involving USERRA, APA, color of law, Constitution, Civil Rights, fraud, fraud upon the court, and Omnibus clause by not acknowledging the complaints, ignoring the complaint and characterize

14

the complaints as outside their jurisdiction involving "law enforcement sexual assault and physical abuse."

43. Law enforcement physical abuse or assault would be within DOJ jurisdiction; however, this is not a subject matter raised by any complaint before DOJ.

44. The Conspirator DOL has violated USERRA with their fraudulent investigation filed complaint in 1997, delayed 2 ½ years, ending in 1999 with a fraudulent conclusion and as contradiction to *C.F.R. 1002.74*. Subsequently, has refused to investigate (5 complaints) any additional complaints filed, including to correct or refute their fraudulent conclusions.  See *Gall v. US Steel Corp (1984, WD Pa) 598 F Supp 769*.

45. The Conspirator NSA filed Arbitration September 1994 (plaintiff's induction to active duty August 1994) that was time delayed or after induction to Active Duty August 1994. District Court and DOL's investigation have ignored Gall v. Steel that states, "...imposing discipline delays until after an employee is inducted does not affect re-employment rights, to hold otherwise would be to permit employer to schedule arbitration after training and service".

46. The DOL/VETS (Dotress Reeves), District Courts and the 7th Cir. have ignored the USERRA, case law and ruled that employer NSA could use pre-inductions allegation to deny rights and benefits after reinstatement, however the

15

Chicago Arbitration did not (conflicting rulings).  This is fraud upon the court by DOL/VETS, Conspirators District Judges Norgle, Darrah, Dow and 7th Cir. Judges that ruled in subsequent cases.

47.  Conspirator DOJ refuses to date to investigate the fraud claim (APA), nor will DOJ IG, DOD IG or DO IG investigate the claim.

48. USERRA 4322 Enforcement… states (d) The Secretary shall investigate each complaint submitted….  The DOL has refused to investigate claims submitted against Conspirators NCH, Magna Health Systems, AAOC, US Army or investigate to correct the fraudulent conclusions submitted against NSA in 1997.  The one investigation was littered with fabrications and fraud.

49.  In 2018, Conspirator DOL will only state they "…reviewed the previous action" but refuse to address the fraudulent or new claims, nor will DOJ investigate the fraud or recognize jurisdiction.

50.  The violations of law by any state or federal agency is within the jurisdiction of DOJ involving state or federal law. These fraudulent acts are a violation in the federal law, Constitution, Civil Rights, Conspiracy and others.  The USERRA 4322, Enforcement… states that DOJ has jurisdiction to investigate, however, has refused to date in violation of the APA.

16

51.  In February 2018, filed complaints before Judiciary Committee of the House of Representatives (2009 & 2018) & Senate (2018) yielded no response.

52.  Conspirators Department of Justice (2009 & 20018), Civil Rights Division, Litigation Section and Human Rights and Special Prosecution Section, Department of Defense (2009, 2018 & 2019), Illinois Attorney General (2009 & 2018), IDHR (1994, & 2018), IDFPR (2016 & 2018 and Army Board for Correction of Military (1993, 2009, 2018) have committed fraud, ignored or refused to investigate the claims.

53.  While the Correction Record (ABCMR), produced a fraudulent response and refused to reopen an investigation (Violates APA), Board statute is a "money-mandating" statute in the sense that it requires the government to grant monetary relief to a service member if there exists an entitlement to back pay, see *10 USC 1552 (c), 2.*  It is not Section 1552, but some other statute, such as the *Military Pay Act, 37 USC 204*, that is the source of the right to back pay *Pet. App. A37-A38.*

54.  Claims under *10 USC 1552 (c)* "depend solely upon a *proper application of the statutes and regulations* to the facts as shown by the corrected record in each particular case." *40 Comp. Gen. 180, 183 [emphasis added].*

55. In other words, *10 USC 1552 (c)* does not itself create any new entitlement; it merely provides a mechanism for the payment categories of claims based upon previously existing statutes and regulations [like *AR-145*] which themselves substantively authorize the payment which the applicant was denied due to an erroneous record.

56. Status of Conspirator ABCMR USERRA complaints have been denied, withheld, fabricated, not investigated or ignored, originally filed in 1993, provided the result for 13 years later, May 2009.

57. The ABCMR refused to adjudicate claims in May 2009 citing res judicata and stating time delayed,even though results by ABCMR were fabricated and delayed providing results for 13 years.

58. The claims are protected by USERRA 4311 anti-discrimination and C.F.R. 1002.67 that covers ROTC discrimination.  Currently, have claims 2018 (pending). USERRA claims cannot be denied due to USERRA 4302," Nothing..." qualified or reinstate, no statute of limitations.

59. On April 3, 2019, the ABCMR, case no. AR20190000340 filed in 2018 (accepted after denying for 9 yrs.) states they need additional time to prepare the review properly.

60. The claim primarily is "incorrect date of commission". What is there to prepare for to change a date claim? It will be 40 years in May 2020. The calculations can occur subsequent the date change and are likely to be disagreements and no damages issued and district court has jurisdiction.

61. These are in violations of the *Administrative Procedures Act.* These agencies federal and state of IL agencies have not responded to the complaints or fabricate responses that ignore their jurisdiction, delayed, policy, plan or practice of the agency in adjudicating complaints and the law.

62. Conspirator Department of Justice has not adjudicated any the claims against any agency, DOJ, DOL, DOD, or IL agencies, ABCMR included, person within the agency, judicial officer, corporation or individual for conspiracy, fraud discrimination that are within their jurisdiction whether it's a federal or state law.

63. Conspirator DOJ'S FBI and Human Rights and Special Prosecution have refused to respond to any complaint concerning these issues including torture with RFID and violations of the Constitution, Civil Rights or USERRA by agencies.

64. In *Illinois, Lynch v. SOL, Department of Transportation* appellate stated, "Citizens, not government must police the State Conduct. For example, in IL

the ordinary course of her duties, the Attorney General (Madigan) must investigate all violations of the law relating to civil rights and the prevention of discriminations against persons by reason of race, color [military]... and shall, whenever such violations are established measures". *15 ILCS 2101*.

65. The Conspirator IL AG has ignored the discrimination claims against IDHR IDI and IDFPR that is clearly established.

66. The Conspirator DOJ as ignored claims against Conspirator IL AG failure to investigate and comply with IL law. This is within DOJ's jurisdiction, Civil Rights Section.

67. *USERRA 4321*. Assistance in obtaining reemployment or other employment rights and benefits...

The Secretary... shall provide assistance to any person with respect to the employment and reemployment rights and benefits to which such person is entitled under this chapter. In providing such assistance, the Secretary may request the assistance of existing Federal and State agencies engaged in

Note: These are USERRA Claims, therefore "no statute of limitation" and according to *USERRA 4302, "Nothing Supersedes, Nullifies or Diminishes..."* the rights and benefits of military and civilian employment, INCLUDING Federal or state law, contract, plan, practice, *conspiracy, fraud, fraud upon the court, negligence, suppression or fabrication of evidence, **res judicata (without due process), issue a mandate (to nullify USERRA claims by the 7th Cir.), torture***, acts outside jurisdiction, violations of constitutional or civil rights, a judge, prosecutor, lawyer, a delay (APA), state or federal agency including DOJ, DOD, DOL and IL AG nor a court can deny the rights and benefits of USERRA ONCE EARNED OR REINSTATED.

20

similar or related activities.

68. In Conspirator DOL/ VETS investigation, Conspirator Investigator Dotress Reeves fabricated conclusions and refused to comply with *USERRA 4321 or 4323* and other chapters of USERRA. The DOL refuses to investigate the claim of fraud by Conspirator DOL Investigator Dotress Reeves.  Heather Higgins (2018) DOL/VETS was assigned to investigate a new complaint by DOL, however, after multiple calls has refused to act or respond to any complaint, phone call or letters.

69. *USERRA 4321*. Assistance in obtaining reemployment or other employment rights and benefits…

"The Secretary… shall provide assistance to any person with respect to the employment and reemployment rights and benefits to which such person is entitled under this chapter. In providing such assistance, the Secretary may request the assistance of existing Federal and State agencies engaged in similar or related activities…."

### Basic "the blue print" Background

70. This complaint involves nearly 40 years of discrimination involving over 200 persons or entities known, unknown or unnamed. There has been no uncompromised discovery and one trial that suppressed an Army Regulation

21

crucial to proving, Tartt, the petitioner's, was entitled to be promoted May 1980 by US Army.  There have been over 40 complaints filed and 1 fabricated investigation by DOL/VETS that was exposed with 13 or more misrepresentation of facts.  This has resulted in all state and federal agencies refusing to investigate any complaint filed by the plaintiff or correct any fabricated conclusion by any agency. The district court and 7th Cir. have committed fraud upon the court in 10 cases, even those filed by the USA.

71. Petitioner qualified, according to Early Commission ROTC contract, signed August 1978 at Alcorn State University, Lorman MS. and AR-145 for military promotion to second lieutenant in US Army April 1980, however, was *willfully* delayed 2 ½ years, December 1982. *Ref II C. AR-145 section II 6-12 c.* states "qualify and deny benefits (promotion)" resulting in loss of millions of dollars. "In special cases, the regional commander may waive the requirement of *immediate* commissioning of cadets.  Such waiver **must** be requested by cadet in lieu of applying for appointment...." Cadet Tartt never requested a waiver.

72. This is the blueprint used by every civilian employer from 1996-2009 regarding incomes and other benefits, compounded with abuse and torture by the USA in violation of the *US Constitution, 3rd, 5th, 7th, 8th, 13th, 14th* by the courts, federal agencies, state of Illinois agencies and others.

22

73. For those employers that attempted to defeat USERRA rights by labeling the plaintiff an independent contractor (CA, Magna & AAOC): *Evans v. Mass Mutual Financial Group, 187 I.R.R.M. (BNA) 2664, 158 Lab Gas Par. 1009 2009 WI 3614534 (W.D.N.Y.) Oct 2009*. In the proceeding, Judge Siragusa firmly rejected the employer's arguments of independent contractor and denied motion to dismiss, "...the issue is not how the parties characterized the employment relationship, but rather, is whether plaintiff qualifies as an employee under USERRA based on the economic realities of the arrangement."

74. Furthermore, while all conspirators named as defendants are as a rule, jointly and severally liable for any damages arising from the conspiracy, the plaintiff need not join all conspirators as defendants and may in fact name only one. *Hanover Fire Ins. Co. of New York v. Furkas, 267 Mich 14,21, 255 NW 381 (1934).* As with the judges, state IL and federal agents.

75. The benefits earned for service have been further compromised by "the conspiracy" with benefits earned from health insurance companies, conspirators USAA Insurance, AMA Insurance, Blue Cross/Blue Shield, Harris Bank (2 separate claims discrimination & SSRA), and CCA Restoration.

76. These corporations, like the employers, have conspired by discriminating to further deny the rights and benefits of military and civilian employment earned.

77. As with Conspirators state and federal agencies, and agents, employers Army/ROTC, NSA, NCH, Magna, AAOC & Continental Anesthesiologist (CA) employees concerning the rights and benefits of employment, violated USERRA, Constitution, Civil Rights and other specific discrimination laws.

78. It has been held that parallel conduct of two or more persons or companies may serve as circumstantial evidence of a conspiracy, *McClure v. Owens Corning Fibroglass Corp., 188 Ill. 2d 102 135 (IL 1999).*

79. "In such action, the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tort for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity. *Doctors' Co v. Superior Court (1989 49 Cal. 3d 44, acting Max Incorporate v. Woods (1927) 202 Cal. 675, 677-78).*

80. "Once a conspiracy is established, only a slight connection to the conspiracy is necessary to support conviction...means that a defendant need not have known all the conspirators, who participated in the conspiracy from its

beginning, participated in all its enterprise, or known all its details," *United States v. Brown 587 F.3d 632,642, (6th Cir 2009); United States v. Eppilito 543 F 3d 25, 47-48 (2nd (Cir 2008).* Nurses, doctors, staff and others, named not named or unknown have participated in this conspiracy.

81. The Supreme Court acknowledged in *Bray v. Alexandria Women's Health Clinic 113 S. Ct. 753 (1993)* that the standard announced in Griffin was not restricted to "race" discrimination.

82. Therefore, it is reasonable to assume that *1985(3)* may be used for class-based claims other than i.e. military.

83. It is important to note in *Bray* the US Supreme Court interpretation of the requirement under *1985(3)* that a private conspiracy be one "for the purpose of depriving...any person or "class" of person of equal protection of the laws or of equal privileges and immunities under the laws, the court and mandates "an intent to deprive persons of a right guaranteed against private impairment.

84. In other words, the mere agreement to commit an unlawful act is not actionable, civil conspiracy action is one for damages arising to commit pursuant to the conspiracy. *Fenestra 377 Mich at 593-594; Auto Workers Temple Ass'n v. Janson 277 Mich. 430, 433,198 NW 992 (1924); Krun v. Shepard, 255 F Supp 994, 998 (WD Mich 1996).*

25

## Civil Rights, Title VII

85. In *42 USC 2000 et seq.,* in fashioning remedy for employment discrimination based on race, Congress has granted courts plenary equitable powers under *Title VII, USERRA and 1981.* Title 42 USC 1985 conspiracy to interfere with civil rights, based upon the conspiracy respondents that repeatedly violate plaintiff's civil rights.

86. *Title 42 USC 1983-1986* that provides a federal remedy to anyone suffering from violations of his civil rights perpetrated under color state law, Judicial officers.

87. Cause of Action based upon alleged conspiracy can be posited upon *42 USC 1981 or 1983 Mizell v. North Broward Hospital Dist. (1970, CAS Fla) 427 F2d 468.* As is the case with Judges Darrah and Lefkow, *Tampering 18 USC 1512(g).* In a prosecution for an offense under this section, no state of mind need be proved with respect to the United States or that of law enforcement officer... (k) Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense which was the commission of the object of the conspiracy-denial of rights and benefits.

88. In Title VII or USERRA cases charge racial or military discrimination, in private, non-class action complaint has the burden of proof of establishing prima facie

belongs to a racial minority or military; the plaintiff belongs to a racial minority or military; he applied and was qualified for a position; though qualified, he was rejected and thereafter the employer continued to deny the position or hired a person of another race.

89. Proof of intentional discrimination is not essential to recovery under Title VII. *Scott v. Jackson State University (1980, CA5 Miss) 616 F2d 116.*

90. Aggrieved party may sue directly under 42 USC 2000E-et-seq for discrimination that he pleads unreasonable excuse (500 days without investigation, conclusion or right to sue letter by IDHR) for failure to exhaust remedies, *Waters v. Wisconsin Steel Workers (1970, CA7 IL) 427 F2D 476 (failure to investigate).* Judge Norgle also cited no right to sue letter by IDHR as a reason to dismiss discrimination complaints against NSA and NCH (7960).

91. When lawsuits are brought against federal officials, they must be brought against them in their individual capacity, not their official capacity.

92. Federal [and state] employees may become personally liable for constitutional deprivation by direct participation and failure to remedy wrongs; after learning about failures to remedy wrongs (DOJ, AG and Civil Rights Section), defendants created policy or custom under which constitutional practices occur or negligence in managing subordinates who

27

cause violations (DOJ, DOL/VETS, DOD, IL AG, IDHR, IDI IDFPR)., *Gallegos v. Hagerty, Northern District of New York, 689 F. Supp., 93.*

93. A judge has no immunity for violating a person's constitutional or civil right.

94. *Section 1985(3) under Title 42* reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct. In this case plaintiff has alleged a class-based, invidiously discriminatory animus is behind the conspirators' action as the court record reflect. That actionable cause is the treatment of a non-lawyer pro se litigant as a distinct "class-based subject" of the court, wherein denial of equal protection of the laws and denial of due process was clearly the product of bias and prejudice of the court.  See *Griffen v. Breckenridge 403 U.S. 88, 102 (1971).*

95. There are 10 federal cases since 1993, one trial with suppression and fabrication of evidence, Brady material violation, all others without due process, hearing and violations of FRCP, and FRE that the District Court and 7th Circuit Court of Appeals, like DOJ, attempted to cover-up, obstruct justice, deny constitutional, civil and USERRA rights to protect and provide benefits.

96. *Tartt v USA 93 cv 4550*, Conspirators Judge Conlon, US Attorney Kubic, plaintiff attorney Sheldon Nagelberg conspired to commit fraud upon the

28

court, suppressed evidence, violated constitutional and civil rights to deny rights and benefits of military service.

97.  The defendants, Judge Conlon, Kubic and Nagelberg, collectively, suppressed *AR-145* from the trial with no discovery.  *Army Regulation-145* provide proof that 2 ½ years delay in commissioning was improper and would have resulted in correction of commission date to May 1980, service credit for an additional 14 years, eligibility for retirement at 20 years (2000), back pay, higher rank and continued service in US Army Reserve unless called to active duty.

98.  Conspirator Judge Conlon's ruling was fraudulent in ruling that the plaintiff was a Scholarship cadet.

99.  The plaintiff was a non-scholarship cadet and would have completed obligation at the 1994 trial in 1989 (graduated medical school 1989), therefore, there would not have been an obligation unless the petitioner continued to serve as was the intent in 1978.

100.   Conspirator Judge Norgle (cases *Tartt v. USA 00 cv 6148, Tartt v. NSA 00 cv 7959 and Tartt v. NCH 00 cv 7960)* committed fraud upon the court, 28 USC 455 by denying injunctions to deny rights and benefits, implants and void mutual agreement.

29

101. In *case 00 cv 6148,* Judge Norgle's orders stated neither the USA nor state of IL, IDHR was not the plaintiff's employer, therefore, claims against those defendants were not consistent with USERRA or Civil Rights Act.

102. The Conspirator Judge Norgle ignored that claims were for violations of the Administrative Procedures Act (APA) for "failure to investigate" by DOL/VETS & DOJ and IDHR.

103. The claims against Conspirators DOL/ VETS & DOJ were the origins of case no. *00 cv 7959.* The claims against IDHR were the origins of case no. *00 cv 7960.*

104. In case *00 cv 7959,* Conspirator Judge Norgle committed fraud upon the court by stating case had merit and scheduling a trial that he did not show up for; the trial was scheduled by Norgle, who later called the lack of trial a "failure to progress".

105. In case *00 cv 7960*, Conspirator Judge Norgle committed fraud upon the court by stating the case had merit, then two years later dismissing, stating there was not merit to the claims for "failure to file an EEOC complaint or having a letter to sue."

106. Conspirator Judge Norgle ignored the fact that a IDHR claim was filed and because the claims were federal resulted in (dual) automatic filing of EEOC

30

claims. There was no *right to sue letter* due to IDHR failure to investigate or comply with their policy, practice, state of IL Civil rights Act or the Civil Rights Act in adjudicating the claims against NSA and NCH.

107. The *IL Human Rights Act* requires that IDHR conclude all proceedings and make a finding within 365 days of the perfected charge being filed. The investigator may request that both parties sign an extension of time to give IDHR more time to conduct a thorough investigation of the case. Neither was done by IDHR.

108. Petitioners charge was never modified, nor did IDHR request for an extension and took no action to investigate.

109. Conspirator plaintiff's attorneys, Bridgeforth, Childs, Jr. and Messiah committed fraud upon the court by misrepresenting multiple actions and facts, withdrawing appeal of *00 cv 7959* without consent of the plaintiff, submitting an unnecessary amended complaint after the 7th Cir. ordered (*Tartt v. NCH 03-1558*) the case to be heard.

110. Conspirators Judges Norgle, Darrah, Dow and the 7th Circuit dismissed claims against IDHR, NSA, and NCH for failure to file EEOC claims. The IDHR

Note: Under dual filing: The IDHR uses a standard charge form identical to that used by EEOC for charges arising under its jurisdiction. The IDHR employers are authorized to accept charges alleging violations of federal law (USERRA & Title VII) subject to the jurisdiction of EEOC. Dual filing fulfills the obligation under federal law to file a charge with EEOC.

31

failed to investigate the claims for 500 days. The Illinois General Assembly: Appellate reversed the circuit court and held that the IL Human Rights Act contains clear expression intent to subject the state to suit for violation of the act.

111.    Charge of discrimination with *Dobson v. Dept. of Army, EEOC Nos 531-2012-00413x, 531-2013-00012x (Jan. 10, 2013), an EEOC administrative judge issued a default judgment against the Army for failure to investigate the plaintiff's two formal EEOC complaints within 180 days, as required by 29 CFR 1614. 06(e)(2) and 1614 108 (e).*

"The IDHR…. the agency's deliberate failure to investigate two formal complaints within 180 days (delayed) allowed the codefendant additional time to discriminate, treat disparately, coerce, and deny the benefits of employment and military employment," identical to DOL/VETS investigation.

112.    EEOC is not required for lawsuits brought under *42 USC 1981. Wrenn v. Kansas.*

113.    Conspirator defense attorneys Hucker and Brohman falsely alleged the last amended complaint in case *-7960* (after appeal *03-1558*) was res judicata by

stating that cases 00 cv 7959 & -7960 were identical.  To be clear the cases are not identical: 2 vs 1 defendant, occurred in different years, 2 claims (-7960) vs 3 claims (-7959) and evolved from claims filed with state of IL and federal agencies, IDHR and DOL/VETS & DOJ, respectively.

114.    Both cases had common elements USERRA and Civil Rights but were not identical, therefore this is fraud upon the court by the conspirators, Conspirators Judge Norgle, attorneys Bridgeforth, Childs, Jr., Messiah, Hucker and Brohman to deny the rights and benefits of military and civilian employment.

115.    Attorney Brohman appears to have a special relationship with the courts as everything he falsely alleges is taken as fact rather than the fraud it is.

116.    In case no. *13 cv 8191*, Brohman suggested that he not be required to answer claims against himself and that Judge Dow answer on his behalf to cover-up (obstruct) his fraud upon the court in prior litigation, cases *7959 & 7960.*

117.    Mr. Brohman was a first-time defendant, no answer like 15 others, dismissed without default judgment in case no. *13 cv 8191* before Judge Dow. See *Masters v. Leaver [1999] EWCA Civ 2016* it was held that a judgment in default means just that – it is a judgment obtained due to default.  It does not

mean that the court has agreed with what was claimed, or favor one or another case.

118.  Judge Dow obviously favored the defendants as no defendant answered any claims or cause of action, including judges against their misconduct or fraudulent claims of res judicata without due process in case no. *7960* (with Norgle), Easterbrook (misconduct), Kanne, Ripple or Posner (appeal 04-3939 or any defendant who appeared or didn't appear.

119.  Judge Darrah, counter-claim in *12 cv 1416,* was denied in violation of USERRA 4323.

120.  One of the many bases for conspiracy, fraud, fraud upon the court, obstruction, USERRA, Constitution and Civil Rights claims, or is that just collusion between District Court Judges and Mr. Brohman?

121.  In 7959, the Equal Pay Act of 1963 (EPA)- This law makes it illegal to pay different wages to men and women if they perform equal work in the same way NSA did with employment workplace between 1993-2000.  This is a claim that distinguishes cases *7959* and *7960* as not being "identical".  The EPA was a claim in *7959* only. Drs. Hoffman and Osecky were female peers and always paid more than Dr. Tartt.

122.   Judge Norgle called 7959 and 7960 identical; that would be equivalent to calling fraternal or dizygotic twins identical due to being born on the same day...they are not identical, different zygotes or eggs for the non-medical persons. They can be boy or girl, born on the same day but never identical, therefore, there can never be res judicata as the cases are clearly different.

123.   Neither case had due process, contrary to the testimony of plaintiff's attorney Messiah and defense attorneys Brohman and Hucker. The claims in 7959 & 7960 are clearly different; neither had due process, contrary to the plaintiff and defense attorneys in *appeal 04-3939.* Perjury 18 USC 1621.

### Fraud Upon the Court-Judicial Proceedings

124.   Fraud upon the court, *28 USC 455*, is a crime within DOJ jurisdiction that does not require a motion (contrary to Judge Easterbrook's opinion) however requires the self-execution, automatic disqualifications of a judge and all orders and memorandums are null and void.

125.   In accordance with *28 USC 455* this is a crime, all orders and memorandums are null and void, not in effect, therefore, cases no. *00 cv 6148, -7959 and -7960* must be vacated.

126.   In the misconduct claims filed against Judge Norgle (case no. *07-09-90078*) Conspirator Judge Easterbrook ignored the fraud upon the court, therefore is

guilty of fraud upon the court.  As a result of not correcting, they are guilty of committing fraud upon the court, Conspirator Judge Easterbrook and the Conference (vote not public) is guilty of fraud upon the court.

127.    Conspirator Judges Darrah (*USA v Tartt 12 cv 1416*), Dow, (*Tartt v. Magna 13 cv 8191*) Conspirator Easterbrook and the entire 7th Circuit (*Tartt v Magna 17-1023*) ignored the fraud upon the court, therefore, are guilty of the crime fraud upon the court and all orders are null and void.   Conspirator Judge Easterbrook seems to believe that a motion is required for disqualifying a judge (*order 28 & 29, case no. 17-1023*).

128.    Conspirator Judges Darrah and Lefkow tampered with case *13 cv 7907* (never litigated) in an attempt to deny rights and benefits of employment. Judge Darrah filed a courtesy copy with district court clerk, who opened second "identical "case *13 cv 8191 Tartt v Magna* and Conspirator Judge Lefkow dismissed with prejudice without either case being heard in an attempt to fabricate res judicata.

129.    Tartt filed complaint before Conspirator Chief Justice Easterbrook and a separate claim before Conspirator Chief Justice Woods under the Judicial *Conduct and Disability Act, 28 USC 351-364* that were against Judges Norgle

36

(Easterbrook), Darrah and Lefkow (Woods) that were both alleging fraud upon the court by the judges.

130.    Conspirator Judge Norgle stated two cases filed on the same day that were not identical were identical to falsely create res judicata by the defense after the 7th Cir. merit.  Conspirator Judge Norgle used the two non–identical cases to allege res judicata for two USERRA case that nothing can "...supersede, nullify or diminish," not even res judicata.  Both actions are fraud upon the court, *28 USC 455*, a crime and all orders are null and void.

131.    All cases that followed Judge Norgle's decisions fraudulently stated cases 7959 and 7960 were identical, therefore, all guilty of fraud upon the court.

132.    In misconduct complaints against Conspirator Judge Darrah and Lefkow, Chief Justice Diane Woods stated she could "...not read misconduct into the complaint." This issue was for acts outside the jurisdiction of Judge Darrah's filing of a courtesy copy attempting to create res judicata with Judge Lekow. In appeal of *12 cv 1416, USA v. Tartt, 14-2409* Conspirator Judge Diane Woods (07-14-90064 and -90065) ignored Conspirator Judges Darrah and Lefkow's fraud upon the court, as she did in the misconduct complaint, to deny appeal, therefore is guilty of fraud upon the court, a crime that require the self-execution automatic disqualification of a judge(s).

133.    Conspirator plaintiff's attorneys Bridgeforth, Childs, Jr. and Messiah committed fraud upon the court by misrepresenting multiple actions and facts, withdrawing appeal of 00 cv 7959 without consent of the plaintiff, submitting an unnecessary amended complaint after the 7th Cir. ordered (*Tartt v. NCH 03-1558*) the case to be heard.

134.    Conspirator Magistrate Cole (case no. *12 cv 1416 USA cv Tartt*) committed fraud upon the court, *28 USC 455*, by refusing to allow discovery, called a single sentence in the defendants' counterclaim, and did not get consent to proceed from the defendant, therefore, case was forwarded to Conspirator Judge Darrah.

135.    Conspirator Judge Darrah, denied discovery and the counterclaim against the USA's conspiracy to deny rights and benefit of USERRA, is a violation of USERRA *4323 (a)(2),* therefore, Darrah is guilty of fraud upon the court, *28 USC 455*, a crime.  All orders in case 12 cv 1416 are null and void and must be dismissed.

136.    All of these violations in federal and state law, fraud and fraud upon the court are addressed in "Writ of Mandamus" in much greater details.

137.    The Justices have attempted to suppress, obstruct, cover-up and personally assign themselves to litigation that is presented to the 7th Cir.; in 17-1023,

Easterbrook, Manion and Woods, in particular Easterbrook, who apparently frequently labels appeals as frivolous.

138. Judge Easterbrook's actions in appeal 17-1023 is similar to Judge Posner's confession of bias against minorities and pro se appellants. Judge Easterbrook labels cases frivolous, sanctioning appellants and even lawyers to deny due process.

139. 17-1023 appears to show his bias and modus operandi again by stating a "correction motion" was a motion for recusal (28 USC 455 doesn't require a motion).

140. Frank Easterbrook from: *Portrait of the Next Chief,* "Easterbrook had a reputation for being 'hard-nosed and demanding' during oral argument. See orders 28 & 29.

141. In *Schlessinger v. Salimes, 101 F 3d 519 (1996),* for example, Easterbrook characterized the lawsuit as "goofy" and the appellant's argument as "nutty" before issuing an order to show cause why the appellant and lawyer should not be sanctioned for a frivolous appeal.

142. 17-1023 doesn't even allow oral argument or write a characterization before imposing sanction against a pro se appellant, labeling frivolous and dismissing the appeal.

143.   The cover-up, fraud and obstruction would have been successful except for USERRA *4302*, "Nothing supersedes, nullifies or diminishes....

144.   The 7th Circuit attempted to defeat USERRA 4302 by the issuing of a **mandate** at the conclusion of case no. 17-1023 that bans any future related litigation in the Northern District of IL and 7th Cir. by the plaintiff.

145.   Appears to be fraud, obstruction, violation of Civil, Constitutional and USSERA rights and cover-up by Appellee Easterbrook and the 7th Cir. to avoid their own sanctions and impeachments for violating 28 USC 455, a crime that they could have disqualified or recused themselves (like Justice Fraum) and not a crime. To do that would have brought further attention to "the Conspiracy" if the entire 7th Cir. recused from the appeal.

146.   Quoting Thomas Jefferson, "No man [woman] can be judged in his own cause," therefore, their orders and memorandums are null and void in no effect.

147.   Nor can a judge label a complaint frivolous to cover-up (obstruction) fraud upon the court of other judges as Conspirator Judge Dow, suggested may be frivolous in dismissing District Court case 13 cv 8191 and specifically, Easterbrook, Manion and Chief Woods did in Appeal, *17-1023.*

148.   The filing of *13 cv 8191* contains fraud upon the court of 9 prior cases adjudicated with fraud upon the court, therefore all judges on the 7th Cir. that acted, voted, wrote an order or memorandum are guilty of a crime, fraud upon the court except Justice Fraum, who recused himself. All orders and memorandums are null and void in no effect from the 7th Cir.

149.   Conspirators: Judge Dow, (*13 cv 8191, Tartt v. Magna*) ignored fraud upon the court of Judges Conlon (*93 cv 4550*), Norgle (*00 cv 6148, -7958 & -7960*), Darrah (*12 cv 1416*), and Magistrate Cole (*-1416*), US Attorney Kubic, plaintiff attorneys Bridgeforth, Childs, Jr., Messiah, Herrick, Bruzgul, defense attorneys Hucker and Brohman, the judicial officer's "...conspiracy to deny the rights and benefits of military and civilian employment."

150.   These are crimes, *28 USC 455* and all orders from the state court, Harris Bank v. Tartt, District Court, *93 cv 4550 Tartt v. USA, 00 cv 6481 Tartt v. USA, 00 cv 7959 Tartt v. NSA, 00 cv 7960 Tartt v. NCH (NSA), 13 cv. 7907, 13 cv 8191 Tartt v. Magna,* appellant court, *04-3939 Tartt v. NCH,14 -2409 USA v. Tartt, 17-1023 Tartt v. Magna* all orders are null and void, must be vacated under Rule 60. All judicial officers, including judges, prosecutors and lawyers are guilty of fraud upon the court.

151.   The case filed by IDFPR has been vacated, however, no action by the IL AG, Executive IG or the agency to adjudicate the crime against the lawyer who fraudulently filed the cause of action so that the judge refused to issue an order to avoid fraud upon the court.

152.   Conspirator Judge Dow in *13 cv 8191 Tartt v. Magna* is guilty of fraud upon the court in August 2015 when Dow dismissed the claim against the judicial officer, prior cases, denied motion for default judgment and prior defendants for res judicata, whose orders and memorandums are null and void (*District Court: 93 cv 4550, 00 cv 6481, 00 cv 7959, 00 cv 7960, and 12 cv 1416; 7th Cir: Tartt v. NCH 04-3939, USA v. Tartt 14-2409*).

153.   Conspirator Judge Dow in dismissing judicial officers guilty of fraud upon the court is guilty of fraud upon the court, a crime and all orders and memorandums are null and void according to *28 USC 455*, therefore, case no. *13 cv 8191* is null and void and all orders are in no effect.

154.   Conspirator Judge Dow went a step further in dismissing the claims against the judicial officer by stating "...if the plaintiff believes he can charge a [12 or more] half a dozen federal judges of a crime, he may as well drop his lawsuit now...," that the entire case would be dismissed while ignoring the merit of the claims.

155.    In fact, Conspirator Judge Dow did exactly that and dismissed claims with merit for defendant that did not make an appearance (15 defendants), first time defendants without a response to the claims that resulted in Judge Dow making false statement about the defendants because the defendants did not respond to any complaint filed, therefore, Judge Dow fabricated responses by defendants because they did not make an appearance or know the facts.  This is fraud upon the court, obstruction violations of the Constitution, Civil and USERRA rights and cover-up.

156.    In adjudicating claims, both parties have a right to respond to insure a fair process or risk "a due process violation of the *Constitution 7th and 14th Amendments."*

157.    In addition, Judge Dow stated he did not understand why the plaintiff filed a civil right or USERRA complaint ignoring the original complaint that identified Tartt as an African American, Military Officer (make-up facts and confused by facts).  In three years, Judge Dow did not see that the plaintiff was African American or ask why a civil rights (racial) or USERRA (military) complaint was filed?

158.    Conspirators Judge Dow and the Clerk of the Court claimed FedEx did not deliver the motion and when refiled stated motion denied as unnecessary.

The 7th Cir. initially ignored the video tape of RFID emitting from the plaintiff's body and home. "Not Needed" was added when the issue was raised with the clerk of the 7th Circuit court.  There can never be a fair trial as long as the USA conspirators continue to torture plaintiff.  They must cease and desist the torturing of the plaintiff in violation of the US Constitution, Civil and USERRA rights.

159.    The court must issue an injunction or restraining order to protect the rights and benefits of the plaintiff to adjudicate each meritorious claim, regardless of the belief or appearance that over 200 people and entities have abused and tortured the plaintiff for over 24 years without due process.

160.    In the appeals to the 7th Circuit Court of Appeals, there have been four appeals.  All appeals have either been validated, ignored, fabricated or suppressed in fraud upon the court to obstruct and attempt to cover-up the conspiracies of the District Court to protect themselves and District Court judicial officers from charges of fraud upon the court.

161.    Conspirator Judges Easterbrook, Woods, Posner (who confessed to crime, fraud upon the court for 39 years involving pro se minority plaintiff-NY Times exit interview), Kanne, Ripple, Williams, and Manion, conspired to deny the rights and benefits of military and civilian employment.  The other 7th Cir.

judicial officers appear to be guilty of fraud upon the court, as well guilty for ignoring fraud upon the court in misconduct conference and multiple appeals (except Justice Fraum).

162.    Conspirator Judge Easterbrook, (*appeal case no. 17-2409)* sanctioned the plaintiff for filing a complaint against himself as frivolous and stated that a motion was filed to disqualify or recuse.  In accordance with *28 USC 455*, no motion is required, however, even the <u>appearance requires self-execution automatic disqualification</u> of any judge guilty of covering up the fraud of another judge as he did in the misconduct claims against Judge Norgle and appeal no. *17-1023*.

163.    SCOTUS Justice Kennedy, in *Williams v. Pennsylvania*, "…under the Due Process Clause, there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding defendant's case."  This is true for the 7th Circuit especially Conspirator Judge Easterbrook and Chief Justice Wood, who ignored fraud upon the court in misconduct and bias claim against Judges Norgle, Darrah and Lefkow.

164.    The prohibition appears to be absolute, quoting Justice Kennedy (joined by Ginsberg, Breyer, Sotomayor, and Kagan) '…if that involvement was

'significant' and 'personal,' then the prosecutor (judicial officer) is prohibited from later hearing any aspect of that case as judge.  Kennedy goes on to say, "whether, as an objective matter, the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional potential for bias."

165.    To further support recusal by conspirators, Judges Easterbrook, Manion, Woods and other justices (except Flaum) the Court accordingly held that "an unconstitutional failure to recuse constitutes structural error even if the judge (s) in question did not cast the deciding vote".  See also *Puckett v. United Stated, 556 U.S. 129.*

166.    Conspirators Appellate Justices Manion, Ripple and Williams preside in case no. *03-1558*, Tartt v. NCH et. Al., vacated the dismissal 00 cv 7960 stating the case must be heard.   Justices Manion and Ripple were defendants in *13 cv 8191*.  Both are guilty of fraud upon the court for fabrication of FRCP.  Justice Williams is also, but not a defendant in *8191*, however, has resigned as appellate justice since the appeal.

167.    The conspiracy judicial officers (Judge Norgle, Childs, Jr., Manion, Brohman and Hucker) conspired to fabricate res judicata to have the case dismissed again, rather than litigate the 2004 amended complaint as the 7th Cir. had remanded.  Plaintiff's attorney submitted another amended complaint, and

the defense attorney fraudulently call the amended complaint res judicata due the case no. *00 cv 7959* being identical and the plaintiff's attorney had withdrawn the appeal against the will and consent of the plaintiff.

168.   Again, *00 cv 7959 and 7960* are not identical nor was 7959 litigated, lacked due process, therefore, there cannot be res judicata.  There was no trial in either case, even though the amended complaint in both cases was admitted on the merit by Judge Norgle in 2001 & 2002.

169.   Judge Norgle ignored *C.F.R. 1002.37* by not recognizing NCH and NSA as both employers.  Although during the first hearing January 2001, Judge Norgle asked the question, "Which employer...?"  There were only two defendants, NSA and NCH, however, to discharge the cases only recognized NSA as the employer and IDHR, DOL and DOD as a basis for dismissing APA, Civil Rights and USERRA violations in conducting their investigations, which appears to be an effort to deceive.

170.   In *04-3939*, Justices Posner, Ripple and Kanne wrote "...the second one (case no. *7959*) was dismissed by district court for sake of convenience". What FRCP is that, and why would a meritorious claim (2002 by Judge Norgle) be dismissed for a different case (non-identical).

47

171.    "The remaining suit (7960) dismissed for failure to state a claim, actually was 7959 (contrary to 2001 & 2002 and ruling of merit by 7th Cir, in *03 -1558*). Failure to prosecute was alleged 7959 when neither judge nor lawyers appear for the trial; only Tartt appeared to an empty court room.

172.    Judge Kanne has already confused the two cases. 00 cv 7960 was appealed case no. *04-3939*; the other case was *00 cv 7959, which* was not appealed due to attorneys Child and Messiah withdrawing without informing the Plaintiff in *Tartt v. NSA, 00 cv 7959,* which is the case Kanne is referencing but not part of this appeal.

173.    "Due to oversight, on remand (7960) was dismissed for convenience and Tartt filed a new complaint on remand.  Why would a new complaint be filed on remand when *03-1558* had stated merit in 2001 & 2002 or unknown, motions to dismissed denied? (conspiracy of all judicial officers, judge and lawyers).

174.    Conspirator Judge Norgle, "In this case [*7960*], 2002, although the amended complaint is confusing places the Hospital on notice that the plaintiff is bringing various employment discrimination claims.  That is sufficient to survive a motion to dismiss under *Rule 8, 10 and 12(b)(6)"*.  See Davis, *269 F.3d at 81; Bennett v. Schmidt, 153 F.3d 516 (7th Cir. 1998)* stating further, "I was

48

turned down for a job [promotion] because of race is sufficient to state a claim upon which relief can be granted." Then, later dismissed the case for ss12(b)(6)?

175. The amended complaint was accepted by the district court and subsequently dismissed, however, in 2006 in *04-3939* dismissed the same case for res judicata (7959), failure to state a claim to which relief could be granted. The plaintiff is not deceived, however, and recognizes the fraud upon the court.

176. Appeal no. *03-1558* had remanded *7960* to be adjudicated. On remand, 7960 plaintiff's attorney Childs, Jr and Messiah filed another amended complaint (unnecessary) as the case should have been adjudicated with discovery and a trial based on 2001 & 2002 denial of motion to dismiss.

177. More false statements by Kanne, "July 1993...Tartt an anesthesiologist, entered an employment agreement with NSA...which served as the sole provider of anesthesiology service at NCH". Fact: Tartt signed contract with NCH (2nd employer, *20 CFR 1000.37*) July 1, 1993 and with NSA (3rd employer), July 12, 1993. NSA was not the sole provider of anesthesia services until October 6, 2000, Letter of Mutual Agreement.

49

178. Termination was November 1, 2000 in violation of IL Hospital Act and USERRA. The *IL Hospital Act* requires 60-days' notice. Both NSA and NCH failed to give 60-days' notice.

179. Additional fabrications by Kanne, "Upon Tartt's return in 1996 [December 9, 1996], Tartt and NSA entered into a new employment agreement purporting to resolve those differences."

180. Facts: Tartt returned from leave of absence December 9, 1996, besides reinstatement was to receive rights and benefits of service under the 1993 contract on January 1, 1997. The NSA violated USERRA on January 1, 1997 and refused to provide any rights or benefits according to USERRA or the 1993 contract.

181. In April 1997, NSA threatened to not pay unless the petitioner signed a contract that did not deny any benefits or waiver of any USERRA rights. The contract contains false allegations, reduced pay, denied pension, promotion, vacation, stock, extended those benefits to "3 additional years" and other benefits earn by way of military service. See *Loeb v. Kivo (1948, CA2 NY) 169 F2d 346,* see *Floorl v. Torrington Co. (1948 CA 7, Ind) 170 F2d 487* for demotion & waiver. *Niemeic vs. Seattle Rainer Baseball Club Inc.* concerning waiver, *See USC 4302. Id Perez v. Uline Inc.* concerning additional prerequisites.

182.    38 USC 4302, Nothing.  *Perez v Uline, Inc. (2007) 157 Cal App. 4th 953, 958 holding.*  "The statute plainly states that a contract may not limit the protections of USERRA, which prohibit termination of employment based on membership in the military or performance of military service," that the federal, state of IL agencies and courts allowed **4 civilian employers** to do, "the Conspiracy".

183.    Tartt filed in April 1997 an USERRA complaint with DOL/VETS that was assigned to investigator Dotress Reeves, who delayed until February 1998, when she requested another "identical" complaint be filed in order to investigate the claims to give the appearance that Tartt waited 10 months to file the complaint. This is fraud outside the court.

184.    Kanne fabrication of facts in appeal 04-3939, "On June 21 (year was omitted, possible 2001, 2002 or 2003??, neither Kanne nor his Clerk apparently know), the district court denied the defendants' motion to dismiss and allowed Tartt to amend his complaint, apparently to cure a minor defect (pure fabrication).  False: Why amend a complaint that was accepted?  What was the minor defect or technicality? None of this was an issue in district court.

185.    According to Kanne, Tartt survived 3 motions to dismiss the same claims repeatedly pro se, April 2001, 2002, 2003 or again in 2004 with an attorney and two times in case 7960, 2001, & 2002, pro se, however, there was no discovery or trial in either case.  Maybe upon review this court can figure out what Judge Kanne is saying.

186.    Kanne concluded falsely again: "The only difference between the two suits, as Tartt recognizes, is that later action named the Hospital as a defendant while the earlier action did not." The "later" action (case) was filed 2 minutes after the first, on the same day. Total fabrication; the petitioner has never acknowledged Judge Kanne's statements concerning the filing of *7959 & 7960*.

187.    The so-called acknowledgement of the petitioner's position is the same tactic used by ABCMR alleging, "Tartt admitted he had an active duty commitment," when neither Judge Kanne nor the ABCMR ever had a discussion of the causes of action.

188.    Again, three claims *6148* (falsely appealed by Bridgeforth), and in *7959 & 7960*. In *7959*, USERRA, Civil Rights and Equal Pay Act and two claims in *7960*, USERRA and Civil Rights. Two defendants in *7960* as a result of claims filed with

52

IDHR (failure to investigate, APA) in 1994 and one defendant in *7959* as result of DOL/VETS (fraudulent conclusions) in 1997.

189.   Even if identical, neither would be "dismissed for convenience"; that is not a FRCP, as with *13 cv 7907 and 8191* that were identical.  Case 6148 was a violation of the APA that Judge Norgle somehow concluded Tartt was filing as a complaint against an agency that employed Tartt.

190.   In case no. *13 cv 7909*, Conspirator Judge Darrah used to filed the courtesy copy to create case no. *13 cv 8191* (action outside his jurisdiction).

191.   The Executive Committee of the court ordered to proceed with *13 cv 8191*, even though Judge Lefkow had dismissed with prejudice attempting to have both dismissed for res judicata.

192.   Conspirator Chief Justice Wood could not "read" fraud upon the court in the misconduct complaint.

193.   To date cases *00 cv 6148, 7959, 7960, 13 cv 7907 and -8191* have NOT BEEN LITIGATED, no due process.

194.   Judge Dow dismissed *-8191* due to the plaintiff's refusal to remove all judges from the complaint, August 2015, not the merit of each claim, sighting voluminous complaint (278 pages with 60 defendants, 4 page per defendant and failure to state a claim).

53

195.   The Charlottesville lawsuit is 90 pages against one defendant and that case has not been dismissed for convenience, voluminous, *Rule 8 or 12(b)(6)*.

196.   All cases filed by Tartt complied with the FRCP, however Judge Dow (60 defendants) and Norgle used these technicalities to justify dismissing the claims against defendants.

197.   The claims denied by Conspirator Judge Dow were the same claims plus additional defendants and claims accepted four times by Conspirator Judge Norgle and seven times according to the 7th Cir. and remanded without adjudication.

198.   Clearly, fraud upon the court by the Northern District of Illinois, Eastern Division and the 7th Circuit Court of Appeals.

199.   After being terminated by NSA in 2000, Plaintiff pursued full-time employment with Magna/Ambulatory Anesthesiologist of Chicago (AAOC) and in 2002 with Continental Anesthesiologist, and both denied full-time employment.

200.   Initially, AAOC had offered a salary less than average for peers, and subsequently hired others before and after being offering higher salary full-time employment in 2000. As in 2000, AAOC offered lower benefits compared to peers both before and after Tartt was hired.  In addition, AAOC attempted

to mislead and deceive the plaintiff into thinking an employee hired prior was also offered lower benefits.

201.    That employee actually worked for Mobile Anesthesiology.  This was confirmed while under employment with AAOC by Mobile Anesthesiologist. When the plaintiff called Mobile Anesthesiology requesting to speak to the doctor, the receptionist stated that the doctor "was in the field".  Two weeks later the doctor allegedly was fired and a full-time position was offered to Tartt (2007) by AAOC that was accepted due need the for employment.

202.    Conspirator Continental Anesthesiology was awarded the contract at St. Francis Hospital in July 2003.  Tartt requested full-time employment, however, was denied full-time employment and hired as per diem without benefits. Two months later, was required or be terminated to perform all of the duties of full-time employers, without benefits of full-time employment.

203.    Conspirator Continental Anesthesiology terminated Tartt January 2004 without cause while requiring full-time work and recovering from surgery.

204.    These are violations of USERRA according to Judge Siragusa, Western District of NY, addressing independent contractors.

Case 1:19-cv-01615-TJK    Document 1    Filed 06/03/19    Page 70 of 237

205.  In May 2007, plaintiff accepted the full-time position with Magna/AAOC, the agreement that after 1 year would receive the same benefits as other full-time employees (pre-requisites).

206.  Unfortunately, after one year, July 2008, Tartt's promotion was denied and he filed complaints with Conspirator DOL/VETS in November 2008, March 2009 and June 2009.  DOL/VETS refused to investigate (APA violation and USERRA) before termination. After termination, Employee Support of Guard and Reserves opened an investigation that was concluded without correspondence or contact between conspirator AAOC or Magna, just left a voicemail with the president and closed the case.

207.  Conspirator Magna and AAOC terminated without cause due to merger with another anesthesiology company which would have exposed the pay inequalities and benefits lost by the plaintiff compared to peers.

208.  Concerning, appeal no. *17-1023,* Judge Easterbrook, (Manion and Woods) sanctioned (violates USERRA 4323(h)(1)) and dismissed the case, calling meritorious claims, frivolous (Easterbrook's modus operandi) due to him being a defendant/appellant, then Judges Manion and Chief Justice Woods joined Easterbrook in dismissing the case stating that a "motion to clarify" who the

appellants were could not be sued.  As stated earlier, no motion is required for fraud upon the court.

209.   Conspirator Justice Easterbrook committed fraud upon the court in misconduct and bias complaint no. *07-09-90078*.  Judge Norgle is guilty of fraud upon the court. Therefore, each judge that adjudicated a claim as a non-litigant against Judge Norgle is also guilty of fraud upon the court. Conspirators Judges Darrah, Dow, Easterbrook, Wood (case no. *07-14-90064, -900065*), Manion, Ripple, Wilson, Kanne, and Posner. Justice Fraum, recused himself.

**The Confessions by Retired Judge Richard Posner**

210.   Justice Posner (after retirement) confessed to his guilt of fraud upon the court in an exit interview with the NY Times.   On September 11, 2017, Conspirator Justice Posner in exit interview confirmed "about 6 months ago" prior to retirement (*17-1023* ended in March, 2017) that he "awoke from a slumber of 35 years."  He suddenly realized that people without lawyers are mistreated by the legal system [equivalent to fraud upon the court].

211.   Conspirator Judge Posner goes on to say, "I pay very little attention to legal rules, statutes, constitutional provisions…." He had become concerned with the plight of litigants who represented themselves [pro se] in civil cases, often filing handwritten appeals. Their grievances were real [merit], but the legal

57

system was treating them impatiently, dismissing their case over technical matters. Judges Norgle and Dow are guilty of fraud upon the court for dismissing case over fabricated technicalities.

212.   In the Seventh Circuit, "staff lawyers rather than judges assessed appeals from such litigants, and the court generally rubber-stamped the lawyers' recommendations."

213.   This is a clear confession of fraud upon the court of the Seventh Circuit, including but not limited to Conspirators Posner, Easterbrook, Woods, Manion, Ripple, Kanne, Bauer, Rovner and Williams. Tartt is a minority pro se litigant, who has been mistreated by the District Court and 7th Circuit for 25 years and 10 federal case and 2 misconduct complaints, 1 judicial conference while being tortured for 23 years by the USA without due process or equal protection of the Constitution, Civil Rights, USERRA rights or other laws.

214.   In addition, Conspirator Judge Posner said, "The basic thing is that most judges regard these people as kind of trash not worth the time of a federal judge."

215.   Conspirator Posner and his fellow justices have violated the Civil and Constitutional Rights of minority and pro se litigants for 35 years committing

fraud upon the court with total disregard for the law and constitution. DOJ doesn't respond to claim to establish a class action.

216.   These are the claims that were denied by Conspirator Judge Dow, therefore, Judge Dow is guilty of fraud upon the court when he dismissed the judge defendants in August 2015 and November 2016 in case no. *13 cv 8191.*

217.   The Justice Department refuses to date even to acknowledge the claims or investigate (2009 & 2018), specifically the DOJ, Litigation and Civil Right Sections. It appears a confession doesn't fall within their jurisdiction either.

### SCOTUS Clerk Conspiracy

218.   In appeal no. *17-1023*, Conspirator Judge Easterbrook dismissed the appeal before the appendix was presented to the court, sanctioned Tartt, in violation of 4323(h)(1); then Conspirators Judges Easterbrook, Manion and Chief Woods dismissed the case twice (procedure errors) occurred on motion for rehearing. Tartt then filed a motion with Supreme Court Justice Kagan.   The Conspirator SCOTUS clerk claims the motion to "disqualify the justices for fraud upon the court," never arrived even though it was signed for by to shipping and supply office in SCOTUS before appeal no. *17-1023* ended.  This is fraud upon the court by SCOTUS clerks, specifically, the clerk that handles those cases whose last name starts with a T, Tartt. SCOTUS Clerks, besides denying receipt of

59

documents repeatedly, hung the phone up, would not return phone calls, misrepresented procedure and would not inform of what document exactly reviewed by Justices Roberts and Thomas prior to the appeal being filed.

219.  The motion was resubmitted and Conspirator SCOTUS Clerk falsely stated Justice Kagan did not have jurisdiction

220.  Conspirator SCOTUS Clerk denied another FedEx motion was ever received but somehow found that motion when resubmitted.  The resubmitted motion did not meet the standards (purposeful by the Plaintiff Tartt) of the court and Conspirator SCOTUS Clerk somehow found the first signed motion.

221.  In review, it's not clear what exactly Justice Roberts and Thomas reviewed because the Conspirator SCOTUS Clerk was evasive. Fraud upon the court also extends to the Clerk of the Court.

222.  Fraudulent investigation or lack of an investigation (violates APA) plus fraudulent, biased courts equate to "the Conspiracy" to deny the rights and benefits by the courts, federal and state agencies, as well as employers denying the benefits of USERRA denied while violating Civil and Constitutional Rights.

**USERRA**

223.   Congress enacted USERRA 4301-43353 in 1994 (while Tartt was on active duty) as a recodification of the Veteran's Reemployment Rights Act (VRRA), which can be traced back to 1940. *Section 2021 (b)(3)* of the VRRA provided: "A person who seeks or holds a position described in clause (A) or (B) of subsection (a) of this section shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve Component of the Armed Forces."

224.   Terms 'benefit', 'benefit of employment', or 'rights and benefit' means according to *USERRA 4303,* any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacation, and the opportunity to select work hours or location of employment".

225.   Principles underlying legislation protecting reemployment rights [or employment] of veterans in that one who is called to colors is not penalized on

61

his return by reason of his absence from his civilian job. *Tilton v. Missouri P.R. Co. (1964) 376 US 169.*

226.    One who brings an action to enforce a veteran's re-employment rights under predecessor to statute sues not simply as an employee under collective bargaining agreement but as a veteran asserting special rights bestowed upon him in furtherance of federal policy to protect those who have served in Armed Forces. *McKinney v. Missouri K.T.R. Co. (1958) 357 US 265.* The employee can either sue his employer(s) to be restored to his former position or both. *Kent v. Todd Houston, Shipbuilding Corp (1947, DC Tex) 72 F Supp. 506.*

227.    Individuals who were denied pension benefits in violation of predecessor statute requiring reemployment at like seniority, status and pay of persons who left "other than temporary" position to serve in Armed Forces was entitled to damages. *Akers v. Arnett (1983, SD Tex) 597 F Supp. 557.*

228.    All agencies and courts involved with these employers failed to recognize *C.F.R. 1002.37,* that when asked: Can one employee be employed in one job by more than one employer? Yes. Hucker and Brohman guilty of perjury in hearing 04-3939.

229. Both NCH and NSA are employers of the plaintiff, however, none of the judicial officers have recognized C.F.R. 1002.37 in nearly 20 years of litigation.

230. *C.F.R. 1002.74.* Must the employee begin service in the uniformed services immediately after leaving his or her employer position in order to have USERRA reemployment rights? No.

231. Contradicts DOL/VETS investigation conclusions that state, "leave of absence, was unanimously approved by the Board, August 15, 1994," despite Tartt providing notice June 1994 in writing stating leave was July 18, 1994.

232. The issue of leave is the primary conflict involving employment with NSA and the interpretation of USERRA by DOL and the courts that remains in dispute and must be adjudicated by this court.

233. Tartt did not take leave from NCH, however, was denied the right to practice from August 15, 1994 until December 9, 1996 in violation of Medical Staff Bylaws.

234. Complaint was filed with IDHR, on or about September 26, 1994 that was denied an investigated by IDHR, in violation of IL Human Rights Act.

235. For clarity, reinstatement December 9, 1996 by NCH is a misnomer to state when Tartt was allowed to practice anesthesiology after NCH denied the right in August 1994 (no leave was requested).

236.  NSA delayed until after induction to file Arbitration, September 6, 1994, that was dismissed for being time-delayed, which contradicts DOL/VETS investigation conclusions that allowed post-induction allegation to deny benefits from NSA.

237.  Where employer delays until after employee is inducted before imposing discipline does not affect re-employment rights (as NSA and NCH), to hold otherwise would be to permit employer to schedule grievance and arbitration proceeding after employee had reported for training and service, *Gall v. US Steel Corp. (1984, WD Pa) 598 F Supp 769.*

238.  Veteran was not barred from employment rights where veteran sought reinstatement to his prewar job, manager of firm represented that company had no obligation to rehire him in view of changed circumstances of business and where, on the basis, veteran was induced to sign a contract; whether fraudulently or mistakenly misled, veteran was not barred from relief. *Loeb v, Kivo (1948, CA2 NY) 169 F2d 346.*

239.  Identical actions of NSA's April 1997 fraudulent contract, with the addition of prerequisites to obtain those benefits that have never been provided due to termination without cause, November 30, 2000.

240. For veteran to waive reemployment rights it must be shown that he was aware of rights he gave up and that he fully intended to abandon them. *Loeb v. Kivo id.*

241. Waiver of employment rights must be clearly established. *Niemeic v. Seattle Rainer Baseball Club, Inc. (1946 DC Wash) 67 F Supp 705.* Tartt has never waived any rights, military or civilian contracts.

242. It is rule of law that when someone is held to have waived legal rights, waiver must be clearly established and preparer of contract waiving benefits of re-employment rights must specifically and in letters large enough not to be overlooked by veteran state that he is waiving statutory rights. *Niemeis v. Seattle Rainer Baseball Club Inc. Id.*

243. Tartt has never waived any rights in any contract with US Army, NSA , NCH or any employer. At NCH, the signing of medical staff and bylaws are contracts of employment; See, for medical staff bylaws, *Shahaway v. Harrison (1989, CA 11 Fla) 875 F2d 1529;* refusal to comply with bylaws, *Rodriquez-Erdman v. Ravenswood Hosp. Medical Center, 114 ILL. Dec 576, 516 NE2d 731 & Adkins v. Sarah Bush Lincoln Health Center, 136 ILL Dec 47, 544 NE 2d 733* and contractual relationship, *Garibaldi v. Applebaum 210 ILL Dec. 455, 53, NE 2d 42.*

244.   Vacation rights that employee has earned and would have received as matter of course but for his induction are protected. *MacLaughlin v. Union Switch & Signal Co. (1948 CA3 Pa) 166 F2d 46.* Tartt was denied vacation both while serving and after reinstatement. NSA terminated Tartt without cause, for 1 week excess vacation, November 30, 2000 while denying over 20 weeks while on duty and 4 weeks per year after active duty service.

245.   Veteran's seniority statutes under predecessor to statute, providing that he shall be restored to his former position "without loss of seniority," continues beyond first year after such restoration, which employer is prohibited by same provision from discharging him **without cause.** *Accardi v. Pennsylvania R. Co. (1996) 383 US 255.*

246.   It is crystal clear that <u>demotion is equivalent to discharge</u> (and reasonable interpretation of the effect of transferring to a position paying less money is that it is demotion. *Foorl v. Torrington Co. (1948 CA 7, Ind) 170 F2d 487.*

247.   NSA and NCH (demoted) after reinstating Dec. 9, 1996; NSA demoted January 1, 1997 denying benefits including promotion, stocks, vacation, retirement and others.

248.   The violations of USERRA by NSA and NCH i.e. demotions were ignored or misrepresented in decisions by 7th Cir Judges Kanne, Posner Ripple, District

Judges Dow, Darrah, Norgle and DOL/Vets Reeves fraudulent conclusions to deny rights and benefits guaranteed by Congress.

249.   In decisions by District court, 7th Cir. and DOL/VETS were fraudulent filings by attorney's appellate Messiah, appellee attorneys Brohman and Hucker committing perjury during opening arguments in 04-3939.

250.   "Special attorney" Brohman's fraudulent letters in DOL/VETS investigation, and fraudulent filings before Judges Norgle, Dow and 7th Cir. led to dismissal of cases before them in furtherance of "the conspiracy" to deny benefits.

251.   *Section 4311 (a)* of USERRA provides: "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied *initial employment, reemployment, retention in employment, promotion, or any benefit of employment* by an employer on the basis of that membership, application for service, or *obligation." 38 U.S.C. 4311 (a) (emphasis).*

252.   This is exactly what CA, Magna and AAOC did, also. Continental Anesthesiologist's, David?? worked previously for NSA. Dr. Koikemeister of Magna/AAOC was in training with multiple anesthesiologists of NSA.  David was aware of the USERRA cases before the first interview in 2001. Both

67

employers retaliated and offered no or fewer benefits than peers hired before, with and after Tartt.

253.   The "escalator principle" was first enumerated in the Supreme Court case of *Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275 (1946) (dealing with USERRA predecessor,* the Selective Training and Service Act of 1940) wherein the Supreme Court stated that "[h]e who was called to the colors was not to be penalized on his return by his absence from civilian job.  He was, moreover, to gain by his service for his country an advantage which the law withheld from those who stayed behind...."

254.   Tartt has a debt over a million dollars that no civilian or military anesthesiologist employee demonstrates a clear "statistical" disadvantage compared to peers that is the direct result of denying benefits by employers and the courts.

255.   Thus, he does not step back [with additional 3 months by CA, 1 year by NCH and Magna/AAOC or 3 years imposed by NSA] on the seniority escalator at the point he stepped off.  He steps back on at the precise point he would have occupied had he kept his position continuously during war... or been hired with prerequisites at a position qualified with peers, thus, the employer must reinstate [or instate] the employee to the job that he would have had if the

68

employee had remained "continuously employed" and had not taken the leave, USERRA 4316 (a).

256.    Employers NSA (January 1, 1997) and NCH (December 9, 1996) demoted upon return from military service and subsequent employers CA, and Magna/AAOC.  All FL employer's initial employment has been less qualified position and no raises.  No civilian employer has promoted in 26 years of practicing anesthesiology.

257.    The Army delayed promotion 2 ½ years and denied promotion when ordered to active duty August 15, 1994 that continued throughout active duty service. The result was Maj. Tartt has served his entire military career serving under less ranked officers.

258.    Since being terminated by AAOC/Magna, June 30, 2009, Tartt has only been offered positions that have been inferior to peers and that have denied benefits without cause or no offer.

259.    In the last 3 months Tartt has been inundated with potential job offers. Since 2009, each job pursued found either "unusual circumstances" or violated the law in denying employment. Examples would be Chicago and Ottowa, IL, multiple down state IL and FL employment opportunities.

260. To directly address NSA 1997 contract, *Loeb vs. Kivo 1948 id. Contains 3 years of prerequisite to obtain some of the benefits denied January 1, 1997 due in the '93 contract.*

261. The right to reemployment after a period of military service is derived from section 4312, while USERRA's anti-discrimination provision is found in Section 4311, provides the following: "A person who is a member of…. A uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by any employer on the basis of that membership.". *38 USC.* That membership just has to be a factor, not the only factor.

262. The USERRA case law defines as prescribed above from the law, "benefits of employment" broadly as "any advantage, profit, privilege, gain, status, account, or interest that accrues by reason of employment contract or agreement" *38 USC 403(2). A Case Study of sections 4311 and 4312; Erickson v. United States Postal Service, 571 F. 3d 1364 (Fed Cir 2009).*

263. Concerning DOL/VETS, "… (a) in carrying out an investigation under this chapter, the Secretary (DOL) may require a subpoena, the attendance and testimony of witnesses, and the production of documents relating to any matter under investigation."

264.  DOL/VETS including attorneys Fiore and Granger have refused turn over any documents in support of their fraudulent conclusions, allow assistance or subpoenas. It appears to be there are no retained documents, just a one-day review that may have been destroyed by NSA by "special attorney" Brohman, NSA or DOL/VETS.

265.  Regarding the AG Bauer, the Petitioner is supposed to believe a 13-page letter is the result of 2 ½ years of an investigation by Dotress Reeves, required no documents, attendance, testimony or subpoenas, even if the evidence provided by "special attorney" Brohman conflicted with the Plaintiff.  Seems to be a protective process of the conspiracy rather than due process, no documents, no proof of fraud by "special attorney" Brohman.

266.  Brohman provided DOL/VETS with 2 letters, no evidence, just a review and based their conclusions and did not collect any documents.

267.  DOL scheduled the review meeting when the Plaintiff was on vacation (deliberately scheduled to "avoid conflict" according to Solicitor Attorney Granger).

268.  Investigator Reeves sent an apology letter to "special attorney" Brohman for delaying the initiation of the investigation for 10 months, not the Plaintiff.

Requested after 10 months for Tartt to file a new claim in violation of APA for unreasonable delay.

269.  Attorney Brohman is "special" because everything he states in or out of court is taken as fact, regardless of the evidence, commits perjury in open court and drafts fraudulent documents with agencies and courts.  All claims against Brohman were dismissed by Judge Dow, case no. *13 cv 8191.*

270.  "The statute plainly states that a contract may not limit the protections of USERRA, which prohibit termination of employment based on membership in the military or performance of military service" as a motivating factor as stated above.

271.  The USERRA prohibits employers from placing "additional prerequisites" on returning veterans seeking to exercise their reemployment rights *See USC 4302.  Id Perez v. Uline Inc. (2007)*.

272.  According to Ms. Reeves and contrary to case law, Tartt violated the contract before reporting to duty and even with notice took a leave of absence inconsistent with USERRA and instead gave authority to NSA's Board the right to determine date of leave.

273.  To make matters worse, the Northern District of IL, Eastern Division and 7th Cir. came to the same "identical" conclusion, contrary to the law, USERRA

while violating the Plaintiff's USERRA, Civil and Constitutional rights. *See Gall v. Steel id.*

274.    "Not later than 60 days after the Secretary receives such a request with respect to a complaint, the secretary shall refer the complaint to the AG. If the AG is [reasonably] satisfied that the person on whose behalf the complaint is referred is entitled to the rights or benefit sought, the AG may appear on behalf of, and act as attorney for, the person on whose behalf the complaint is submitted and commence an action for relief…."

275.    The DOL/Vets delayed the investigation for 2 1/2 years, and DOJ US attorney Docket refused to discuss the conclusion or the fact that since the investigation concluded, NSA had committed additional violations of USERRA. Mr. Dockett hung the phone up during the conversation and refused to accept any further calls.

276.    Chief DOL/VET Mr. Wilson replicated the "identical" action, hanging the phone up during a discussion concerning the fraud that is clear on each page (Investigations conclusion letter). We never got past the 1st page before Mr. Wilson hung-up the phone and was unavailable after that call.

277. It appears that conspirators used USERRA case law as a guide to violate USERRA. As each section that applied to the employer was violated, the benefits to be received by the Petitioner were violated.

278. In addition, denied benefits by the providers of that benefit, i.e. health insurers, banks (discrimination & SSRA) and others, to further deny the rights and benefits of employment and USERRA. Petitioner had to pay nearly $100,000 with health insurance and was denied home repairs with home insurance.

279. The refinance mortgage that the Petitioner qualified for 5 times resulted into loss of home through foreclosure. The loan program qualified a person if denied initially and reapplied. Tartt qualified with the first application., however, the mortgage company misrepresented that the Plaintiff does not qualify while receiving unemployment insurance. Tartt presented 5 total applications, and the Department of Treasury (DOT) refused to investigate in violation of APA and DOT policy and practice.

280. Veterans are not barred from bringing action under predecessor to statute against anyone other than the immediate employer, since "necessary party" language allowed veterans to sue others. *Brunnell v. New England Teamsters*

*& Tracking Industry Pension Fund (1980, DC Mass) 486 F Supp 714. (quoting*

*7960 again)."*

281.  One who brings an action to enforce a veteran's re-employment rights under predecessor to statute sues not simply as employee under collective bargaining agreement but as veteran <u>asserting special rights bestowed upon him</u> in furtherance of federal policy to protect those who have served in Armed Forces.  *McKinney v. Missouri K.T.R. Co. (1958) 357 US 265.*

282.  The employee can either sue his employer(s) to be restored to his former position or both. *Kent v. Todd Houston, Shipbuilding Corp (1947, DC Tex) 72 F Supp.*

283.  All clerks of the court including SCOTUS and Appellee Easterbrook have charged over objections and motion by the Plaintiff court costs, fees or taxes, contrary to USERRA 4323 (h)(1) that states, "No fees or court cost may be charged or taxed against any person claiming rights under this chapter."

284.  Judge Easterbrook sanctioned Tartt $1,500 as a <u>tax.</u>  The Appellant had to pay a tax for the appeal to continue, which is another violation of USERRA 4323(h)(1) by the Appellee Easterbrook in case no. *17-1023, Tartt v. Magna.*

285.  It appears the Northern District, 7th Cir. and SCOTUS do not want to recognize these cases, as stated in opening note, as USERRA cases. Clearly,

these acts, to tax, pay fees and costs by the Courts are violations of USERRA 4323 (h)(1).

286. Those violations of 4323 (h)(1) have cost the Plaintiff nearly $10,000 over 25 years of litigation that denied virtually every right and benefit under USERRA guaranteed by Congress. Plaintiff seeks willful damages and costs for violations of 4323 (h)(1).

287. In denying and discharging cases (10) and multiple claims DOL/VETS conclusion letter, DOJ, District Court and 7th Cir., SCOTUS or Congress (House and Senate Judiciary Committees) **do not site 1 section, 1 sentence of USERRA, 4301-4333, Title VI, Constitution or case law, as proof to justify denying either a case or a claim. "The conspiracy" and fraud continues, to deny the rights and benefits of military and civilian employment guaranteed by Congress, after qualifying or reinstatement, for nearly 40 years.**

288. In other words, no court has sited that the Plaintiff violated USERRA. All that has been misrepresented, Tartt took leave, Board approved... notice is not required 4312(b)..., Tartt was reinstated..., Tartt did not file..., Tartt failed to file..., or "dismissed for redundancy and convenience." There are no dismissals or denials that state Tartt violated USERRA 4302, Nothing....4312, or 4323 or

failed to provide notice due to Tartt following the procedure to give (5 requirements to qualify for USERRA) notice, leave, serve, be reinstated.

289.    **Do not site the employer's denial of promotions or violated the '93 contract rights and benefits by NSA or Magna/AAOC or additional prerequisites of the NSA '97 contract are all ignored by DOL/VETS, DOJ and Judge Norgle.  Judge Dow and 7th Cir. denied those claims and against CA attempting to deceive to avoid providing benefits.**

290.    **The violation of '93 contract by NSA, Judge Kanne attempts to deceive and cover-up in memorandum (if he actually wrote, see Posner's exit interview) by Judge Kanne in 04-3939 by stating…, "Tartt signed a new contract…  "sometime later."  Sometime later was 3 months after NSA violated the '93 contract.**

291.    The only violation sited against Tartt is NSA's'93 contract by "special attorney Brohman," **before serving and NO OTHER EMPLOYER HAS SITED A VALID CONTRACT VIOLATION. All claims, to date, are denied by federal and state of IL agencies, the courts including the SCOTUS and Congress.**

292.    **Omitted by DOL/VETS, DOJ and the courts, NSA and Brohman's were ALLEGATIONS in the '97 contract, prerequisites and no waiver of rights that**

were denied by arbitration, therefore, whether true or false are moot

according to USERRA case law and USERRA once reinstated.

293.    By contrast, there are over 50 instances where a judge violated this…,

agencies delayed this…, a claim was ignored…, or produced a fraudulent

document…, violated the law…, attempted to deceive…, suppress…,

fabricated this…, created this…, failed to comply with policy, plan or practice.

294.    To sum it up "the conspiracy" to "deny rights and benefits" is "fraud upon

the court…" over 39 years.

295.    The USERRA is the primary law involved in all of these causes of action. In

return, Plaintiff has provided over 250 case laws and the laws as proof.

296.    The same can be said in discharging causes of action that are abuses of the

Constitution and torture by these branches of the USA government. Not one

word or use of the term torture (first filed in 2001 by the Plaintiff) or RFID, pro

or con, virtually ignored while the Plaintiff continues to be abused and

tortured.  Unbelievable!

### Radio Frequency Implant Devices

297.    To make matters worse, the United States has been abusing and torturing

the plaintiff with Radio Frequency Implant Devices.  Tartt became aware of the

torture at Fort Knox, KY in January 1996.  In 2016, Tartt produced YouTube

videos demonstrating RF emission being detected from body, computers, and bedroom, no other person or bedroom in his home emits RF emissions.

298.   With an estimate in 2015 of 300,000 Americans or 1 in a 1000 being abused and tortured with RFID, besides causing irreparable harm to the individual, could be used to sway a jury's verdict or union's vote of a business, or worse, the outcome of decisions, Appellate Courts, SCOTUS, presidential or congressional elections. There would be no need for the Russians to influence the outcome of an election.

299.   Justice Easterbrook initially ignored the video tape of RFID's.  Tartt then complained to the Appellate Court Clerk, that the videos are not even addressed in any opinion, memorandum or responses by the 7th Cir. and the Court Clerk added, "Video not needed".  Did any justice review the videos that are also posted on YouTube? Is video evidence not admissible?

300.   Nine videos were produced; the first February 10, 2016 demonstrates clear and convincing evidence of radio emissions coming from the plaintiff's body, computer, window and walls.  The videos are consistent with schematic and objective data describe by experts Lars Drudgaard, Jesse Beltran and ex-Naval officer David Voight (Navy trained to torture). No other person, room or device

does the detector detect radio frequency emissions within the Plaintiff's household.

301.   This seems very unusual that a court will not adjudicate a claim of torture, including SCOTUS, a crime and violation of the 13th Amendment, that imposes involuntary servitude, or slavery. Such an accusation should at least be viewed by the courts.  However, to neglect these chaarges seems to be complicit with the crime.

302.   The Department of Justice has ignored these claims as well. Currently, the DOJ has pending reviews by DOJ AG, Human Rights and Special Prosecution Section of DOJ, DOD IG (resolution) and ABCMR.

303.   "Morally, legal administratively misguided; motivated by fear," is a quote from senators on the "CIA Torture report".  This "unclassified" report (500 of 6,000 pages) contains "...systematic, lies, misrepresentations, misleading, illegal and unconstitutional acts of torture."  The "classified" that must be far worse and given the secret abuses that Tartt has suffered from for nearly 24 years.

304.   Former Naval Officer and Annapolis graduate, David Voight, resigned his commission stating his reason as his training in the abuse and torture of American citizens and military personnel.  He describes those abused as

80

"Targeted Individuals". The devices are difficult to detect as their effect mimics clinical diseases according to Lars Drudgaard and Jesse Beltran (RFID experts).

305.   One of their claims is that doctors or authorities, who are prone to claim (without an investigation) that the victim suffers from a "mental disorder."

306.   This is exactly what the IDFPR attorney did on February 10, 2016 without an investigation that coincides with the production of the first RFID video demonstrating RFID emissions being detected from Tartt's body, computer and home.

307.   There was no doctor's evaluation, nor an investigation by the IDFPR. The IDFPR went even further and denied renewal of IL medical license that was not applied for. The IL Attorney General and DOJ refused to investigate the claim.

308.   Conspirator Illinois Department of Financial and Professional Regulation's (IDFPR) actions caused unnecessarily an investigation by the state of Florida and American Board of Anesthesiology. Both found no merit to IDFPR actions.

309.   The IDFPR illegal acts could have resulted in loss of medical license and Board Certification by the state of FL and the American Board of Anesthesiologist. This is fraud upon the court by the 3 lawyers involved, Stewart, Fenton and Forrester.

310. The judge in the case refused to issue an order because he would have been guilty of fraud upon the court. Therefore, Jay Stewart issued the order to not renew a medical license that was not applied for by Tartt.

311. In the case involving Padilla, who was labeled an "enemy combatant", Padilla was denied legal counsel. Tartt has been denied "competent" legal counsel since the origin of legal action in 1993 (over 100 lawyers interviewed). The same is true of Vance and Ertel, who were labeled "security internees". *Padilla v. Rumsfeld Third Amendment Complaint, 542 U.S. (more) 124 S. Ct. 2711; 159 L. Ed. 2d 513; 2004 U.S.L.W. 4584; 2004 Fla. L. Weekly Fed S. 466, or Padilla, Vance, and Ertel Vance v, Rumsfeld, 653 F. 3d 591 (7th Cir 2001),* which relates to the denial of legal counsel while torturing.

312. Tartt has been denied legal counsel and tortured with RFID since 1996 (23 years, irreparable harm) similar to Padilla, Vance and Ertel, while in custody. Former Senator John McCain was a hero for enduring 7 years of torture in Vietnam.

313. The fact that DOJ Special Prosecution and Human Rights Section, DOD and US Army refuses to respond or acknowledge; Senators and Congressmen, including Rubio and Wilson; the 7th Cir. and courts stated "not needed" or denied every motion filed since 2001, including SCOTUS and that District Court

is clear and convincing evidence that the USA is complicit in the use, abuse and

torture with RFID and other devices of Americans without (estimate 300,000 in

2015) their consent.

### A. Injunction

314.  Concerning injunction from USERRA and *15 USC 26*, any person, firm

corporation, or association shall be entitled to sue for and have injunctive

relief, in any court of the United States having jurisdiction over the parties,

against threatened loss or damage by violation of the [USERRA] antitrust

laws....

*315.*  It is a civil rights violation [amended complaint pro se] for a person *(775*

*ILCS 5/6-101, from Ch. 68, par 6-10, Civil Rights Act et seq 2005) Sec. 6-10* or

for two or more to conspire, to (A) Retaliation.  Retaliation against a person

because he or she has opposed that which he or she reasonably and in good

faith believes to be unlawful discrimination.... discrimination based on

citizenship status in employment, or because he or she made a charge, filed a

complaint, testified, assisted or participated in an investigation, proceeding or

hearing under this Act [ or USERRA]; (B) Aiding and Abetting, Coercion.  Aid,

abet, compel or coerce a person to any violation of this Act (C) Interference.

Willfully interfere with the performance of a duty or the exercise of a power by

the Commission or one of its members or representative or the Department or one of its officers or employees....

**State of Illinois Conspiracy**

316.   The Office of Executive Inspector General for the Agencies of the Illinois Governor complaints (August 2018) were filed against IDFPR and IDHR would not investigate and referred the complaints to the agencies.  Neither agencies have taken any action. As a result, Tartt has been denied due process, loss of benefits and denied rights because of IDFPR and IDHR lack of action to correct the fraud upon the court. (APA cause of action).

317.   Illinois Attorney General, like the Executive Inspector General, has refused to acknowledge claims against state of Illinois agencies, IDHR and IDFPR, investigate or respond to any claims filed with their office.

318.   Like DOJ, somehow, has assumed the filing of claims by the plaintiff are requests for legal representation, while ignoring the crimes, fraud, fraud upon the court, and misrepresentations by the agents named, unnamed or unknown to committed the crimes that an investigation would reveal.

## Appointment of Legal Counsel

319.  Therefore, due to the complexity, length and extent of fraud, abuse, and secrets involved at every level of the judicial process that includes torture, fraud, neglect, violations of the Constitution, Civil rights and USERRA, the Court should appoint a competent law firm or counsel with specific expertise concerning government abuse and secrets to represent Tartt in these causes of action.

320.  While continuing to pursue legal counsel, Plaintiff was informed that due to the case involving judicial officials, mainly judges, the average lawyer would be "committing legal suicide" to represent due to the fact no court in the USA would treat them fairly.  The claims have evolved from a few, state of IL and federal laws, to over 30 laws violated by the defendant, "the conspiracy" to deny rights and benefits of military and civilian employment by the USA.

**Technicalities to defeat *USERRA 4302": Nothing supersedes, nullifies or diminishes... and other sections"***

321.  "Pleading in this case is being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities.  Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyer (Conspirators Judge Norgle &Dow definitely missed that) *See*

85

*Haines v. Kerner 92 Sct 594, also Power 914 F2d 1459 (11th Cir 1990. Also See*

*Hulsey v. Owens 63 F3d 354 (5th Cir 1995). Also See In Re: HALL v. BELLMON*

*935 F .2d 1106 (10th Cir. 1991).*

322.   If the complaint contains a conceivable set of facts in support of essential

elements establishing legal grounds, the claim shall not be dismissed,

*Dioguaurdi v. Dyrning 139 F.2d 774 (2d Dir. 1994).* The complaint revealed the

basis stated, "however, inartistically they may be stated, the plaintiff has

disclosed his claim*." Diguaurdi, 139 F.2d at.*

### Rule *12(b)(6)*

323.   Rule 12 (b)(6) does not countenance dismissal based on a judge's disbelief

of a complaint's factual allegations.  In applying the Conley standard, the Court

will "accept the truth of the well-pleaded factual allegations of the Complaint".

324.   Conspirator Judges Norgle and Dow used *Rule 12(b)(6)* to fraudulently

dismiss cases that are clearly fraud upon the court. How can claims be

accepted and not have discovery or a trial? Of 7 district cases, and 1 state case

(foreclosure), there has been no discovery or a trial.  This is fraud, and the fact

that the claims have been repeatedly accepted then dismissed is fraud upon

the court.

325.  In *Ashcroft v. Iqbal, 566 U.S. 662 (2009),* the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, [in this case, NO motion, answer, reply or response by 60 appellees has been offered except one by one defendant removed by Clerk, attorney Herrick] a complaint must contain sufficient factual matter, accepted as *true*, to claim to relief that is plausible on its face."

326.  "By participating in a civil conspiracy, a coconspirator effectively adopts the conspiracy.  In this way, a coconspirator incurs tort liability co-equal with the immediate tort."

327.  In fact, *Rule 12(b)(6)*, a plaintiff may lose the opportunity to participate in discovery, but also lose the right to present affidavits, or..., *Jacob v. Curt, 898 F. 2d 838, 839 (1ˢᵗ Cir 1990).*

### Rule 8

328.  CLAIM FOR RELIEF: A pleading that states a claim for relief must contain:

1)  A short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and claim needs no new jurisdiction support,

2)  A short and plain statement of the claim showing that the pleader is entitled to relief, and

3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

329.  To comply with Rule 8, the entire claim does not have to comply with Rule 8 but the stated claim, "stated grounds for jurisdiction" showing that the pleader is entitled to relief" and a "demand for relief that may include alternative or different relief" like property, position, status, compensatory, punitive or liquidated damages and other "benefits".

330.  Judges Norgle and Dow's dismissal of cases 00 cv 7959, -7960 and 13 cv 8191 was an attempt to deceive the Plaintiff that the claims filed were not consistent with Rule 8 and 12(b)(6) to justify dismissing the cases. The second amended complaints in both filed with Judge Norgle were admitted to the court (trial date, Sept. 2001 with 7959). Stating both were identical validates that argument.

331.  In 8191, Judge Dow's conspiracy with attorneys Pivnik and Brohman validate that claims were valid. Had Mr. Brohman had to answer causes of action, Mr. Brohman would have to continue fraudulent representation of facts or contradict the fraud in cases 7959 and 7960. To avoid guilty of fraud upon the court against Mr. Brohman, Judge Dow and Mr. Pivnik stage a conspiracy.

332.  Therefore, Mr. Pivnik, Mr. Brohman and Judge Dow are guilty of fraud upon the court during a judicial proceeding. The Plaintiff was not deceived by their conspiratorial act, and that is why there were only 2 hearings in 3 years in case 8191. See transcript January 2014.

## The Constitution

333.  In reference to the Constitution, the Fifth Amendment provides in pertinent part that no person shall be "... be deprived of life, liberty, or property, without due process of law...." The conspiracy has deprived the plaintiff of life, liberty and property without due process.

334.  On Due process: *Butler v. Perry, 240 US 328, 36 S Ct 288; Rochin v. California, 342 US 165, 72 S Ct 25, Alr2d 1396.* Discrimination as Violation of Due Process: *Bowling v. Sharpe, 347 US 497, 74 S Ct 693, United States v Moreno, 413, US 528, 93 S Ct 2821.*The conspiracy has discriminated at every level.

335.  *According to the Supreme Court,* the Eighth Amendment to the US Constitution is part of the US Bill of Rights prohibiting the federal government from imposing excessive bail, excessive fines or cruel and unusual punishments, including torture [with RFID}.

89

336. The 5th Amendment says to the federal government that "no one shall be deprived of life, liberty or property without due process of law."

337. The Thirteenth Amendment, provides in pertinent part that "Neither slavery nor involuntary servitude, except as a punishment for crime... shall exist within the United States, or any place subject to their jurisdiction". An act punishable under *Title 18 USC 1584* as a criminal act. Conspirators Judge Norgle, Darrah and Dow denied injunction to cease and desist use of RFID equates to sentencing to involuntary servitude or slavery.

338. The Fourteenth Amendment Due Process Clause and Equal Protection clause (Section 1), expressly declares no state shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty, or property, without due process.

339. The conspiracy, federal judicial officers, DOL, DOD and DOJ, State of IL, AG, IDHR and IDFPR has denied due process and ignored complaints filed of violations of APA, and fraud upon the court of state and federal agency agents.

340. The Fourteenth Amendment, Section 3, provides in pertinent part that "No person shall hold office, civil or military, under the United States or under any State.... who having previously taken an oath...as an executive or judicial

90

officer of any State to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same... *USC 14th Amendment: Tracy v. Ginzberg 205 US 170, 27 S CT 461; Wagner v Leser, 239 US 207, 36 S CT 66; Fuentas V. Shevin 407 US 67, 92 S Ct 198.*

341.   Conspirators Federal judges, US Attorneys, IL Attorneys (including AG) , Military and civilian lawyers have engaged in violating the 14th to further serve the conspiracy to deny rights and benefit of the plaintiff.

342.   In Illinois, *Lynch v SOL, Dept. of Transportation appellate* stated, 15 ILCS 2101 "Citizens, not government, must police the State Conduct.  For example, in the ordinary course of her duties, the Attorney General must 'investigate all violations of the law relating to civil rights and the prevention of discriminations against persons by reason of race, color [military]..., and shall, whenever such violations are established, undertake necessary enforcement measures."

343.   But this presents a conflict, because the Attorney General also has the constitutional duty to act as lawyer to the State agencies *Envt'l Protection Agency v Pollution Control Bd., 69 Ill. 2d 394, 398 (1977).*  Since the person charged with upholding Illinois's civil rights laws, including the IDHR, cannot do

91

336. The 5th Amendment says to the federal government that "no one shall be deprived of life, liberty or property without due process of law."

337. The Thirteenth Amendment, provides in pertinent part that "Neither slavery nor involuntary servitude, except as a punishment for crime… shall exist within the United States, or any place subject to their jurisdiction". An act punishable under *Title 18 USC 1584* as a criminal act. Conspirators Judge Norgle, Darrah and Dow denied injunction to cease and desist use of RFID equates to sentencing to involuntary servitude or slavery.

338. The Fourteenth Amendment Due Process Clause and Equal Protection clause (Section 1), expressly declares no state shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States: nor shall any State deprive any person of life, liberty, or property, without due process.

339. The conspiracy, federal judicial officers, DOL, DOD and DOJ, State of IL, AG, IDHR and IDFPR has denied due process and ignored complaints filed of violations of APA, and fraud upon the court of state and federal agency agents.

*340.* The Fourteenth Amendment, Section 3, provides in pertinent part that "No person shall hold office, civil or military, under the United States or under any State…. who having previously taken an oath…as an executive or judicial

so against (her client), the General Assembly must rely on the people to hold the State accountable for its discriminatory conduct.

344. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State.... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution.... Shall be liable to the party injured... Conspirators Federal judges, US attorneys, IL attorneys, military, and civilian lawyers (the conspiracy).

345. Plaintiff brings action against the conspiracy Conspirators District Judges Norgle, Darrah, Lefkow, Magistrate Cole  and Dow and Appellate Judges Woods, Easterbrook, Manion, Ripple, Kanne, Williams, Rovner, Bauer and Posner-federal judicial officers as well as US Attorneys, and civilian attorneys, pursuant to *Title 28 U.SC 1331*, the district court shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States and *Title 42 USC 1985 (3)* Depriving persons of rights or privilege.

346. According to 9th Cir. "Where the complainant presents solid evidence that the judge's ruling was the result of 'conduct prejudicial (bias) to the effective and expeditious administration off the business of the courts,' *28 U.S.C. 351*

92

*(a),* then such underlying conduct will not be deemed "directly" related to the merits of the ruling...."

347.   The Conspirators judges bias is fraud upon the court due to their actions going directly to the merit of the ruling.  Meritorious claim must never be dismissed due to fraud, or technicalities, is by definition fraud upon the court whether district tax or appellate judges.  Failure to act when fraud upon the court is present to any judge must be acted upon if the court is to maintain a no-bias in adjudicating cases federal, state or tax courts.  All orders and memorandums (10 cases) are null and void, therefore must be vacated.

### Discovery

348.   Discovery: In *Bobo v. United Parcel Service*, the 6th Cir. reversed the grant of summary judgment on two grounds.  The appellate court held that the district court had improperly constrained the plaintiff's discovery and thus prevented him from obtaining discovery there was enough evidence in support of Bobo's case to preclude granting summary judgment for UPS.

349.   Thus far, after 19 years of litigation, there has been no discovery from any case nor has there been a hearing on the merit (due process) of the plaintiff's complaints in courts, federal or state.

## Attorney's Fees

350. "In *Civil Rights Attorney Fees Award Act of 1976*, Congress amended *42 U.S.C. 1988* to permit the award of a reasonable attorney's fee to the "prevailing part..." *Hanrahan v. Hampton 446 U.S. 754 (1980).* Also see *USERRA 38 U.S.C. 432 (c).*

## Rule 60

351. Mistake is a valid relief under *FRCP 60.* Prospective application of the judgment is no longer equitable. Conspiracy subject Judge Norgle to review along with his codefendants and the fact he is an officer of the court, member and Agent of the United States of American Justice Department under Bivens Action, Tucker Act, Civil Rights and the Constitution. Just Show proof; *United States v. Muniz, Reynolds v. United States, Coe v. United States, United States v. Lynah, Heisig v. United States, Spectrum Leasing Corp v. United States.* Civil Rights Wilson *v. Layne, Hall v. Conkin.* Alleging Conspiracy- *Zemsky v. New York City.* Failure to comply with regulation- *Logan v. Zimmerman Bush Co* or *Paratt v. Taylor.*

## Overview of Current Issues

352. DOJ IG M. Horowitz referred the complaints to DOL, DOD, Secretaries and IG while denying jurisdiction of complaints involving APA of those agencies.

353. DOJ AG, Deputy AG and Associate AG referred the claims to DOJ Civil Right, Division Litigation and both denied jurisdiction of color of law violations, fraud, fraud upon the court and labeled incorrectly repeatedly that the claims were "excessive physical force and sexual abuse by law enforcement officers outside their jurisdiction" (went nearly 10 months without signing the documents denying jurisdiction). Refuse to return phone calls as all state of IL and federal agencies in this complaint have done to obstruct, delay, deny investigations and prosecution of crimes against judicial officers.

354. In October 2, 2018, stated "the U. S. Court of Appeals for the 7th Cir., have dismissed your petition" (ignoring fraud on the court by Judicial officer-judges, ruling in their own case as Appellee).

355. The went on to say, "informed you there is no 'conflict of interest, and the frivolous commentary in your motions is not a basis for removal of a judge."

356. First, there was not a motion to remove judges, 2nd the motion was to clarify who the appellees were from District Court case no 13 cv 8191 due to Appeals Clerk omitting defendants from district court; where Judges Easterbrook, Manion, Posner, Bauer, Rovner, Williams, Kanne, & Ripple were defendant.

357.  If the judges were dismissed from district court, then on appeal the Judges are Appellees in appeal, 17-1023 and sued for Civil Right, USERRA and Constitutional violation.  There is no immunity.

358.  The reason it was not a motion is because no motion is required for 28 USC 455. The law requires self-execution, automatic disqualification for fraud upon the court and Judges cannot rule in cases against them.  Therefore, DOJ has jurisdiction to investigate violations of law including 28 USC 455, Constitution 5th & 14 Amendments, Civil Rights, Title VII and USERRA 38 USC 4301-4333. That DOJ has refused to investigate in violation of APA is redundant and applies to all agencies.

359.  DOJ Special Prosecution and Human Rights Section has not responded to complaint of torture (2019) with RFID.

360.  DOL/VETS, Heather Higgins (2018), Dotress Reeves and Samuel Parks (1997) assigned to investigate have refused to conduct an investigation consistent with USERRA in violation of APA, Civil Rights, USERRA and Constitution or allowed any review of final decisions.  Ms. Higgins refused all phone calls.

361.  DOJ's AG Barr, Assistant AG Eric Drieband, Deputy AG Rod Rosenstein have refused to investigate, from March 2018 to present.  These specific claims of federal and state of IL laws discrimination of home and health insurance,

96

military, employment and race claims involving the Northern District of IL,
Eastern Division and 7th Cir. "Conspiracy", that includes Judges, IL AG, Il
agencies, US attorneys, attorneys, US Army, NSA, NCH, CA and Magna, Health,
Medical, Home and Insurance Corp. and other co-conspirators to discriminate,
fraud, fraud upon the court, negligence, obstruction, acts outside their
jurisdiction, quasi judge, prosecutor, negligence to violate state of IL laws,
federal laws including the Constitution, Civil Rights, USERRA, Breach of
contract and violation of APA-failure to investigate.  All within the jurisdiction
of DOJ to investigate, prosecute and represent on behalf of the petitioner if
affirmed by an investigation or court.

362.    The IL AG and Executive Office IL IG have refused to investigate IDHR and
IDFPR.  The IDHR refused to investigate NSA and NCH Title VII and USERRA
complaint in violation of APA.  The IDFPR filed a fraudulent claim to deny a
medical license and simply refused to renew substance abuse application
without explanation.  These are violations of the APA by IL AG, Executive Office
IG. And are crimes by these agencies.

363.    Illinois AG Lisa Madigan, like DOJ, has refused to investigate claims of
conspiracy, discrimination, fraud, fraud upon the court, violation of civil rights,
the state of IL and US Constitution, Insurance that have occurred within the AG

office and IL agency, IDHR, IDI and IDFPR that denied control substance and medical license, home fire, civil and military rights, violation of APA-failure to investigate.  This is in violation of 15 ILCS 2101 that states IG must investigate.

364.   The IL AG believes all complaints sent to the IL AG are for representation and not for the filing a criminal complaint against state agencies. IL AG response alleged Tartt was seeking representation by IL AG.  That is not true. Follow-up letter, IL AG has not responded, the agencies, IDHR and IDFPR have also not responded since the Executive Office of IG forwarded the claims to the state of IL agencies.

365.   All the crimes are within DOJ jurisdiction and all state crimes are within the jurisdiction of state of IL AG and DOJ, both have refused to prosecute and represent in accordance with the law for crimes against the petitioner.

366.   State of IL, like federal courts, issued a summary judgment (no discovery or trial) and attorney Bruzgul refused to show that the Plaintiff had qualified for refinancing with the Treasury's "Making Home Affordable" Program.

367.   The program qualified person applying while collecting unemployment, 2nd time applicant and those employed after falling behind on payments. Tartt qualified with the 1st application due to collecting unemployment; 2nd for being a 2nd time applicant and each application thereafter.

98

368. On one of the subsequent applications realized there was an error and attempted to correct. Harris Bank stated a new application was necessary. With reapplication Harris Bank questioned why there was a reason to reapply due to the law changing and allowed the Bank to not give a reason to reapply. The 5th application, there was no response.

369. Attorney Bruzgul should have prevailed with the 2nd application due the program stating re-applicant qualify and Tartt was employed earning more than $150,000 annually with a $180,000 mortgage that would have a net gross income of $3,000 monthly. The mortgage would have been less than $1,000 monthly. Tartt is not suing the judge due the court was never presented with this evidence.

370. The only reason attorney Bruzgul and Harris Bank are being sued is due to fraud upon the court by both and malpractice by Bruzgul. Judge Dow never addressed the merit of the claim and is being sued for ignoring fraud on the court as a "non-litigant" judge according to 28 USC 455.

371. Collectively, all parties are in violation of USERRA 4302, "Nothing... can deny" and Harris Bank conspired with USSA to cause the loss of home owners insurance. This was done by USAA refusing to send payment for repairs directly to the contractors and sending with the endorses, Harris Bank and

Tartt needing to endorse the checks totaling over $20,000. Harris Bank after agreeing to endorse the checks refused to endorse a $5,000 check and used the money to contribute to the mortgage.

372.   USAA by refusing to renew the home owner's insurance and state of IL Insurance denied the application for failure to complete repairs, like USAA. As stated above DOT refused to investigate BMO Harris bank and foreclosure was filed by Harris Bank that terminated with foreclosure.

373.   The foreclosure was final in May 2009, however, like Childs and Messiah attorney Bruzgul did not inform of the final decision.  Tartt was notified of the decision by Harris Bank contacting in August to schedule a moving date. Contact with attorney Bruzgul, who was evasive and request that the Plaintiff forwarded a letter requesting her resignation as representative. Tartt refused and Bruzgul forward a resignation letter. This is fraud upon the court, conspiracy, insurance fraud, breach of contract, violation of Civil Rights, USERRA and Constitutional rights to due process by Harris Bank, USAA, attorney Bruzgul.

374.   CCA Restoration and Harris Bank to deny benefits of insurance in the repair of home due to a fire.  At completion, the home repairs were incomplete with live wires exposed and the repairs were not up to code.  Il Department of

Insurance refused to investigate (APA) and city of Chicago inspectors (unnamed defendant, APA) would not come to evaluate the work. USAA Insurance agent went on an alleged vacation and USAA refused to send another claims agent or the original agent after his return.

375. The difference in this claim compared to the fire claim was USAA sent all payments directly to the contractor, CCA Restoration, over $100,000. A clear, conspiracy, insurance fraud, breach of contracts in violation of Civil, Constitutional and USERRA rights. CCA did not complete repairs to code.

376. Federal and state of IL courts have as a common denominator fraud upon the court and issuing summary judgment with no discovery or trial, "the Conspiracy."

377. Tax court with Judge Lauer is currently continuing the practice of fraud upon the court and ordering summary judgment at the initiation of Judge Lauer and denying an extension of stay for this case to be litigants violates Constitutional Rights to due process and attempting yet again to supersede USERRA 4302, and in violation of USERRA 4323 (h)(1).

378. Judge Darrah denying counter-claim superseded USERRA 4302 with an education debt that is directly related to being denied benefits by employers, Dr. Luggart, anesthesiologist at NSA, in 1996, paid a similar education debt

101

from benefits earn through employment with NSA and NCH in 3 years. The plaintiff has now accrued a debt of over $800,000 in 2019. In 2006, the debt was approximately $300,000.

## Congressional "Assistance with Federal Case"

379.   Senator Marco Rubio and Congresswoman Fredericka Wilson offices have been uncooperative, and if the lawed allow would be guilty of misrepresentation and fraud in "assisting with a federal agency".

380.   Both offices closed cases while still unresolved, and refused to assist by asking the agencies questions provided by the Petitioner, misrepresented facts, ignored fraudulent documents provided by federal agencies and did virtually everything to avoid the issue of torture with RFID or represent the issue to the public or federal agencies.

381.   A reasonable person might think a member of the Senate Intelligence Committee would want to know about torture of Americans by Americans, a crime.

382.   Senator Rubio, a member of the Senate Intelligence Committee, made lots of noise about Cuba torturing Americans. Not a word about the Plaintiff and refused a face to face meeting with staff or in person. Congresswoman Wilson requests to meet were also declined by her office.

**Radio Frequency Implant Devices**

383.   Concerning RFID, in 2015 according to ex-naval officer trained to abuse "Targeted Individuals" and others, there are over 300,000 civilian and military persons being abused and tortured with implants.  Obviously, a crime to the point the congressional representatives appear complicit with the federal agencies.

384.   If the torture and abuse with RFID does not cease the Plaintiff will have permanent irreversible damage to body and possible lose both lower extremities.

385.   The congressional representatives did not hold any federal agency to their policy, practice, the law or any aspect of this 40-year conspiracy and refused request to speak publicly about RFID.

386.   Senator Durbin and Congressman Quigley's offices did the same "identical" action as the FL representative, being evasive, not following through with agencies and closed cases with no answer consistent with the statutes. At the time Tartt had raised the issue of torture in court, however, their office avoided the subject of torture also.

387.   Senator Durbin requested an outline of events in September 2009.  The outline is proof the military had not discharged Tartt in 2009 as alleged by the congressional liaison of discharge being December 5, 2002, a few days short of the request forwarded to the Army of 20 years. These claims are currently pending before the ABCMR and DOD IG as initially requested to correct in 1993, 26 years delayed (APA).

388.   Only representative that offered assistance was Congressman and former Mayor of Chicago, Rahm Emanuel, after BMO Harris Bank had refused to refinancing my home at 1848 N. Sayre Ave., Chicago, IL to force foreclosure the first time.  This is the "identical" action Harris Bank did in 2009-2010. However, unlike Congressman Rahm Emanuel, DOT refused to assist or investigate claims file to prevent foreclosure and the court issued a summary judgment without Attorney Bruzgul protecting the asset.

### Count 1

389.   Plaintiff is a resident of Miami Gardens, FL.

390.   Plaintiff reincorporates and reinstates previous paragraphs.

391.   Judges Norgle, Darrah, Dow and the 7th Cir. and SCOTUS dismissed or declined part of these causes of action due to some causes of action occurring after the last appeal.

392. The *Administrative Procedure Act(APA), 5 USC 551 et seq.* does not provide an independent basis for subject matter jurisdiction.

393. However, the APA provides a basis for suit when the government unreasonably delays action or fails to act (failure to investigate). See *5 USC 555b) and 76(1)*. Thus, the plaintiff may allege a cause of action. *See Valona v. U.S. Parole Comm'n, 165 F. 3d 508, 510 (7th Cir 1998) (finding "APA... authorized district courts to 'compel agency action unlawfully withheld or unreasonably delays.*

394. The US federal and state of IL agencies, DOL, DOD, DOJ, state of IL AG, IDHR, IDFPR has conspired, discriminated (racial and military), delayed (Violated APA) investigation, ignored complaints, denied complaint (place statute of limitation on USERRA claims), denied jurisdiction, ignored the law, fabricated conclusion, fabricated complaints, delayed complaints, mailed result to wrong address (then erase to address i.e. ABCMR), misrepresented facts, ignored *C.F.R. 1002.61* and attempted to intimidate in order to dissuade the plaintiff from pursuing the rights and benefits of military and civil employment.

395. These are actions contrary and inconsistent with the agencies policy, practice and the laws governing the agencies. It is unreasonable that every

allegation filed with an agency whether federal or state is without merit.  In many cases, there are time-sensitive complaint that are delayed, i.e. IDHR (state of IL) and DOL (federal) or refuses to investigate claims.  While the plaintiff is being tortured simultaneously with RFID, DOD further attempts to persuade the plaintiff in violation of the Constitution.

396.   Plaintiff seeks for violation of APA, and 15 ILCS 2101 from IL AG, Lisa Madigan for discriminating (race & military), compensatory, punitive and liquidated damage for failure to perform duties, delaying, denying investigation of claims, fabricating jurisdiction, not complying with policy, practice, USERRA, Civil Rights Act, IL Human Rights Act, and US and IL Constitution by state agencies:

397.   IDFPR Sec. Bryan Schneider conspired, discriminated (race & military) and fabricated a claim to willfully deny renewal of control license and medical license to deny licenses to practice medicine is state of IL.

398.   The IL medical license was NEVER applied for (applied for waiver of CME); seeks damages, disbarring and sanctions against attorneys Forrester, Stewart and Fenton.

399.   Plaintiff seeks restoration of control substance and medical license, liquidated damages, compensatory damages and punitive damages.

400.    Janice Glenn, IDHR, violated USERRA and Civil Rights in conspiring and discriminating in their policy, practice and failed to investigate claims against NSA and NCH in 1994. IDI did the same with house fire.

401.    Did not comply with *Human Rights Act of IL* by not concluding investigation in 1994, within 180 days or provide a right to sue letter. There action or lack action was to deny rights and benefits of federal laws-USERRA, Civil Rights Act and US Constitution to deny rights and benefits of civilian employment.

402.    Lisa Madigan, IL AG, in claim 2018-CRC-4124 attempted to (2009 and 2018) cover-up and willfully failed to investigate claims against state of IDHR, IDFPR, IL Insurance agency (IDI).

403.    IL Office Executive IG, A. Kwateng and Susan Haling, complaints 18-41612 & 18-4161 in 2018 conspired, discriminated, willfully covered-up and refused to investigate claims against IDHR and IDFPR. Instead forwarded the claims to the agencies and they've done nothing to date.

404.    Plaintiff seeks against IL agencies punitive, compensatory, willful liquidated damages and restoration of control substance and medical license. Tartt NEVER applied for the medical license IDFPR denied; this is fraud upon the court, a crime by the attorneys of the agency, IDFPR.

331.     Department of Labor's Dotress Reeves, S. Parks, Cheryl Santilli, Janet

Granger Richard Fiori, Charles Wilson, Heather Higgins (2018), DOL IG Dahl and

Sec. Acosta (2018) discriminated (racial and military), conspired with

employers and failed to perform duties or investigation for 2 ½ years while

employers NSA & NCH overworked, underpaid, and tortured. *See Fonda v.*

*Gray, 1983 (CA 9) CAL 707 F.2d. 435).*

332.     Clearly, the federal officials in their official duties conspired with

private corporations, individual and other federal agencies and agents to deny

the Plaintiff's constitutional rights to due process of law, and abused authority.

333.     The DOL fabricated investigation conclusions case no. 05-IL-98-

00017-10-R, DOL, the only complaint investigated (ignoring *C.F.R. 1002.74,*

*reporting to duty, C.F.R. 1002.37, 2 employers*) in 1 of 6 complaint, was

fraudulent and refused to comply with USERRA concerning claims, allowed

pre-induction claims to deny benefits in investigations against NSA, denied

investigations against NCH, US Army, ROTC, DOD/Army, and Magna Health

Systems.

334.     Dotress Reeves never allowed the Plaintiff to review and respond to

her conclusion letter.  However, allowed pre-induction allegation to deny

108

rights and benefits; stated falsely bonuses were merit; and ignored the quarterly bonus value.

335.    Plaintiff provided letters proving bonuses were not merit based, retirement provide after 30 days, proof promotion was due in 93 contract (breach of contract) January 1, 1997, denial of health insurance, excessive calls and work schedule, post call working while other were not, percentage, less paid vacation (6 vs. 12 weeks), harassment, torture, excessive complaints during privileges evaluation period, pay deductions for meeting with her and other benefits.  Tartt was never promoted in 7 years (just like FL employer lowering income and not promoting in 8 years).

336.    Ms. Reeves conclusions were reviewed by the listed DOL employees and all refused to discuss the merit in person or on the phone.  Director VETS Wilson hung up the phone after reviewing on the phone the conclusions and refused to discuss after repeated calls and letters.

337.    The Commission found, however, that the Agency was required to provide an opportunity to *review and respond* to the supplemental investigation before the agency makes its final decision.  IDHR, IDI, DOL, DOJ, DOT, nor any agency of the federal or state allowed the plaintiff to participate

in any complaint filed prior to conclusion or review before final decision.

*Harrison v. Dept. of Veteran Afffairs, EEOC Appeal No. 0120121 (May 22, 2021)*

338.     Attorneys Granger and Fiore for violations of APA, fraud outside the court, seeks damages and revoke of their law license, Biven's Act in violation of Title VII, Constitution (due process & equal protection) and USERRA.

339.     DOL violated APA, in *Tartt v. NSA (omitted NCH) IL-2009-00010-10-R, Tartt v. AAOC 2009-00035-10-V* (omitted Magna and DOSC) concluded without contact with any defendant.

340.     *Tartt v. US Department of Army*, DOL violated APA, failed to investigate to correct 1978 ROTC contract, referred to OSC, where plaintiff was denied employment with the US Army by the US Army in violation of USERRA 4311 discrimination in initial hiring of a government employee.

341.     Plaintiff seeks termination and willful liquidated, compensatory and punitive damages for violation of APA against DOL, Sec A. Acosta and its' agents D. Reeves, S. Parks, C. Santilli, R. Fiore, G Granger, C. Wilson, H Higgins, IG S. Dahl and Sec A. Acosta failed to perform duties fraud and protect the rights and benefit of USERRA.

342.     Department of Justice AG Barr, Deputy AG Rod Rosenstein, D. Kennebrew, Assistant AG, Biven's Act, violated APA, discriminated, conspired

110

and failed to perform duties, refused to comply with USERRA, 10 USC 1552(6), Military Pay Act, 37 USC 204 policy, plan and practice to deny promotion to Second Lieutenant in May 1980 in violation of AR-145.

343.    Jeffrey C. Lieb, IDHR, *Biven's Act*, Violating APA, discriminated, conspired and willfully denied USERRA and ignored *C.F.R. 1002.61* to correct the promotion to second lieutenant, fabricated conclusion, fabricated discharge/separation from Army in 2002, fraudulent (false statements) represent statement concerning the plaintiff in 1996 conclusion that the plaintiff received in 2009 to deny rights and benefits of military service. In 2009, imposed statute of limitations on USERRA claims, refusing to reopen claims sighting time delay of USERRA claims (military discrimination), investigate and correct military record.

344.    In 2018, *ABCMR* after congressional inquiry accepted a 3rd complaint concerning promotion, USERRA anti- discrimination *4311, CFR 1002.61*.

345.    In 2019, refused to respond to a request for immediate correction, alleging "first come, first served," to delay taking immediate action for denying rights and benefits of military service for 39 years.

346.    Plaintiff seeks for violation of APA, correction of rank, back pay, with correction, changes plaintiff from Post-DOPMA to Pre-DOPMA qualifying for back pay, rank, retirement benefits and damages.

347.    Plaintiff seeks willful liquidated, punitive and compensatory damages for failure to investigate, fraud upon the court 28 USC 455.

348.    Department of Justice discriminated (racial and military), conspired and failed to investigate (violated APA) complaints against state of IL agencies, AG, IDHR, IDFPR, federal agencies DOL, DOD, ABCMR, DOJ for fraud, color of law, fraud upon the court, failure to investigated, denied jurisdiction violations of USERRA, Civil Rights, US Constitution by those agencies, tampering by those agencies. Seeks willful liquidated, punitive and compensatory damages against AG Barr, Assistant AG Rosenstein and Deputy AG Kennebrew.  Or in the alternative order AG Barr to appoint a special prosecutor to investigate and prosecute this case.

349.    In addition, seeks court order DOJ, Civil Rights Section, FBI, Human Rights and Special Prosecution Section for Biven's Act be compelled to perform their duty (*28 USC 1351*) under the laws to investigate claims against conspiracy of state and federal agencies and other coconspirators.

350.    Seeks injunction for DOD/Army M. Esper & Sec Shanahan to cease and desist torture with RFID, identify those directly involve in placement, location within the plaintiff's body, and remove, use and abuse with the device.

351.    Department of Treasury Sec. Munchin seeks the restoration of home located at Sayre Avenue, Chicago, IL for failure and conspiring to cause the foreclosure of home with BMO Harris for failure to investigate denial of mortgage by the BMO Harris Bank.

352.    The Department of Treasury (DOT) refused to investigate claims (APA) filed against BMO Harris Bank, "Making Home Affordable Program," a violation of APA. Now DOT through the is attempting to supersede USERRA 4302 in Tax Court while denying an investigation within the same agency, selective prosecution.

353.    DOT/IRS has already convicted the petitioner in limiting the ability to travel outside the US in August 2019 by informing the State Department not to renew the plaintiff's passport for an alleged debt of $170,000 prior to the trial.

354.    The Tax Court refused to delay the hearing for 90-180 days.  Instead Tax Judge Lauber suggested a **SUMMARY JUDGMENT** with incorrect tax debt total, NO DISCOVERY, NO TRIAL, selected 3 years of 13 years of paying no taxes

to increase debt, clearly a rush to judgment. Why now, after 13 years no delay, a rush to judgment?

355.     If Judge Lauer issues a summary judgment, the judge will be violating USERRA 4302, Nothing supersedes, nullifies of diminishes… and 4323 (h)(1) that states "no tax against any person claiming rights under this chapter."  Due to Judge Lauer actions to date, am suing Judge Lauer for fraud upon the court for ignoring the allegations as a non-participant litigant and violating USERRA to deny rights and benefits.

356.     Identical actions to Judge Darrah 12 cv 8191 US v. Tartt, in the student loan debt ($800,000), NO DISCOVERY, NO TRIAL, **SUMMARY JUDGMENT** that violated USERRA 4302**.**

357.     How can a federal or state agencies discriminate based on race, Title VII, {or USERRA} against the Plaintiff if not an employee? There are four main types of 1) direct discrimination breaks down into the 3 type of treating someone "less favorable because of race, military…

358.     2) Indirect discrimination is when there's a practice, policy or rule which applies to everyone in the same way but it has a worse effect on some people than others, as Judge Posner (applies to all judicial officers and agencies) confesses to in NT Times in exit interview - pro se and minorities-the

Plaintiff, in his description of 7th Cir. judicial officers. The result is "less favorable result," 40 years of denying rights and benefits by judicial officers and the agencies resulting in a million dollars in debt.

359.      3) Harassment. When unwanted conduct related to race or military has the purpose or effect of violating an individual's dignity or creating an intimidating, hostile, degrading, humiliating or offensive environment for the individual as all employers have created a hostile environment, attempting to intimidate, making offensive statement.

360.      Examples of employer discrimination would be Dr. Koikemeister (MAGNA/AAOC) stated the reason my calls had less doctor and stated earlier was because the Plaintiff had a "black cloud" over his head (these were scheduling issues not a cloud of bad luck to have the plaintiff work longer hours or Dr. Buzogi harassing the Plaintiff to turn the room over quicker when the room turnover was 7 min. (with average time is 30 min.) Or NSA doctor repeatedly paging while at lunch after 15 min. when lunch is 30 min, deducting salary to stop meeting with DOL by NSA.

361.      DOJ Civil Rights calling and cursing the Plaintiff to not file his complaint in 2009 and returning the complaint or when tyrannical Magistrate

115

Cole yelled, screamed and hung up the phone while violating the law and court procedures.

362.     Judges Darrah (deceased) telling to not speak (omitted from transcript) after introduction to intimidate to not state he had been caught filing a courtesy copy in open court to eliminate case no. 13 cv 7907 with res judicial without due process and having conversations with US attorney without the Plaintiff being able to respond (even outside Plaintiff presence).

363.     Judge Norgle threatening to dismiss the case if the Plaintiff did not to stop reading from note to answer his question.

364.     Judge Dow writing the same if the Plaintiff going to sue federal judges and dismissing the case that had merit. Or the use of torture during court proceeding (Knowledge of began in 1996 at Fort Knox KY to present and has been significantly worse during the writing of this complaint while in Europe on vacation- persuade not to file this complaint). 4) Victimization. Does not apply does require an employee-employer relationship.

365.     The plaintiff has worked in hostile environment for 26 years, caught employers tampering with equipment, Dr. Marx and Awatrimani would attempt to humiliate while inducing a patient, nurses have told the Plaintiff to shut up that the patient spoke out against their behavior.

366.    Judge Darrah went a step further in the Conspiracy to eliminate the USERRA debt owed to the Plaintiff.  Conspired with Judge Lefkow in filing a "courtesy copy" to eliminate the debt with res judicata, however, neglected to notice the **X** on the cover of the courtesy copy that proves Judge Darrah, Lefkow and Chief Justice Woods are guilty of a crime of fraud upon the court, conspiracy, and cover-up.

367.    Judge Lauber, conspiracy to increase debt, is conspiring with FL employers plus Judge Darrah's fraud upon the court to force bankruptcy (and the current goal of the conspiracy) to eliminate the MILLIONS and possible BILLIONS of USERRA benefits owed the Plaintiff by the USA CONSPIRACY.

368.    The IRS is discriminating (racial and military) and conspiring to deny rights and benefits (taxes) with summary judgment at the direction of Judge Lueber in case no. 4973-18L is conspiring with Dept. of Education debts and with FL employers.  However, the tax case is moot due to violating USERRA 4323 (h)(1) that states "…no tax against anyone claiming rights under this chapter."

369.    The true motives are the attempt to force bankruptcy to eliminate all USERRA claims, fraud, fraud upon the Court violation of USERRA, Civil Rights and Constitution.

370.     Bankruptcy voids all claims, including USERRA.  The venue is improper and a part of case no. *13 cv 8191* that was dismissed by Judge Dow, November 2016 (rush to judgment, delayed prosecution).

371.     Since 2013, the filing of case no. *13 cv 8191, Tartt v. Magna* and the USA filing case no. *12 cv 1416, USA v. Tartt*, FL employment has gone from 7 (part-time) employers to 1. The one unnamed employer has gone from 12 -15 days per month to 6-8 days per month and allowed a less qualified anesthesiologist to receive those days and hours loss while refusing to provide full-time employment.

372.     After 8 years of employment refused all requests for pay raise, attempting to deceive by having 2 anesthesiologists with no benefits to work as one full-time anesthesiologist with benefits.  That's greater than 50% decrease in income, statistically, incredible or is due to being tortured with RFID and the public interest or as alleged to force bankruptcy and loss of rights and benefits of USERRA.

373.     The USA and state of IL are increasing debt with summary judgments without discovery or trial in federal court, tax court (pending) and state of IL court.  The state court action was vacated, however, IL AG or IL Executive

118

Inspector General refused to investigate and provide license, resulting loss of employment in IL or IDHR fraudulent lack of an investigation (APA violations).

374. This is fraud upon the court in state of IL (the attorneys), district court and 7th Cir. while employment opportunities dramatically decrease, leads to significant loss of right and benefits, and force Plaintiff to file bankruptcy.

375. The Tax Court case should be transferred to this case. This is directly related to this conspiracy, violates *USERRA 4323 (h)(1) & 4302*, "Nothing supersedes…", Civil Rights and Constitution and a defendant in 13 cv 8191, Judge Dow and 12 cv 1416, Judge Darrah. Both Judges are guilty of fraud upon the court.

376. Plaintiff seeks a stay of Tax Court case 4973-18L due to incorrect tax debt and conspiracy to cause bankruptcy by the USA to eliminate USERRA rights and benefits.

377. Essentially, squeezing the plaintiff from both sides to lose all rights and benefits of service in the US Army for 40 years, and civilian employment for 26 years, practicing anesthesiologist. Tortured and bankruptcy due to fraud upon the court without due process.

378. Seeks prosecution and violation of APA by the state of IL and federal agents and agencies named, unnamed and unknown agents for violation of the

APA; awarding willful liquidated, punitive and compensatory damage under the Biven's Act with discovery to compel to perform a duty, *28 USC 1361*, 15 ILCS 2100, stop the obstruction *18 USC 1503, 1508 & 1509* to award damages *28 USC 1509, 28 USC 2680 (h)* for the agencies liability *28 USC 2674*, color of law *18 USC 2422* , breach of contract, conspiracy *42 USC 1981 or 1983* and fraud upon the court *28 USC 455* for 19 years of refusing to represent or investigate claims filed with the agencies,  APA. Racial and military discrimination under Civil Rights Act and USERRA, respectfully.

379.    Award nominal damages for breach of duty, violation of APA and wrongful conduct against federal and state agencies; punitive damages for egregious actions and compensatory damages.

380.    Seeks willful violating APA and liquidated damages, nominal, punitive damages against JoAnne Bruzgul, Harris Bank and DOT/IRS for loss of home, DOT refusal to investigate claims against Harris Bank ultimately leading to summary judgment in state court.

381.    Plaintiff's attorney JoAnne Bruzgul committed fraud upon the court in representation (plaintiff), breach of contract, discriminating (racial and military) and conspiring to cause loss of home at 1848 N. Sayre Ave., Chicago, IL.

382.    Attorney Bruzgol, like Brigforth (6148), Childs and Messiah (7959) and willfully delayed informing until after the appeal deadline passed and resigned, clear is fraud upon the court.  Three cases denied opportunities to appeal by defense attorney.  There obviously was a disconnect between plaintiff and defense attorneys that is fraud, fraud upon the court and malpractice.

383.    Where the violation is considered willful, the court may award liquidated damages or double damages *Serriccho, 606 F. Supp. 2d 265.*

384.    In addition to these monetary remedies, the statute provides the court with "full equity powers… to vindicate fully the rights and benefits" guaranteed by *USERRA 4323*.

**Count 2**

385.    Plaintiff is a resident of Miami Gardens, Florida.

386.    Restates and alleges previous paragraphs.

387.    Judge Conlon in part, Norgle, Darrah, Dow and 7th Cir. including Judges Easterbrook and Chief Woods dismissed these causes of action including USERRA claims.

388.    SCOTUS declined reviewing these causes of action including torture and fraud upon the court.

121

389.    "The Uniformed Services Employment and Reemployment Rights Act

of 1994 (USERRA), as amended, was enacted by Congress and signed into law

by President Clinton on October 13, 1994. Congress amended the law in 1996,

1998, 2000.  USERRA is codified in Title 38, USC, Sections 4301-4333 (38 USC

4301-4333). And 20 C.F.R. 1002 – Regulations under USERRA of 1994.

(a) The purpose of the Act are-

1)  To encourage non-career service in the uniformed services by eliminating

or minimizing the disadvantages to civilian careers and employment which

can result from such service;

2)  To minimize the disruption to the lives of persons performing service in the

uniformed services as well as to their employers, their fellow employers,

and their communities, by providing for the prompt reemployment of such

person upon their completion of such service; and

3)  To prohibit discrimination against persons because of their service in the

uniformed services.

(b) It is the sense of Congress that the Federal Government should be the

model employer in carrying out the provisions of this chapter".

122

*USERRA 4323 "…(b)(d)(2)(A)* Any compensation awarded under subparagraph (B) or (C) of paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter.

(B) In case of an action commenced in the name of the United States for which the relief includes compensation awarded under subparagraph (B)(C) of paragraph (1), such compensation shall be held in a special deposit account and shall be paid, on order of the Attorney General, directly to the person.  If the compensation is not paid to the person because of inability to do so within a period of 3 years, the compensation shall be converted into the Treasury of the United States as miscellaneous receipts

390.	Remedies available and sought by the claim under USERRA include lost wages and benefits caused by the employers' violation, attorneys' fees, and front pay where reinstatement is not a viable option *38 USC 4323(d)(1)(B); Serricchio, 606 F. Supp. 2d 268 (court awarded reservist 1.3 million and reinstatement).*

391.	THE DOD/Army/ROTC violated APA, breached contract and discriminated (*USERRA 4311, CFR 1002.61, AR-145 II section 6-12 c*) and conspired to deny the immediate commission of petitioner after qualifying in April of 1980 in accordance with AR-145. Defense Officer Personnel

123

Management Act (DOPMA), is a United States federal law that for the first-time standardized officer personnel management across the Armed Forces. The Petitioner peers were commissioned on or about May 11, 1980 (pre-DOPMA).

405.   USERRA as Amended 1994 Sec 1002.61. Does USERRA cover member of the Reserve Officers Training Corps? Yes. "He or she is protected under USERRA's anti-discrimination provisions **(4311)** and investigation by DOL under Military Obligation Complaint.

406.   DOL/VETS and DOJ/Office of Special Counsel refused to investigate the claim against DOD/US Army concerning ROTC breach of contract concerning military obligations and USERRA.

407.   For nearly 40 years, the Coconspirators, including DOT (Tax Court presently), DOD, DOL and DOJ have refused correct the date of commission in accordance with *AR-145* and the "Early Commission ROTC contract", signed August 25, 1978.  Petitioner's commission was delayed until December 12, 1982 (post-DOPMA).  The result of the delay has denied rights and benefits that a correction would grant, such as pay, rank and retirement.

408. *Ref IIC. AR 145-1 section II 6-12 c.* In special cases, the regional commander may waive the requirement of immediate commissioning of cadets. <u>Such waiver **must** be requested by cadet in lieu of applying for appointment...</u>

409. In December 12, 1980, DOPMA was sign by the president to unify the code for pay, rank and retirement among the uniformed services. For nearly 40 years the DOD/ARMY and ABCMR have discriminate and conspired to deny the correct promotion date, a benefit protected by USERRA with no statute of limitations and nothing supersedes, diminishes or nullifies...

410. The US Army, in 2019, produce a fraudulent discharge date of December 4, 2000 after congressional inquiry, however, the petitioner communicated with the Army IG in 2009, who claim petitioner had not been discharged (in outline dated September 2009 provided Senator Durbin). Was only able to communicate directly with the Pentagon is due to petitioner being an officer in service. Otherwise, would have been denied as a veteran or civilian.

411. Petitioner offers in support of claim, no veteran organization or contact from Veteran Affairs. In 2014, the Supreme Court) denied veteran application to not pay filing fees (violates 4323 (h)(1)). These are rights of a veteran that have been denied, therefore, cannot be discharged.

412. Plaintiff seeks from the court for breach of contract and correction of the commission date to May 11, 1980 and the awarding of compensatory, nominal, punitive and willful liquidated damages; pay and back-pay; increase in rank, and retirement.

413. Complaint filed in 1993 with the Army Board for the Correction of Military Records violated APA, discriminated, conspired and reached a fraudulent conclusion in November 1996, like DOL/VETS and District Court in *93 cv 4550, Tartt v. USA (Brady material).*

414. This clearly is discrimination and conspiracy to deny rights and benefits of military service by the United States of America. The ABCMR and Army refused to inform the petitioner for 13 years the fraudulent conclusions of ABCMR 1996 until May 2009.

415. Petitioner seeks cease and desist using of RFID and retirement for willful denying credits for service in the Active US Army Reserve of 40 years.

416. It's interesting that the Army can violate the contract twice and no court, or agencies, accepts or adjudicates the claims that are clearly a breach of the contract.

417. The ABCMR stated they had communicated directly with the petitioner, who agreed had an active duty commission. However, in May 1980 when the

126

commission was due, the only choose was the Reserves as the petitioner had not graduated. This is discrimination in accordance with *USERRA 4311* and *C.F.R. 1002.61.*

418.   If granted commission, would have served in the Vicksburg, MS. Army Reserve unit until graduation in 1983 and continued to present (could have been called to active duty based on the needs of the Army, any time after and this would have been served by petitioner).

419.   In December 1982, when the commission was granted, the Petitioner was denied application to a reserve unit due to acceptance to medical school.

420.   The regulation, *AR-145* and Early Commission ROTC contract required the cadet to be granted not less than 6 months before graduation (current commission, December to May-5 months) currently violates the contract (Breach of Contract).

    a.   On April 22, 2019, received letter dated April 17, 2019 from Department of the Army:

       "Assistance Division

       Dear Mr. Tartt [omitted rank]:

          We received your October 15, 2018 correspondence concerning the results of your previous Department of Defense (DoD) Inspector General (IG), complaint and other matters [RFID, torture]. We conducted an inquiry and the results follow:

127

The matter concerning your previously submitted complaint to the DoD IG, would need to address to them directly.  They can be contacted in writing at the address listed below:

U.S. Department of Defense – Office of Inspector General
4800 Mark Center Drive
Alexandria, VA 22350-1500

Further, our inquiry found that in August 1995, you requested from Department of the Army Inspector General (DAIG) regarding delayed commissioning and pay issues.  Subsequently, the IG referred these matters to the Medical Command (MEDCOM) IG Office, who conducted an inquiry and determined that your commissioning was improperly delayed.  Subsequently, the IG referred these matters to the Assistant Secretary of Defense (Health Affairs (OASD (HA)) amended your constructive credit to reflect the correct commission date [What date?].  Further on January 31, 1996, the MEDCOM IG office informed you of the change to your commission date and subsequent adjustment to your military pay [and not rank].

We trust this information will assist you in responding to your constituent.  We provided a copy of this correspondence to the Army Office of the Legislative Liaison (Control ID: 181002AAGBXO).  When contacting this office, please refer to case number DIH 19-0735

Sincerely,

[Signature]
Karen M. Wrancher
Colonel, U.S. Army
Chief, Assistance Division"

[note: DOD IG Gookin office has been contacted multiple times beginning in 1996 and most recently in 2018. The IGhas refused to investigate or respond to phone calls or letters (violates APA) See letter dated October 23, 2018]

421.  This is the **first admission by "this conspiracy,"** of guilt in a cause of action "commission was improperly delayed."  All previous claims or causes of action (25 years of litigation) have been denied by "the conspiracy".

128

422.  This letter serves to confirms the U.S. Army has admitted the U.S. Army willfully delayed the commission [as a 2nd Lieutenant on or about May 11, 1980. The letter omits the date, similarly to Appellate Judge Kanne in case no. 04-3939].

423.  This letter also demonstrates another attempt to deceive, delay and misrepresent facts that Dept. of Army knows are false "...correction of commission date January 31, 1996." and further falsely stated "...the MEDCOM IG office informed you of the change to your commission date..."

424.  This is fraud or fraud outside the court by multiple branches of DOD and the delay will allow the Army to continue to torture with RFID and other abuses that started in January 1996.

425.  The active duty pay plus bonuses should continue to pay back pay for continued torture should be doubled as willful liquidated damages until discharged.

426.  Discharge date will be the day all torture and abuse cease and desist.

427.  The letter is littered with misrepresentation of facts and half-truths; the pay issues were corrected to pay of Lt. Colonel (LTC) and rank of Major.  Pay and rank are determined by the same method, therefore, as stated prior to receiving this letter, rank should have been LTC. This letter omits the rank nor

acknowledges serving under subordinates or willful damages as multiple complaints have stated. Plaintiff rank was on correspondence in 2009 as further proof of discharge conflict, (if discharged in 2002) and not on this letter.

428. The constructive credit is the calculation of pay and rank.  The calculations are the same, therefore, pay and rank should be for the same rank in 1996.

429. The DDD-214, October, 1996, to transfer from active duty to reserve states Commission date as 12 December 1982; was issued 10 months after January 31, 1996 contradicts Col. Wrancher's statement. If corrected, why would the Plaintiff continue to pursue the change of commission date for an additional 23 years and no DOD personnel would state the change.

430. If commission is already corrected, then why not pursue or received retirement benefits after fabricated discharge in December 2002 (22 years of retirement credited service) or May 2019 discharge until torture ceases?

431. The Plaintiff has not received discharge documents for either date and was allowed to discuss matters with the Pentagon, subjects no civilian or veteran would be allowed to do in 2009.

432. Subsequently, 3 cases, 00 cv 6148, 12 cv 1416 & 13 cv 8191, dismissed by Judges Norgle (2000), Darrah (2014), and Dow (2016), appeals to the 7th Cir.

dismissed and SCOTUS refused to review this willful cause of action, if already changed why did the US Attorney state that as fact in her response to that part of the claim?

433.    This letter has purposely omitted date, rank and misrepresented the facts to attempts to re-open Congressional inquiries that were prematurely closed and delay filing this lawsuit.

434.    Congresswoman Wilson and Senator Rubio recommended that Plaintiff should file a lawsuit to eliminate their involvement in these matters and prematurely closed their cases without granting assistance in this matter.

435.    Now, with two cases open are still refusing to open congressional inquiries to insure DOD complies with the law and AR-145.

436.    DOD and other federal agencies stated, according to congressional representative, that due to their refusal to open an investigation the Plaintiff should file a lawsuit.

437.    This classic case of "bait and switch" DOD volunteers to forward this information to the Congressional Liaison with both congressional inquiries closed due to refusal of any agency to open an investigation in violation of APA.  The ABCMR and DOD/Army to continue torture, delays corrections and

benefits, is fraud outside the court, and violations of USERRA, Civil and Congressional Rights.

438.    Contact with the DOD, Sec. Army, Fort Knox IG (in person), U.S. Army IG and DOD IG in 1996, 2009, 2018 and 2019 (partially by this letter) resulted in all refusing to change the commission date or open an investigation. Now, the Army falsely claims the commission date was changed and Plaintiff informed 23 years ago.

439.    Senators Mosely-Braun, Durbin and Rubio, Rep. Quiley, Collins, Emanuel, and Wilson obtained the same results over that time period, beginning in 1992 with no investigation and no change.

440.    Here's the catch, filing a case keeps closed congressional inquiries, not filling a case can re-open and further delay the filing of this case.

441.    Rather than do the corrections immediately, pay the back pay and bonuses, adjust the rank for 39 years and begin retirement pay; rather delay and commit fraud, however, on the contrary, no case would have delayed the matter without civil complaint.

442.    The Plaintiff has written over a 25-30 complaints for multiple sections of DoD dating back to the early 1990's.  Even after multiple, nearly "identical"

complaints, DOD Army IG wants another written complaint (will this be considered "reverse res judicata" or "redundant").

443.   This is action or request is yet another example of "the conspiracy" agencies attempting to deceive and delay (violates APA) the Plaintiff from obtaining rights and benefits.  Col. Wrencher is guilty of a crime whether willing or not, fraud and fraud outside the court.

444.   Simultaneously, the Tax court attempts to supersede, nullify or diminish USERRA 4302 with a tax in violation of 4323 (1)(h), that states "no fees, cost or taxed against any person claiming rights under this chapter."

445.   Plaintiff seeks against the ABCMR U.S. Army, Sec. of the Army, DOD Army IG, MEDCOM IG, DOD IG and DOD for APA, damages under *28 USC 1343 (a)(1) or 28 USC 2680 (h)* conspiracy under *42 USC 1981, -1983, -1985* and obstruction under 18 *USC 1503, 05, 09*, civil rights under *42 USC 1985 (3)* color of law, 1343 (a)(3), 18 USC 2422 breach of contract and fraud upon the court *28 USC 455*.  Correction of willful denied over nearly 40 years in reserve component pay and back pay, 10 USC 627, 5 USC 515, 10 USC 1551. Correction of rank, all for violation of APA and calculation of benefits.  Racial and military discrimination under USERRA and Civil Rights Act.

446. Or in the alternative, have the ABCMR and DOD IG adjudicate the claims and prosecute the claims prior to issuing willful liquidated damages and other damages for breach of contract, however proceeding with willful retirement base pay with constructive credit calculations.

## Count 3

447. Petitioner is a resident of Miami, FL

448. Petitioner incorporates and reinstates previous paragraphs.

449. Judges Conlon, Norgle, Darrah, Dow and the 7th Cir. including Judges Easterbrook and Chief Woods dismissed these causes of action. Clearly, after Dept. of Army's letter dated April 17, 2019, the plaintiff cause of action was fraudulently dismissed and fraud upon the judicial officers for 25 years and multiple complaints.

450. SCOTUS declined to review these causes of action including fraud upon the court.

451. When a judge and other judicial officers violates the civil right and constitution, there is no immunity. They can be prosecuted in their individual capacity for fraud, breach of contract, negligence and fraud upon the court conspiracy under *42 USC 1981 or 1983*, violation of civil rights *42 USC (3)* under color of law 18 USC 2422, and 28 USC 1334(a)(3) with damages under *28 USC*

*2680 (h)* and *28 USC 1343 (a)(1)* and for racial and military discrimination, Civil Rights Act, Title VII, 42 USC 1985 and USERRA 4311.

452.   Qualified immunity applies to federal officials and agents who perform discretionary functions, but may be overcome by showing that their conduct violated a constitutional right. [*Harlow v. Fitzgerald, 457 U.S. 800 (1982).*

*453.*   The plaintiff seeking a damages remedy under Bivens must demonstrate that constitutional rights have been violated, *Davis v. Paassman 442 U.S. 228 (1979).*

454.   Thus, a Biven's defendant is at risk of personal liability including punitive damages, while the government pays all damages in FTCA cases. Procedurally, a plaintiff is entitled to a jury trial in a Bivens action *Carlson v. Green, 446 U.S. 14 (1980).*

455.   *Brady violation(material)* comes from US Supreme Court case Brady v. Maryland, ruled that suppression by the prosecution of evidence favorable to an appellate, who has requested is a violation due process, the Constitution.

456.   In case no. *93 cv 4550, Tartt v. USA*, Judge Conlon went a step further by ruling Tartt was a scholarship cadet required to serve on active duty, when Tartt was a non-scholarship student that could serve either active or reserve or

135

both if called to duty. Even more interesting is that Judge Conlon quoted AR-145 that neither the plaintiff or defense could not find on discovery.

457.   Then with *AR-145* in December 1995, no party would act to correct and in January 1996, the US Army began torturing the plaintiff that continues to present.  Is Tartt in or out of the military and why is he continuing to be tortured?  If discharged, even though torture is illegal, what grounds does the USA have to violate the Constitution's 13th Amendment?

458.   In January 1996, the US Army began torturing the plaintiff that continues to present with Tartt in or out of the military.  Why is he continuing to be tortured?  Either way torture is illegal.  What grounds does the USA have to violate the Constitution's *13th Amendment*?

459.   Subsequent to Judge Conlon's trial, Judges Norgle, Darrah, Dow and the 7th Circuit have conspired and denied the cause of action, therefore, Judge Conlon's fraud upon the court makes Judges Norgle, Darrah, Magistrate Cole, Dow and the 7th Cir guilty of a crime, *28 USC 455*, fraud upon the court, violated Constitution, USERRA and Title VII as all have denied this cause of action.

460.   The court reporter is retired but available, and stated there is no recorded transcript of the trial. It's the understanding of the petitioner, that all federal

136

trial transcripts are preserved, therefore, the court reporter at the very least is guilty of fraud or part of this conspiracy to withhold evidence (Brady material) to deny the rights and benefits of military service; obstruction or cover-up.

461.   Or in the alternative, have the transcript of the trial provided for this trial (discovery).

462.   Plaintiff seeks damages for conspiracy 42 USC 1981, 1985 or 1985 racial (Title VII) and military discrimination (USERRA 4311), color of law 18 USC 2422 and 28 USC 1343 and transcript of trial *93 cv 4550.* For breach of contract, fraud upon the court, 28 USC 455 and malpractice for damages 28 USC 2680 and 28 USC 1343 seeks punitive, nominal, compensatory and willful liquidated from Judge Conlon, plaintiff attorney, Sheldon Nagelberg (breach of contract), US Attorney James Kubic (Brady material), unnamed JAG attorney, and court reporter.

463.   Damages against D. Pieffer (U.S.Army) for perjury in trial, 93 cv 4550, demoting (rank should have been LT. Col), fraud and misrepresentation, stating Army JAG could not represent during transition from civilian to active duty.  Neither the Army nor the ABCMR have corrected pay, back pay rank or provided retirement to date. Plaintiff's pay corrected to LTC as of 1996, however, rank was Major; identical calculation for rank and pay. The case, 93

cv 4550, with Brady material withholding AR-145 and fraud upon the court must be vacated under Rule 60.

464.   All parties are guilty of a crime, fraud upon the court and appropriate action is to sanction and impeach judicial offices, including judges with loss of law license and prosecution of all crimes.

465.   The conspiracy charges can be found under *42 USC 1981 or 1983*; civil rights under *42 USC 1985(3)* under color of law, and Constitution, all of which is within the DOJ jurisdiction.

466.   DOJ has violated APA and refused to acknowledge, investigate, accept the claim or laws, as cause of actions are within their jurisdiction (prior to April 17, 2019).  This is clearly a conspiracy and all parties, judges, attorneys and DOJ agents (*18 USC 2422,* color of law) are guilty of fraud upon the court, *28 USC 455.*

**Count 4**

467.   Plaintiff is a resident of Miami Gardens FL.

468.   Plaintiff restates and incorporates previous paragraphs.

469.   Judges Norgle. Darrah, Dow and 7th Cir. including Judges Easterbrook and Chief Woods dismissed these causes of action including USERRA claims.

470.   SCOTUS declined to review these causes of action including torture and fraud upon the court.

471.   Conspirator Judge Norgle presided over three cases initiated in *2000, 00 cv 6148 Tartt v. USA, 00 cv 7959 & 7860* (filed on the same day). Judge Norgle dismissed all three case without due process while committing conspiracy and discrimination (racial and military) fraud upon the court for labeling federal and state agencies as employer in 6148, therefore not entitled to USERRA rights and benefit.  Also, Norgle refused to recognize NCH as employer, contrary to *USERRA C.F.R. 1002.37 in 7960*.

472.   Seek damages against attorney Bridgeforth for discriminating and conspiring to commit fraud upon the court, malpractice, deceiving and denying SCOTUS of case no. 00 CV 6148. See below.

473.   The cause of action was against DOJ, DOD/VETS for violations of APA, failure to investigate.  In *7959 and 7960*, Judge Norgle attempted to deceive and labeled the cases as Identical.  In 2002 & 2004 denied motions to dismiss simultaneously in both cases.

474.   In *7959* set a trial without discovery, however, Judge Norgle failed to appear for the trial, no due process, subsequently dismissed the case for failure to file an EEOC complaint, and *12(b)(6)* failure to state a claim.  The

motion to dismiss in 2001 & 2002 was identical, produced a joint motion by Hucker and Brohman (NSA and NCH) was denied but their allegations used to dismiss case-Fraud upon the court.

475.  How can the same case be dismissed for the same claims denied dismissal and not be fraud upon the court? In adjudicating the case violated the plaintiff's Constitutional, Civil Rights, USERRA Rights. Plaintiff attorney Bridgeforth, Childs and Messiah committed fraud upon the court by missing deadlines, failure to follow through on appeal of *6148 and 7959* without informing the petitioner until after 30 days.

476.  In 7960, Conspirator Judge Norgle denied motions to dismiss in 2001 & 2002 of an alleged identical case to *7959* then dismissed the case without due process. On appeal *03-1558*, Judge Manion, Ripple and Wilson, the 7th Cir remanded the case to be heard. While justifying dismissing 7959 for FRCP, "for redundancy and convenience." Convenience for whom? Both cases had merit in 2001 & 2002.

<u>What FRCP? "Dismissed for Redundancy and Convenience"</u>

a. Why wasn't 13 cv 7907 dismissed when Judge Darrah filed 13 cv 8191? They were "identical cases, due to 13 cv 8191 being the courtesy copy sent to Judge Darrah with an "X" on the cover; fraud

upon the court for acts outside the jurisdiction of Judge Darrah, a crime, therefore, case 12 cv 1416 should be null and void and dismissed for Rule 60.  How can a criminal judge adjudicate a case.

b.  The fraud occurred before 1416 was final. Clearly, Judge Darrah was biased, however Chief Justice Wood could not "read" that in to the misconduct claim, therefore guilty of the same crime.

477.   In appeal 04-3939, rather than hear the case on remand, unprovoked and without a court order from Judge Norgle, plaintiff's attorney Childs, Jr. and Messiah filed an amended complaint that the defense attorneys, Hucker and Brohman in joint motion, fraudulently labeled res judicata even though neither case had due process, both were USERRA cases, filed on the same day, therefore, all are guilty of filing false claims, fraud upon the court.

478.   It appears *04-3939* the court ignored *03-1558* merit in claim *7960* and affirmed the false claims of res judicata by Hucker and Brohman. Somehow, plaintiff attorney Messiah (attorney for 2 ½ years), during the proceedings, committed perjury, forgetting how two non-identical cases were not identical (3 claim vs 2 claims, 2 vs 1 defendant and most important occurring at different years).

479.  One claim arose from DOL/Vets-7959 with 3 causes of action and the other arose from IDHR-7960 with 2 causes of action.

480.  Attorney Brohman, Hucker and Messiah committed perjury; Hucker stated Tartt was never an employee of NCH, Brohman the same and claimed that 7959 was final even though there had been no due process in either case (7959 & 7960) and Messiah clear knew the difference between the two cases as it was discussed the night before. If not, could have asked the Appellate Tartt, during the break stating, "I know the difference." A review of the transcript is offered as proof.

481.  The only identical entities were 7959 & 7960, filed on the same day with two charges in common, Civil Rights and USERRA and one case, 7959 had Equal Pay Act, definitely not "identical" cases.

482.  In appeal no. *04-3939,* Posner, Ripple and Kanne (fraud) did not know the cases were filed on the same day ("some time later") quoting Kanne's memorandum to justify res judicata, "without due process".

483.  Can two non-identical cases bar each other for res judicata without due process, filed on the same day?  Why did Judge Norgle delay ruling on *7960* after dismissing *7959*, if identical? To deceive is fraud upon the court.

142

484.   Why did defense attorneys Childs and Messiah withdraw the appeal of

7959 without consulting Tartt and wait 30 days to inform the plaintiff and

waited 7 months to inform of decision in appeal of 04-3939?

485.   To deny rights and benefits of civilian-civil rights and military-USERRA

employment in 2 non-identical cases filed on the same day with fraud upon

the court, therefore cases 00 cv 7959, 7960, appeal 03-1558 and 04-3939 must

be vacated under Rule 60.

486.   Government officials are personally liable for failure to remedy wrong

neglect, conduct deemed to have violated the constitution, (due process &

APA).  *Gallegos v. Hagerty, NDNY, 689 F. Sup. 93; Harlow v. Fitzgerald, 457 US*

*800 (1982)*.

487.   "A judgment rendered in violation of due process ( 7th and 14th

Amendments) is void in rendering State and is not entitled to full faith and

credit elsewhere." *World Wide Volkswagen Corp v. Woodson 444 US 204 217*

*(1980)*.  Judges repeatedly denied due process to obstruct and cover-up fraud

upon the court in dismissing causes of action and complaints listed above.

488.   The judges, especially Norgle, through their private conduct in the

conspiracy with lawyers, caused the Court to effectually sentence this plaintiff

to "Compulsory Involuntary Servitude, a slave," an act punishable under title

143

*18 USC 1584* as a criminal act. This is amplified by the USA torturing the Plaintiff without due process and violates the 13th Amendment of the Constitution (video proof).

489. "Absent unusual circumstances, such as misinformation or new material evidence, …will not reinstate an appeal once it has been withdrawn *Caraciolao v. Office of Personnel Management*. However, it is appropriate to reopen an appeal in the interest of justice, "particularly where evidence is of such weight as to warrant a different outcome," and the appellant has exercised due diligence in seeking reopening." This is true for the appeal of 6481 and 7959 or vacate district court dismissal under Rule 60.

490. Conspirator Attorneys Bridgeforth withdrew and misrepresented the appeal of case 6481.

491. Childs, Jr. and Messiah withdrew appeal of 7959 both without informing the Plaintiff until after 30 days to eliminate any opportunity to appear Tartt v. USA, 00 cv 6481 and Tartt cv NSA 7959. This is the most egregious activity of plaintiff attorneys.

492. Two meritorious cases eliminate against the USA and NCH, both being sued due to USERRA 4302 uniqueness that nothing can eliminate. This is criminal 28 USC 455 fraud upon the court.

144

493. In 7960 and appeal 04-3939, attorneys are guilty of fraud, fraud upon the court in the conspiracy to deny rights and benefits of military (USERRA) and civilian employment (Title VII).

494. This is fraud, malpractice conspiracy and fraud upon the court that are crimes within DOJ jurisdiction (APA, refuse to investigate).

495. Plaintiff seeks termination of law license and damages nominal, compensatory, punitive and willful liquidated damages against Hucker, Brohman, Bridgeforth, Messiah and Childs, Jr. In the case of Bridgeforth, her license has been revoked is allegedly why she withdrew from the cases.

496. Attorney Herrick, an USERRA expert, in 2009, discrimination (racial, Title VII and military, USERRA), conspired and committed fraud upon the court outside the court and produced fabricated documents to deceive and persuade the Petitioner from filing case 13 cv 7907, Tartt v. Magna and withdrew representation on the same day the USA filed 12 cv 1416 USA v. Tartt.

497. Attorney Herrick thought the Petitioner had lost the termination letter and sent a fraudulent copy with a different date.

498. Judge Darrah actions in 1214 allowed the government to "supersede" USERRA 4302 for benefits owed the government. This occurred after

reinstatement and violations of USERRA by Army, NCH, NSA, CA, Magna, and other employers.  Therefore, must be vacated under Rule 60.

499.   Attorney Bruzgul discriminated (racial, Title VII and military, USERRA) conspired and committed fraud upon the court in state of IL Court, causing the loss of home through foreclosure of home at 1848 N. Sayre Ave., Chicago, IL.

500.   Plaintiff seeks damages 1*8 USC 1343(a)(1)* and *28 USC 2680(h)* punitive, nominal, compensatory and willful liquidated, liability *28 USC 26754, 42 USC 1981, 1983 1985* and USERRA 4311.

501.   Conspirator Judge Easterbrook in misconduct and bias case no. 07-09-90078 guilty of fraud, fraud upon the court, cover-up, obstruction of justice, violation of Constitutional, Civil Rights (racial) and USERRA (military) in denying conspiracy of district court to covering–up bias and misconduct claims and the conference to cover-up District Court conspiracy 42 USC 1981, 1983 or 1985, fraud upon the court, 28 USC 455, obstructing justice 18 USC 1503, -05 & -09, liability 28 USC 1343 28 USC 2680, 28 USC 1361 to compel to perform duty to cover-up a crime of Judge Norgle in misconduct claim and cases 00 cv 6482, -7959,  -7960, and appeal 17-1023.

502.   All judicial officers are guilty conspiracy, fraud, fraud upon the court, negligence, obstruction, cover-up, violations of the Constitution, Civil Rights

and USERRA to deny due process, involuntary servitude (a slave), torture, denied protection of equal rights. It's like a "domino effect" one after the other and so on.

503. Plaintiff seeks damages for fraud upon the court, *28 USC 455, violation 13th Amendment 18 USC 1584,* USERRA (military), Civil Rights violations *42 USC 1985(3)* (racial), breach of contract, color of law, *18 USC 2422* and 42 USC 1985, damages *28 USC 2680(h)* and *28 USC 1343 (a)(1)* for punitive, nominal, compensatory and liquidated damages in the conspiracy to deny rights and benefits of military and civilian employment.  And loss of law license and damages of US Attorney Kubic and plaintiff's attorneys Bridgeforth, Nagelberg, Childs Jr., Messiah, Bruzgul and Herrick.  Sanction and impeachment of Judges, Easterbrook, Ripple, Williams, Posner, Kanne, Manion and Norgle.

**Count 5**

504. Plaintiff is a resident of Miami Gardens, FL.

505. Plaintiff reinstates and incorporates previous paragraphs.

506. Judges Darrah and Dow and 7th Cir, dismissed these causes of action including USERRA claims.

507. SCOTUS declined reviewing these causes of action.

147

508.   Conspirator Magistrate Cole (tyrannical behavior) presided over *12 cv 1416 USA v. Tartt* committed fraud in opening and closing discovery to deny discovery in one sentence, calling another sentence a counter-claim without consent of the plaintiff is fraud upon the court, a crime, therefore should be sanctioned and impeached.

509.   Petitioner seeks damages for fraud upon the court, *28 USC 455, 28 USC (a)(1) and 28 USC 2680(h)* for violation of civil rights *42 USC 1985(3)* under color of law, color of law, *18 USC 2422*, breach of contract, Constitution to due process, torture and equal protection, violation of Civil Rights (discrimination-race) and USERRA rights (discrimination-military).

**Count 6**

510.   Plaintiff is a resident of Miami Gardens, FL.

511.   Plaintiff reinstates and incorporates previous paragraphs.

512.   Judges Darrah, Magistrate Cole and Dow dismissed these causes of action.

513.   SCOTUS declined reviewing these causes of action.

514.   Conspirator Judge Darrah in case no. *12 cv 1416 USA v. Tartt*, denied due process, discovery trial and counter claim of prior loss of rights and benefits of prior case that were litigated with fraud and fraud upon the court violated

*USERRA 4323.* Ignore and denied claim of abuse and torture with RFID by plaintiff USA.

515. When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction.

516. Conspirator Judge Darrah filed a courtesy copy of case no. *13 cv 7907*, case no. *13 cv 8191* in an attempt with Judge Lefkow to create or recreate res judicata to have both cases dismissed. Judge Darrah would have been successful except the plaintiff marked his copy with an X, due to Judge Darrah denying the counter-claim.

517. Conspirator Judge Lefkow dismissed case no. *13 cv 8191* without a hearing with prejudice to attempt to have both cases dismissed without either having due process.

518. Both judges' conspiracy was ignored by Chief Justice Woods in bias and misconduct case no. *07-14-90064, -90065*, against Judges Darrah and Lefkow. Chief justice stated she could "not read misconduct" and dismissed the case.

519. This is fraud, fraud upon the court by all three justices, in addition to obstruction of justice by Woods in violation of civil rights (racial), constitutional

and USERRA (military) rights.  Judges do not have immunity for violations of Civil and Constitutional rights.

520.   In Appeal *14-2409, USA v. Tartt*, involved Chief Justice Woods, Rovner and Bauer.  District Judges Darrah, Lefkow and Magistrate Cole (tyrannical) conspired to commit fraud upon the court, violated Civil Rights (racial), USERRA (military) and Constitutional rights.  Judge Darrah and Lefkow acted outside of jurisdiction attempting to fraudulently create res judicata without due process by Darrah filing a courtesy copy case no. *13 cv 8191*.

521.   Conspirator Judge Lefkow dismissed without a hearing with prejudice siting plaintiff case no. *13 cv 7907* was identical.  First question is how did she know the other case was identical or existed that was before a different judge?

522.   Concerning USERRA, this case violates *4302* as it supersedes the rights and benefits guaranteed upon reinstatement as "Nothing supersedes…" including a debt to the USA.

523.   Justices Woods, Rovner and Bauer in *USA v. Tartt*, ignored the fraud upon the court of Judges Cole, Darrah and Lefkow, allowed case no. *12 cv 8191* to supersede counterclaim that Darrah denied and denied the appeal.

*524.*   This is an attempt by the District and Appellate court to deceive to cause a debt to the plaintiff and bankruptcy (DOE debt $800,000 case supersede

USERRA counterclaim-4302 Nothing...) to eliminate USERRA rights and benefits (Tax court attempting to further increase debt in selective prosecution in lawsuit), therefore, guilty of fraud upon the court, 28 USC 455, a crime that should have disqualified the appellate justices from appeal no. *17-1023, Tartt v. Magna.*

525. The only reason for the debt is failure to provide the rights and benefits of USERRA, Civil Rights and the Constitution.

526. Conspirator Judges are guilty of fraud, fraud upon the court in violation of Civil rights, USERRA and Constitutional rights, therefore have no immunity. Conspirator Judges, Woods, Rovner, Bauer, Darrah, Cole and Lefkow should be sanction and impeached.

527. Plaintiff seeks for racial and military discrimination damages USERRA, *4323, 28 USC(a)(1) and 28 USC 2680 (h)* punitive, nominal compensatory and willful liquidated, color of law *42 USC 1985*, color of law, *18 USC 2422*, liability *28 USC 2674*, breach of contract, obstruction *18 USC 1503, -1505, -1509* and *28 USC 1361* to compel Chief Judge Woods and other judicial officers to perform their job.

**Count 7**

528. Plaintiff is a resident of Miami Gardens, FL.

151

529. Plaintiff incorporates and reinstates previous paragraphs.

530. Judge Dow and the 7th Cir., including Judge Easterbrook and Chief Woods dismissed these causes of action including USERRA claims.

531. SCOTUS declined to review these causes of action including torture and fraud upon the court.

532. Conspirator Judge Dow, after being assigned *13 cv 8191* by the court's Executive Committee that consists of some of the judges being sued, had an opportunity to correct the injustices of his peer, however, chose to attempt to deceive the plaintiff by taking the case under advisement for 3 years and denying all causes of action as well as the 7th Cir. and SCOTUS.

533. Instead, Judge Dow chose to continue the conspiracy. In fact, dismissed the case, due to denying receiving a FedEx injunction to cease and desist Torture with Radio Implant Devices. It's amazing that the clerk of SCOTUS and Northern District clerks can have FedEx documents lost.

534. In July 2016, both the clerk and Judge Dow claimed they did not receive the RFID motion. Routinely, District Clerks delayed posting motion more than 30 days unless it was to be heard by the court in less time and Judge Dow would cancel the hearing on the motion in less than 24 hrs.

535.   The result of these actions would cost the plaintiff $1000 to fly to Chicago and be informed of no hearing.  In fact, there were only 2 hearings in 2014 and none after until the case was dismissed in 2016 for fraudulent reasons.  That's 3 years of waiting for due process, violating the Constitution without ever receiving discovery or a trial.

536.   The defendants in the case never answered any claims at the suggestion of Mr. Brohman to have the judge review 278 pages, "voluminous complaint" against 60 individuals or entities with over 50 counts (ave. of 4 pages per defendant).  Case dismissed for *Rules 12(b)(6) and 8*, fraudulent decision.

537.   With emphasis, the civil case against the Charlottesville murderer is 90 pages, 1 defendant and not dismissed for any FRCP.

538.   This alone, is a conspiracy by District Court clerk and Judge Dow, combine with filing this case with Judge Darrah and Lefkow.  That is because the plaintiff sent one copy to Judge Darrah, however, requires two copies to file a case with District Court clerk, therefore, someone had to make a copy of the courtesy copy to open this case no. *13 cv 8191*, Judge Darrah or the Clerk or both.

539.   Conspirator Judge Dow conspired, racially discriminated in violating Civil Rights (racial), military discrimination in violation of USERRA *4311*, the US

153

Constitution to deny due process, equal protection and continued to abuse and torture with RFID initially denied by Conspirator Judges Norgle and Darrah, a violation of the 13th Amendment.

540.    Conspirator Judge Dow's response to video proof of RFID was "not needed" as was the 7th Cir. Judge Easterbrook.  It appears the Plaintiff must have video of the placement of the devices, then, the evidence would warrant discovery and a hearing.

541.    In August 2015, Conspirator Judge Dow's dismissal memorandum in case no. *13 cv 8191* with prejudice for some defendants, mainly all prior citing res judicata. All prior defendant cases were decided without due process, fraud upon the court, suppression (Brady material) and fabrication of evidence (defense attorneys) and dismissed all new defendants, including those that did not make an appearance and no defendant answered any cause of action.

542.    Granted motion to reconsider and dismiss all defendants November 7, 2016 to avoid RFID (with video evidence) motion that Judge Dow and District Court Clerk claimed neither received until after the case was dismissed (similar action by SCOTUS Clerk).

543.    It appears the 7th Cir and District Court gives the Plaintiff one opportunity to obtain benefits once for claim Congressionally guaranteed benefit and

154

technicalities, fraud, conspiracy, fraud on the court denial of Civil and Constitutional Rights and other acts can be used to deny USERRA 4302 once reinstated or qualify for promotion.

544.  The Northern District of IL conspirator judges have repeatedly dismissed cases for any fraudulent technicality and everything they can, res judicata, redundancy, convenience, failure to state a claim, then state a claim in the dismissal or just ignore the claims.

545.   In Conspirator Judge Dow's August 1915 dismissal, stated the claim against the Judges Darrah and Lefkow without specificity and nothing else (next paragraph different judge). Questioned who defendants were because he did not know who they were because they did not make an appearance and fabricated defendant positions for the same reason. In virtually the entire dismissal ignored USERRA, especially *4302* in allowing res judicata, time and ignorance to deny claims.

546.  Conspirator Judge Dow was unaware why the plaintiff was filing a USERRA and Civil Rights Act claim. Was he blind in the only two hearings or was he confused and unaware of what races are protected by the Civil Rights Act or that USERRA is for military officers?  Did he not know that no judicial officer,

155

under color of law and in court or out, fraud upon the court can be a cause of action for civil right and constitutional violations?

547.   Conspirator Judge Dow ignored fraud upon the court claims against judicial officer's constitutional, civil rights (racial) violations, USERRA (military) and threatened to dismiss the case if judges were not removed from the complaint due to absolute immunity and in November 2016 committed fraud upon the court a 2nd time in dismissing all claims with prejudice.  Three years, 2 hearings, two fraudulent dismissals, conspired with clerk the receiving of motion, granted judges absolute immunity for violating civil, constitutional and USERRA rights (a precedent), ignored video evidence and denied receiving.

548.   Quoting Judge Dow, "And if this entire lawsuit is simply an attempt to relitigate (sic) past cases under the highly implausible theory that the disappointing results in those cases were of a broad conspiracy to deny Plaintiff benefits and other rights by a disparate group of sixty or so individuals, including a half dozen federal judges, then Plaintiff should use this occasion to drop the lawsuit altogether." Yes, is correct.

549.   Court – a judgment to dismiss because of some trumped up technicality giving excuse to dismiss a non-lawyer pro se litigant's complaint with merit in a lawyer dominated Court hearing.  In support of Plaintiff Motion to vacate

156

Judgment, the following case offered; *Picking v. Pennsylvania Railway, (151 F2d 240) Third Cir. Court of Appeals.*

550.   The facts support that theory and fraud upon the court, conspiracy, constitutional, civil rights, USERRA and other laws validate the claims.

551.   Rule 12 (b)(6) does not countenance dismissal based on a judge's disbelief of a complaint's factual allegations.  In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint".

552.   It is apparent the 28 USC 455 means nothing to Judge Dow or Easterbrook, for their ignorance are guilty of a crime, fraud upon the court, and at the end of the day denied due process of law, fabricated responses for defendants, granted those that did not make an appearance (default judgment), suppressed video evidence of torture (13th Amend. Constitution) *18 USC 1584,* and allowed res judicata stand as a valid reason to dismiss USERRA (military) in violation of USERRA, Constitution, and Civil Rights (racial) case after being granted reinstatement that "nothing supersedes, nullifies or diminishes…

553.   In total this is fraud upon the court, for violating the Constitution, Civil Rights (racial), USERRA (military), obstruction, breach of contract, fraud, suppression of evidence, acting a prosecutor, judge and defense attorney; these are all crimes by a judge.

554.   Plaintiff seeks damages against the judicial officers *28 USC (a)(1), 28 USC*

*2680(h), and 28 USC 1341*, color of law, *18 USC 2422*, liability *28 USC 2674*,

Biven's Act, *42 USC 1343(a)(1)* and *28 USC 2680, 18 USC* 1503, -05, -09 and 28

USC 455, fraud upon the court, warranting sanctions and impeachment.

**Count 8**

555.   Plaintiff is a resident of Miami Gardens, FL.

556.   Plaintiff reinstates and incorporates previous paragraphs.

557.   Judges Posner, Williams, Kanne, Ripple, Rovner, Manion, Bauer, Chief

Woods, and Easterbrook dismissed these causes of action including USERRA

claims.

558.   SCOTUS declined to review these causes of action, including torture and

fraud upon the court.

559.   The 7th Circuit Court of Appeals. Case nos. *03-1558, Tartt v. NCH, 04-3939,*

*USA v. Tartt 14-2409, Tartt v. Magna, 17-1023*, all corrupted by fraud upon the

court, ignored fraud upon the court or violated the constitution, civil rights

(racial) and USERRA (military) rights, color of law or other laws.  Therefore, no

appellate judge has immunity.

560.   SCOTUS declined reviewing these causes of action including torture and

fraud upon the court.

561.  Quoting Conspirators Judge Posner, "I pay very little attention to legal rules, statutes, constitutional provisions." His critics called it lawless. In addressing the Supreme Court, "When you have a Supreme Court case or something similar, they're often extremely easy to get around."

562.  "Their grievances, minorities (proof of racial discrimination-violates Title VII, therefore, not a frivolous claim and no immunity) and pro se litigant were real (had merit) but the legal system was (is) treating them impatiently, dismissing their case over technical matters."

563.  Judge Easterbrook and other judicial officers, therefore, are guilty of a crime. All orders, especially Orders 28 & 29 in the appeal are null and void in no effect, therefore appeal case no. 17-1023 must be vacated by Rule 60.

564.  "These were almost always people of poor education and often of quite low level of intelligence," In the Seventh Circuit, Judge Posner said, staff lawyers rather than judges assessed appeals from such litigants, and the court generally rubber-stamped the lawyers' recommendations [therefore guilty of fraud and fraud upon the court.]

565.  Conspirators Judge Posner, Kanne and Ripple were on the panel, *04-3939 Tartt v. NCH*, that validated res judicata without due process, written "maybe" by Judge Kanne. Judge Kanne's (as outlined above) opinion is confusing and

159

contains multiple errors, omitting the year, not consistent with the facts or law in the case.

566.   Appears to be fraud on the court and in this case, is fraud upon the court (looks like..., walks like..., talks like...,) therefore is guilty and valid cause of action against judicial officers in the 7th Cir.

567.   Conspirator Judge Posner further stated, "The basic thing is that most judges regard these people as kind of trash not worth the time of a federal judge."

568.   Conspirator Judge Easterbrook's in *17-1023,* opinion as well, based on his sanctioning Tartt for filing a complaint against him, dismissing the case in violation of the 7th Cir., rules before the appendix was submitted and dismissing motion for full panel review without a vote of the full panel with Conspirators Chief Justice Woods and Justice Manion is a conspiracy, discrimination and fraud upon the court to deny rights and benefits of military and civilian employment.

569.   When Conspirator Judge Posner stated about six months prior to retiring, September 2017, he, "...awoke from his slumber." March 2017, case no. *17-1023,* Tartt v. Magna must have awakened him to the reality of criminal actions by judges and himself, prompting his retirement before being found

guilty of his 35-year assault on minorities and pro se litigants "mistreated by the legal system".

570. The full panel vote was subsequently by the 7th Cir. as the SCOTUS Clerk somehow lost a sign motion (FedEx) for "Fraud on the court" for Justice Kegan.

571. In case no. *17-1023*, Woods, Manion and Easterbrook appear to have not even done a de novo review and considered the plaintiff "trash not worth his time," quoting Posner. The 7th Circuit did not have any appellants to answer to any cause of actions in the appeal no. *17-1023*, "identical" actions of Judge Dow, *13 cv 8191* and dismissed all cause of action against themselves (Thomas Jefferson just arose from the dead"), granting immunity for all.

572. Due to no defendant/appellant answer for any cause of action in district appellant court and SCOTUS also denied a hearing as well, there has been NO DUE PROCESS – violates the Constitution, therefore not frivolous and no immunity for any judicial officers, cause of action must be adjudicated with discovery and trial. No discovery in 20 years cannot be justified by any court.

573. Judge Easterbrook believes *28 USC 455*, fraud upon the court requires a motion base on Easterbrook's opinions, orders (*order 28 & 29*) and actions. There was no memorandum during the appeal.

574. This action is the definition of a conspiracy at the highest level of government that the DOJ suppresses, ignores and will not even repeat in written form, investigate or prosecute.

575. Conspirator DOJ Civil Rights Section describes these claims as "physical abuse and sexual assault" by judicial officers outside DOJ jurisdiction is fraud. The written documents related are either unsigned or unclear as to who wrote the response to a non-DOJ employee, therefore, remains an unnamed defendant.

576. In laymen's terms, the petitioner would agree with Civil Rights, Section, "I am getting fucked by the highest level of government for nearly 40 years," however, from a legal point of view this is a conspiracy, fraud, neglect, fraud upon the court, obstruction of justice, acts outside their jurisdiction, acting as prosecutor, defense attorney, quasi judge, avoiding discovery, issuing summary judgments to cover-up criminal acts, violating the constitution, civil rights (racial) and USERRA (military) rights of the plaintiff to which there is no immunity or statute of limitations especially for judicial officers.

577. This must be adjudicated according to the rules, constitution and laws of the court; not fabricated rules, cover-up, deceit, misrepresentation, fraud, neglect, suppression and fabricated evidence, dismissing cases by judges

against themselves. The opinions and memorandums of criminal justices must be vacated.

578.    Each Justice must be sanctioned and impeached that is guilty of fraud upon the court to stop this ongoing corruption that according to retired Justice Posner, "suddenly realized" after 35 years of abusing the Constitution., rules and laws.

579.    Plaintiff seeks against judicial offices damages *28 USC 1343 (a)(1)* punitive, nominal compensatory and willful liquidated and *28 USC 2680 (h)*, color of law, *18 USC 2422*, Biven's Act, and *42 USC 1985*, breach of contract, obstruction *18 USC 1503, -05, or -09,* liability *28 USC 2674*, compel to perform duty, *28 USC 1361* and impeachment.

**Count 9**

580.    Plaintiff is a resident of Miami Gardens, FL.

581.    Plaintiff reincorporates and reinstates previous paragraphs.

582.    Appeal no. *03-1558*, Justice Manion, Williams, Ripple (Ripple, also in *04-3939*) was remanded, however, created FRCP, dismissed for "convenience and redundancy" that does not exist for meritorious claims, one involving IDHR complaint (state of IL agency), *00 cv 7960* and the other *00 cv 7959*, (federal agency) DOL/VETS that occurred at different times and filed on the same day.

583. In *04-3939*, Kanne, Posner and Ripple authored by Kanne is fraud, fraud upon the court, racial and military discrimination, conspiracy *42 USC 1981, ---- 1983, or -1985,* color of law *42 USC 1985, 18 USC 2422,* liable *28 USC 2674* and *28 USC 2680,* damages *28 USC 1343 (a)(1),* Biven's Act, breach of contract, obstruction *18 USC 1503, 05, 09,* USERRA and fraud upon the court *28 USC 455.*

584. This is treason on the US Constitution. Both cases should be vacated under *Rule 60.*

585. Plaintiff seeks a pro se pro bono office be established that can give legal advice and representation in the Northern District of IL, Eastern Division and 7th Circuit Court of Appeals contrary to what exists.

586. Plaintiff seeks against judicial officers' damages, fraud upon the court *28 USC 455, 28 USC 1343(a)(1)* and *28 USC 2680(h),* liability *28 USC 2674, 1343(a)(1),* conspiracy *42 USC 1981 or 83* compel duty *28 USC 1361,* obstruction, Biven's Act, and breach of contract by Easterbrook, Manion, Woods, Ripple, Kanne and possibly others for fraud upon the court and impeachment.

**Count 10**

587. Plaintiff is a resident of Miami Gardens FL.

588.   Plaintiff reincorporates and reinstates previous paragraphs.

589.   SCOTUS declined reviewing these causes of action, including torture and fraud upon the court.

590.   Appeal 14-2409, USA v. Tartt Justice Woods, Bauer, and Rovner, involved student loans ($800,000) that was appealed from 12 cv 1416 involving Judge Darrah and Magistrate Cole.  The 7th Cir. allowed this case to supersede USERRA *4302* in imposing a debt ($8000,000), while denying rights and benefits of USERRA is a violation of *4302*.

591.   Judge Darrah acted outside his jurisdiction and filed *13 cv 8191*, Judge Lefkow dismissed *13 cv 8191* with prejudice due to *13 cv 7907* being identical to create res judicata, similar to Judge Norgle's actions in cases *7959 & 7960*.

592.   This is fraud upon the court by Judges Lefkow, Darrah and Magistrate Cole, therefore the Chief Justice Woods, Bauer and Rovner are, like Darrah, Lefkow and Cole, guilty of the crime fraud upon the court, therefore should have been automatically disqualified to hear appellate case no. *17-1023 Tartt v. Magna*.

593.   By its nature, tort liability arising from conspiracy presupposes that the co-conspirator is legally culpable of committing the tort, i.e. that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for

165

breach of duty. *(Allied Equipment Corp. v. Litton Saudi Arabia., supra, 7 Cal. 4th at 501-11.).*

594. Appeal 14-2409 must be vacated under Rule 60 due to fraud upon the court.

595. Plaintiff seeks willful damages USERRA *4323, 28 USC 1343 (a)(1)* and *28 USC 2680(h)*, liable *28 USC 1343 (a)(1)* and *28 USC 2680*, conspiracy *42 USC 1981 or 1983*, liability of US, *28 USC 2674*, compel to perform duty, *28 USC 1361*, obstruction, *18 USC 1503, -1505, -1509*, color of law *18 USC 2422*, Biven's Act, retaliation, impeachment, breach of contract, criminal punishment, *18 USC 1584* against judicial officers Woods, Bauer and Rovner.

**Count 11**

596. Plaintiff is a resident of Miami Gardens, FL.

597. Plaintiff incorporates and reinstates previous paragraphs.

598. SCOTUS declined reviewing these causes of action, including torture and fraud upon the court.

599. Appeal *17-1023*, lacked de novo review, Woods, Easterbrook, and Manion, denied due process, acted to dismiss the cause of action against themselves, sanctioned the appellate for filing meritorious USERRA claims, violates 4323

(h)(1) and labeled them frivolous in the conspiracy, to discriminate and cover-up violation of Constitution, and Civil Rights of the 7th Cir. and district courts.

600.    Plaintiff seeks willful damages USERRA *4323, 28 USC 1343 (a)(1)* and *28 USC 2680(h)*, liable *28 USC 1343 (a)(1)* and *28 USC 2680*, conspiracy *42 USC 1981 or 1983*, liability of US *28 USC 2674*, color of law, *18 USC 2422*, obstruction *18 USC 1503, -1505, -1509,* compel to perform a duty, *28 USC 1361*, Biven's Act, retaliation, impeachment, criminal *18 USC 1584*, against judicial officers Easterbrook, Woods and Manion.

### Count 12

601.    Plaintiff is a resident of Miami FL.

602.    Plaintiff reinstates and incorporates previous paragraphs.

603.    Judges Norgle, Darrah, Dow and the 7th Cir. denied these causes of action including USERRA and torture claims.

604.    SCOTUS denied reviewing these causes of action, including torture and fraud upon the court.

605.    Conspirators NSA, NSA physician – Bartolone, Valukas, Marx, Jones, DeSilva, Awatrimani, Williams and others violated military discrimination, USERRA, racial discrimination, Civil Rights, Equal Pay Act (EPA)(Peers-Hoffman and Osecky Salary over 4X Dr. Tartt, 1st pay check and after return from service)

and Constitution-tortured to conspire to deny rights and benefits of civilian and military employment by denying position, promotion, salary, vacation, retirement, and bonuses and breach of contract. Peers Osecky and Hoffman (both hired July 1993 with higher pay in violation of Equal Pay Act) were granted rights and benefits Tartt was denied.  Abused and tortured throughout employment and retaliated by NSA doctors listed for filing claims against them.

606.   Dotress Reeves violated APA and in investigation letter disclosed the monthly salary of Hoffman and Osecky that was false, and even if true omitted the quarterly bonuses value denied Tartt while after reinstatement and serving of $60,000 to $300,000 quarterly bonuses.

607.   "Special attorney" Brohman and NSA stated, according to Reeves falsely, bonuses were merit based; 2 letters from president of NSA, R. Mary (Feb. 1994) were offered as proof to Ms. Reeves that were ignored in the conclusions concerning bonuses and pay. Benefits lost prior to service, during service and after service need to be paid to Plaintiff for the willful denial in accordance with USERRA.

608.   Conspirator NSA combined with NCH (case no. *00 cv 7960*), former President Crowthers, and Vice President Pochyly conspired, racial and military

168

discriminating to deny rights and benefits of military employment during military service, after induction August 1994 and after reinstatement, December 9, 1996.

609.   Dr. Pochyly demoted to prevent independent practice during military service and after completing service in violate USERRA and Title VII.

610.   Drs. Osecky, Hoffman (both women-EPA) and Bowersox are white and not in the military. Tartt is an African American and a military officer.

611.   Attorney Hucker and NCH falsely stated that Dr. Marx and NSA (See NSA 1997 contract) there was an exclusive contract between NSA and NCH to deceive Tartt that the only way to practice at NCH was through the group, NSA.

612.    Dr. Osecky would whisper as she walked behind the Plaintiff, "quit, quit" after every anesthesia meeting as we walk from the meeting to the OR.

613.   Dr. Hoffman was given the assignment to notify of terminating without cause, October 16, 2000, a peer hired at the same time.

614.   Drs. Williams and Bartolone are former military officers, along with others, who exposed the Plaintiff to agents while caring for patients.  Who would want their Anesthesiologist to be under the influence of an agent while caring for them for whatever reason NSA chose to abuse and torture Tartt?

615. In 7 years, Plaintiff did more cases, worked longer hours, and took more on calls than any other member of NSA and had less vacation.

616. Dr. Desilva alleged a computer was setting the call schedule and placed the Plaintiff on call more than any other member of NSA, the worst being on call every Saturday in September 2000 just prior to termination.

617. Drs. Jones and Valukas would repeatedly page the Plaintiff after being away 10 min to interrupt lunch.

618. 80to 90% of post call days worked the next day while less than 50% of other members worked the next day.

619. Multiple surgeons made some many complaints of Tartt being at lunch for over 15 min. that Tartt has a note book to preserve record harassment, abuse and discrimination at NCH.

620. Tartt was the only reserve military and African American member of the Surgical team at NCH.  Clearly Title VII and USERRA applies to this case.

621. Complaint filed with IDHR virtually ignored resulting in 7 years of hell at NCH plagued with torture, abuse, harassment, and discrimination by NSA and NCH.

622.   Dr. Marx deducted one day of pay for meeting with Dotress Reeves, even though he approved the absence, without informing of a pay deduction and was not a policy, practice or in any contract.

623.   Drs. Awatramani and Marx (President of NSA) would frequently come in the OR while inducing (sleep) a patient to sign documents without review. Dr. Awatrimani would write fraudulent letters alleging the Plaintiff had done something wrong but would not give detail or respond to follow-up letters.

624.   Dr. Awatrimani as Chief of Anesthesiology Department and member of NSA denied Tartt the right to work at NCH during military service, August 15, 1994 –December 9, 1996; no other doctor in good standing with the Medical Staff was denied that the benefit to practice at NCH.

625.   The group, NSA did a survey of patient care in OB and altered the result because Tartt had the best survey results (source OB nurses-off the record), however, Dr. Marx and Jones changed the results similar to Officer's Basic Course evaluation, at Fort Riley.

626.   None of these doctors are African American combined in the military, these acts were clearly racist, discriminatory and an attempt to not pay the benefits of military service in accordance with USERRA.

171

627.    Two reasons Tartt signed the April 1997 contract were, it was Saturday in April 1997, Dr. Valukas was on vacation and not present as the contract alleges and Dr. Marx coerced stating would not be paid if continued to refuse to not sign even though Dr. Valukas was not present.

628.    April 1997 filed claim with DOL/VETS, thinking within 90 days this would be corrected, however, Dotress Reeves did nothing (violated APA) and apologized to Attorney Brohman.

629.    While asking Dr. Tartt to file another claim 10 months later in February 1998. During this time, NSA and NCH were torturing, harassing and abusing the Plaintiff Tartt. These acts are crimes outside the scope of any contract.

630.    Plaintiff seeks for breach of contract against NSA, and Doctors of NSA for racial and military discrimination, conspiracy violations of the Constitution (torture), Civil Rights, Equal Pay Act, Constitution (torture), USERRA, damages punitive, compensatory, nominal and willful liquidated under USERRA 4311 and 4323, *28 USC 1343(a)(1) and 28 USC 2680 (h),* conspiracy *42 USC 1981 or 1983, retaliation,* loss of medical license and breach of contract.

631.    Conspirator Attorney Brohman, Hucker (*00 cv 7960 &7959*) discriminated and conspired, committed fraud and perjury, 18 USC 1621 (*04-3939, Tartt v. NCH*), malpractice, fraud upon the court both inside and outside of court,

produce false documents to DOL/VETS (violating APA), fabricated complaints, motions falsely stating plaintiff never filed EEOC complaint (filed dual IDHR complaint) to deny rights and benefits of civilian and military service violating Title VII and USERRA.

632. Conspirator Attorney Brohman appears to have undue influence on Judges Dow, Norgle and 7th Cir. with perjury (*04-3939*) and fabricated statements taken as true when in fact are fraudulent statements and motions. This makes the attorney "special." Throughout these procedures and cases Brohman's words are considered fact, regardless of the evidence and proof of fraud.

633. Conspirator attorney Messiah conspired and discriminated to commit fraud, perjury (04-3939 Tartt v. NCH), malpractice, fraud upon the court, to deny rights and benefits of military and civilian employment in violation of Title VII and USERRA.

634. Plaintiff seeks from attorneys Brohman, Hucker and Messiah for fraud upon the court willful damages for 28 USC 455, fraud upon the court, USERRA 4311, fraud, perjury, 18 USC 1621,28 USC 1343, & 28 USC 2680, conspiracy 42 USC 1981 or 1983, breach of contract (Messiah and Childs, Jr.) and malpractice.

635. Conspirators DOL/VETS Reeves, Wilson, Parks, Santilli, Fiore, and Granger's fraudulent investigation conclusion violated APA and accepted fabricated

173

evidence from NSA, and attorney Brohman, suppressed facts from the plaintiff and ignored evidence to deny rights and benefits of USERRA in violation of Civil Rights, Constitutional Rights, USERRA Rights and *C.F.R. 10 02.37, & 1002.74*, produced fraudulent conclusions.

636. Ms. Higgins, DOL/VETS 2018 assigned by DOL to correct or investigate (APA) refused to investigate claims against Magna, AAOC, NCH, and the US Army (APA) case 7959.

637. Conspirator IDHR violated APA, racial and military discriminated and conspired failed to investigate claims of civil rights and military rights, denied right to sue occurred (APA, leading to case no. 00 cv 7960), breach of contract and Biven's act for unknown agents.

638. Conspirator Judge Norgle's racial and military discrimination, conspired to deny claims in *00 cv 6148* falsely alleging IDHR and DOL/VETS were employers not agencies that failed to investigate claims (APA).

639. Tartt did not file an EEOC complaint, however did file a federal claim with IDHR (dual filing).

640. Conspirator Judge Norgle, like DOL/VETS, denied claims, in both 7959 & 7960 committed fraud upon the court, Biven's, violated Constitution, Civil Rights, color of law, negligence and fraud was bias and committed misconduct

that Easterbrook attempted to cover-up by denying misconduct and bias claims.

641.   Conspirator Easterbrook conspired and discriminated dismissed appeal no. *17-1023* as an Appellee and issued a mandate attempting for obstruction, cover-up violations Constitution, USERRA, Civil Rights in racial and military discrimination to deny claims for military and civilian employment, therefore guilty of fraud upon the court.

642.   Plaintiff seeks against Judges Easterbrook and Norgle sanctions and impeachment for the crimes in case nos. *00 cv 7959, 00 cv 7960, 00 cv 6148,* and misconduct *07-09-90078* for conspiracy, fraud and fraud upon the court, *28 USC 455*, fraud, Obstruction *18 USC 1503, -05, -09*, willful damages *28 USC 1343(a)(1) and 28 USC 2680*, USERRA, liability *28 USC 2674*, liable *28 USC 1343 (a)(1)*, and *28 USC 2680*, impeachment, color of law *18 USC 2422* to compel *28 USC 1361* violation of Constitution and Civil Rights and retaliation.

643.   According to law 28 USC 455, fraud upon the court by judicial officers, judges, no motion required, immunity or statute of limitations. All orders and memorandum are null and void.  A crime that must be vacated under Rule 60. Lawyers are included for fabrication and suppression of evidence.

175

644.  Plaintiff seeks damages against Plaintiff Attorneys, Bridgeforth Childs, J., Nagelberg, Bruzgul and Herrick for breach of contract, malpractice, 28 USC 455, fraud upon the court, breach of contract, 42 USC 1981 or 1983 and 42 USC 1985, racial, Title VII and military USERRA 4311, discriminating and conspiring to deny rights and benefits of military and civilian employment in accordance with USERRA, Constitution and Civil Rights and loss of law license.

645.  Judges Norgle (6481, 7959 & 7960), Darrah (counter claim 12 cv 1416 denied and allowed student debt to supersede), Dow (cover-up 13 cv 8191), Easterbrook (misconduct and 10-1023) and Woods (misconduct) seeks criminal willful damages, Biven's Act and liability for conspiracy and discrimination as outlined above.

### Count 13

646.  Plaintiff is a resident of Miami Gardens, FL.

647.  Plaintiff incorporated and reinstates previous paragraphs.

648.  Judges Norgle, Darrah and Dow and the 7th Cir. including Judges Easterbrook and Chief Woods denied these cases of action including USERRA and torture claims.

649.  SCOTUS declined reviewing these causes of action, including torture and fraud upon the court.

650. Northwest Community Healthcare (NCH), President Bruce Crowther and Vice-President Don Pochyly conspired, with NSA, 42 USC 1981, 1983 or 1985 and discriminated in practice and promotion, USERRA 4311, & 4323 to denying the rights and benefits of military and civilian employment in violation of USERRA, Civil Rights, IL Hospital Act and Constitution.

651. NCH discriminated for service in the Army and for race in denying ability to practice anesthesia, Tartt maintained all privileges including attending staff meeting requirements; CEO Crowther wrote a letter affirming privileges were maintained,and still Tartt with Army approval, was denied the right and benefit to continue to practice.

652. Tartt had interviewed a patient and in the operating room and medical director insisted that the Plaintiff leave the OR.

653. NCH, Bruce Crothers and Don Pochyly denied promotion, income, salary, position, limited the ability to practice anesthesiology August 1994-December 1996.

654. On returned December 9, 1996, demoted, fraudulently represented an exclusive contract with NSA limiting practice to NSA vs independent practice. Dr. Bowersox (cardiothoracic surgeon, hired in 1993) was allowed practice

177

independent is clearly, racial discrimination and military discrimination.  Dr. Bowersox is white and non-military.

655.   The medical staff office fabricated complaints with floor nurses approximately 3 months prior to every evaluation and renewal of privileges.

656.   In one case, the patient and Tartt had dinner in her room with her husband. When they became aware of the facts, Dr. Pochyly somehow lost the complaint.  The medical staff could not find the complaint either.

657.   In another case a physician abandoned a patient experiencing difficulty breathing and a code was called.  The Plaintiff happened to be on the floor and the nurses were transporting the patient from a procedure room to his room rather than wait for the code team.

658.   Three nurses started yelling various things, and Dr. Tartt asked everyone except the nurse assigned to the patient to be quiet.  After taking care of the patient (month of reappointment), the head nurse accused the Plaintiff of "barking" and filed that as a complaint to the medical staff, with no mention of the Medical Staff President abandoning his patient.

659.   October 20, 2000, NSA provided notice of termination without cause and signed an illegal "mutual agreement" October 6, 2000 without 60 days-notice

in violation *of IL Hospital Act.* As stated above abuse, Dr. Hoffman provided notice on or about October 20, 2000 of termination November 30, 2000.

660.   Attorney Hucker, attorney for NCH, perjury 18 USC 1621, in case 04-3939 conspired and discriminated in violation of USERRA, Civil Rights, IL Hospital Act and Constitution, committed fraud, fraud upon the court, breach of contract with NCH and malpractice in cases 00 cv 7960 and appeal 04-3939, Tartt v. NCH.

661.   Plaintiff seeks from NCH, Dr. Pochyly's loss of medical license and Mr. Crowther willful damages, *28 USC 1343(a)(1) and 28 USC 2690 (h),* under USERRA 4311 and 4323, Civil Rights, Title VII, conspiracy *42 USC 1981, -1983 or -1985,* perjury (Mr. Crowther's hospital hearing), violation of IL Hospital Act, Constitution, torture and fraud, concerning right to practice at NCH.

662.   Seek for denying SCOTUS appeal by plaintiff attorneys Childs, Jr. and Messiah removing plaintiff from the mailing list of 7th Cir.  and failure to inform of decisions within 30 days (7 months) in appeal 04-3939 seeks willful damages and loss of law license as above.

663.   Petitioner seeks damages Title VII and USERRA against IDHR and IL AG as outlined in Count 1 (APA) for failure to investigate claims that resulted in case no. *00 CV 7960,* appeals *03-1558 & 04-393* and breach of contract.

179

664. This is case no. *00 cv 7559 and 7960* the aftermath and covered in fraud, fraud upon the court, conspiracy, Constitutional and Civil rights violations by Judge Norgle followed by Easterbrook – misconduct claim, Darrah, Magistrate Cole and Lefkow conspiracy, fraud, fraud upon the court, Biven's Act, impeachment, breach of contract, in violations of USERRA, Civil Rights and the Constitution.

665. Including Appellate justices, Easterbrook (misconduct claim), Williams, Posner, Ripple, Kanne, Manion, and attorneys as above.

## Count 14

666. Plaintiff is a resident of Miami Gardens, FL.

667. Plaintiff incorporates and reinstates previous paragraphs.

668. Judges Darrah, Dow and the 7th Cir. including Judge Easterbrook and Chief Woods denied these causes of action including USERRA claims.

669. SCOTUS declined reviewing these causes of action.

670. Continental Anesthesiologist (CA) conspired and discriminated (Title VII and USERRA) in promotion, vacation, salary, pension, hiring employment, attempted to deceive employment position as "independent contractor with full-time" responsibility, no benefits and termination without cause in accordance with USERRA, Civil Rights Act, and fraud.

671.  While Tartt worked at NSA, David worked there as a collector of billings. David hired Dr. Tartt with the president of CA as a per diem employee July 2002.

672.  In September 2002 David stated Dr. Tartt would have to work full-time without benefits, take calls, supervise CRNA's with no paid vacation, pension, lower salary the other Anesthesiologist, Dr. Quello, hired in July 2002. Dr. Quello was not Black or in the military; this equates to racial and military discrimination in violation of USERRA, and Civil Rights.

673.  Even though Tartt was not full-time, he began working longer hours and post calls.  The chief anesthesiologist, Dr. Carr, who lived 5 minutes away, called Dr. Tartt and stated he would be at the hospital at 12:00 noon even though Tartt was not supposed to work post-call and had been up the majority of the night.  Tartt also had a doctor's appointment.

674.  After finishing the case went directly to the locker and went home without a call or page from anyone (could have been paged, as once duty ids done, routinely turn it off).

675.  At the doctor's appointment, it was agreed that surgery was necessary at that appointment.

676.   The next day was fired. With tears in his eyes, Dr. Carr stated that the OR had tried to page me after I had left the hospital (at his directions)? Why I did not return their page (was relieved by Carr) as the reason for firing Dr. Tartt. Apparently, the OR director wanted Dr. Tartt to start the next case.

677.   Dr. Carr is from MS, like Dr. Tartt.  When asked where he was at noon, refused to answer.  Dr. Carr, David ?? and CEO are white.

678.   Unnamed anesthesiologist (forgot his name, however, did join Magna/AAOC shortly before being fired without cause due to merger with other anesthesiology group, June 30, 2009, "identical" date of Tartt's termination).

679.   When Tartt was on call after leaving the hospital, would page every 10 to 15 minutes alleging the Plaintiff needed to return to hospital and then when Plaintiff turned around, would call back stating he took care of the matter, repeatedly to the point the plaintiff started staying overnight St. Francis Hospital when on call to stop the harassment.

680.   Plaintiff seeks for CA, Chairman, Dr. Carr and David ?? for conspiracy, termination without cause, racial, Title VII and military discrimination, USERRA, abuse, torture (excessive hours), Constitutional and damages, USERRA *4323, 28 USC 1343 (a)(1) and 28USC 2680 (h), conspiracy 42 USC 1981, -1983, -1985,*

retaliation and Breach of contract. *Plaintiff did not file a DOL/VETS claim due to not knowing labor law concerning independent contractors vs. employee at the time.*

681. Judge Dow and Darrah (counter-claim) dismissed cause against CA with merit, is fraud upon the court, 28 USC 455.

## Count 15

682. Plaintiff is a resident of Miami, Gardens, FL.

683. Plaintiff incorporates and reinstates previous paragraphs.

684. Judges Darrah, Dow and the 7th Cir. including Judges Easterbrook and Chief Woods denied these causes of action including USERRA claims.

685. SCOTUS declined reviewing these causes of action, including fraud upon the court.

686. Magna Health Systems (Magna), Ambulatory Anesthesiologist of Chicago (AAOC), 900 N. Michigan, Orthopedic Associates of DuPage Surgery Centers (OAD) collectively, Magna, Drs. Buzorgi (turn over), Koikemeister (black cloud, excessive hours), Hansford (discriminated in the scheduling for call and daily assignments.

687. Tartt was the only African American and military officer, who's schedule and call was controlled by Dr. Hansford. No other anesthesiologist had one

person controlling schedule and call.  Even after complaining to Dr.

Koikemeister, Hanford continue to discriminate in assignments.

688.   Dr. Arangachari (sic) frequently, would have finished his cases for the day at 900 N. Michigan and refused to relieve from duty, even if informed that the Plaintiff had an appointment or outside responsibility. Often would be talking in the hall. When request to leave would respond "in a few minutes", however, would not be relieved for 30-60 min. resulting being late or rescheduling the appoint.

689.   Other peers were not discriminated against in this matter. Dr. Arangachari is not black or in the military nor are the Plaintiff's peers at 900 N. Mich. Surgery Center or OAD Surgery Center.

690.   All of these issues were discussed with Dr. Koikemeister without resolution; the discrimination continued until termination without cause.

691.   Tartt was due a bonus in July 2008, however, was discriminated against and did not get a bonus. After nearly 2 months, scheduled and met with Dr. Koikemeister (Dr. Buzogi was unavailable) to discuss the above issues and bonus.

692.   During the meeting, Dr. Carter, who is also Black, called asking where and why was his bonus late.  Appeared staged, due to it being a Saturday and were

184

friends with Dr. Carter prior to employment and his son played basketball on the same team the Plaintiff coached.  At the end of the call, Dr. Koikemeister assured Dr. Carter the bonus would be in his next check. The Plaintiff has no knowledge if others bonuses were late, however, when a few were asked, all stated their bonuses were paid.

693.   At the conclusion of our meeting, Dr. Koikemeister, Jay stated he would have to wait until Dr. Buzorgi return to pay the bonus.

694.   In November 2008, the bonus had still not been paid.  In the locker room at Orthopedic Associates of DePage (OAD) with Jay, the discussed the bonus, again.  At that time, Dr. Koikemeister informed the Plaintiff that there would not be a bonus.

695.   In November 2008, filed a complaint with DOL/VETS. The case was assigned to an Iowa investigator, not Chicago (to avoid direct contact). The investigator requested that the Plaintiff provide an email establishing prima facia. The Plaintiff did and was not able to get in contact with the investigator until March 2009.

696.   Also, in March 2009, filed a complaint with Employer Support of the Guard and Reserve (ESGR). Before calling Magna/AAOC, the ESGR had the Plaintiff

185

discuss the case with a DOL/VETS investigator. The investigator stated the case has merit and there appears to be retaliation.

697. Tartt asked the investigator to contact DOL/VETS Chief C. Wilson explain proof in prior cases and this case. After the investigator contacted Mr. Wilson, the investigator informed the Plaintiff that he could no longer discuss either matter as ordered by Mr. Wilson.

698. The ESGR then made several attempts to contact Jay without success. Approximately 1 week later, called the Plaintiff and stated the case was closed because the ESGR was only able to leave voicemail that were not return. Fax, UPS FedEx or a deliver service could have been used.

699. The Plaintiff then contacted Mr. Wilson to reopen the November case, with prima fascia. Mr. Wilson refused and requested the case be refiled (USERRA-INVESTIGATION REQUIRES 90-DAY TO COMPLETE), therefore, refiled the case. Note: this is "identical" to Dotress Reeves delay of nearly a year and requested the plaintiff to re-file the case against NSA.

700. Again Mr. Wilson refused to open or investigate the claim. Tartt decided to file a case for ROTC commission date correction. Mr. Wilson refused to open or investigate that case. Plaintiff requested referral to Office of Special Counsel

(OSC). The OSC stated Tartt was not ever an employee of a federal agency and not within their jurisdiction.

701. Appears "identical" to DOJ, DOJ IG, and IL AG to not investigate that is a violation of APA. Unless the Plaintiff is in error, the US Army is part of federal agencies Department of Defense.

702. Next Tartt filed a complaint against NCH. DOL/VET state the investigation was barred by res judicata for case 00 cv 7960 *Tartt v. NCH,* were Judge Norgle dismissed with prejudice and the 7th circuit affirmed. This again a federal agency ignoring USERRA 4302, Nothing supersedes, nullifies or diminishes....

703. In May 2009, Magna/AAOC provided notice of termination, June 30, 2009. Tartt then filed another complaint concerning ROTC contract, NSA, NCH and Magna/AAOC. Even after informing Mr. Wilson of notice of termination while needing surgery and without cause, refused to investigate or open a case until June 30, 2009 that coincides with Magna/AAOC termination.

704. During termination by Magna/AAOC offered a position as independent employee, however, Dr. Tartt declined and refused to sign all document presented by Magna/AAOC. Initially, Mrs. Buzorgi (daughter-in-law), tried to force Dr. Tartt to sign by stating Dr. Tartt would not get paid his final check. Dr. Buzorgi intervened and stated that the check would be paid.

705.  When Tartt received the check, money had been deducted for vacation that is in disagreement by Tartt.  The second bonus was due July 1, 2009 and denied as a result of termination (estimate non-merit bonuses were over $100,000).

706.  Magna/AAOC, Mrs. Buzogi and Jay stated due to not working a full year, Tartt had taken too many days of vacation. According to both, the vacation is accrued and according to their calculations, Tartt had taken too many days, even though all vacations were approved by them both.  There was no severance pay and again no bonus for working 2 years and 2 months.

707.  Approximately 10 or 20 days after June 30, 2009, DOL/VETS replied to complaint with no merit to any claims against filed Magna/AAOC (consisting of a few of 40 pages). Claims against the other defendant DOD/Army/ROTC, and NSA were ignored.

708.  Dr. Andershak, a former military officer and spine surgeon, conspired and discriminated (racial and & military), placed implants during surgery without consent into the Plaintiff to be used by USA torture.

709.  Magna's conspiracy was torture to disable and retaliate for filing prior USERRA claims and cover-up their violations of Civil Rights, Constitution and USERRA rights.

710.    Magna collectively denied promotion, salary, vacation, position, abused, harassed and tortured in violation of Constitution, Civil Rights and USERRA. Magna retaliated for prior USERRA claims.

711.    It appears in the hearing in January 2014, Magna's attorney David Pivnik conspired with "special attorney" Michael Brohman and Judge Dow over the Plaintiff's objection to have Judge Dow respond on behalf of the all defendant to not expose Mr. Brohman's fraud upon the court and perjury.  If Mr. Brohman has (in 8191 or this case) to answer to the causes of action filed in the claims against him there will be conflict between fraud (lying) and truth.

712.    Therefore, Mr. Pivnik is guilty of conspiracy, fraud upon the court, 28 USC 465, during a judicial proceeding. See Transcript from January 2014.

713.    For that action, Plaintiff seeks willful damages in "the conspiracy" to discriminate and deny the rights and benefits through fraud, fraud upon the court, 28 USC 455, conspiracy, 42 USC 1981, -83 or -85, Civil Rights (Title VII) and USERRA (38 USC 4301-4335) to deny military and civilian employment. (See no. 301-303).

714.    Judge Dow, and Darrah (counter-claim) dismissed cause of action with merit against DOD/Army/ROTC, NSA, NCH, CA, Magna/AAOC, federal and state of IL, and others involving health insurance, home insurance, mortgages,

judicial offices, lawyers, employers, dentists, anesthesiologist, surgeons, corporations and individuals named and unnamed.

715. Plaintiff seeks for conspiracy and racial and military discrimination, abuse and torture damages from Magna/AAOC/ 900 N. Mich. and OAD surgery centers for violation of USERRA *4301-4335,* Civil Rights *28 USC 1343 (a)(1) and 28 USC 2689 (h),* conspiracy *42 USC 1981, -1983 or -1985*, and fraud and the Constitution (torture, due process...) retaliation and breach of contract.

## Count 16

716. Plaintiff is a resident of Miami Gardens, FL.

717. Plaintiff incorporates and reinstates previous paragraphs.

718. Judges Darrah, Dow and the 7th Cir. including Judges Easterbrook and Chief Woods denied these causes of action including USERRA claims.

719. SCOTUS declined reviewing these causes of action, including fraud upon the court.

720. AMA Insurance, Blue Cross/ Blue Shield, and USAA Insurance and conspired and discriminated racial and military to deny health in breach of contract.

721. CCA Restoration and USAA Home Insurance discriminated racial & military and conspired to breached contract in fire restoration repair of home. IL insurance agency reused to investigate cause of action.

190

722. BMO Harris Bank and USAA home insurance conspired and discriminated racial & military in breach of contract.

723. BMO Harris Bank discriminate and conspired to charge higher mortgage rate in violation of Soldiers' and Sailors' Relief Act (SSRA) during active military service.

724. In cases involving discrimination in mortgage loans or home improvement loans, the Department may file suit under both the fair Housing Act and the Equal Credit Opportunity Act.

725. Under the *Fair Housing Act (FHA)*, the Department of Justice may bring lawsuits where there is reason to believe that a person or entity is engaged in a "pattern or practice" of discrimination or where a denial of rights to a group of persons raises an issue of general public importance. DOJ has refused to investigate, APA.

726. One of the central objectives of the FHA, when Congress enacted it in 1968, was to prohibit race discrimination in housing.

727. The *Equal Credit Opportunity Act (ECOA), 15 USC 1691 et seq.* prohibits creditors from discriminating against credit applications on the basis of race, color, religion, national origin, sex, marital status, age, because an applicant receives income from a public assistance program, or because an applicant has

in good faith exercised any right under the Consumer Credit Protection Act. Individuals who believe that they have been the victims of any unfair credit transaction involving residential property may file a complaint with HUD or may file their own lawsuit.

728.   In *Alexander v. Riga (3rd Cir)* "...in cases alleging discrimination under FHA the discrimination itself is the harm," and directed the district court to enter judgment for the plaintiff and to hold a new jury trial on whether the plaintiff should be awarded punitive damages.

729.   The most common cause of action against an insurance company that fails to pay a claim is for breach of contract. Insurance policies are contracts and therefore governed by contract law. *Gonzalez v. State Farm Mutual Ins. Co., 242 Ill App. 3d 758, 762 (2nd Dist. 1993).* Blue Cross/Blue Shield conspired with AMA insurance to deny health insurance claims, USAA conspired with BMO Harris Bank to deny mortgage, and insurance that DOT refused to investigate (APA).  Harris Bank violated SSRA with mortgage interest, no statute of limitation.

730.   Where the insurance company fails to perform its obligations under the policy, a right of action exists. "The complaint must show a valid contract of insurance against loss, that the contract was... in force at the time of the loss...

that the plaintiff is covered by the terms of the policy, and must allege a loss from the happening of the event or peril insured against" *524 Insurance, Illinois Law and Practice, Vol. 22A at 293-94 (1999).*

731.   Plaintiff's cause of action for conspiracy and racial and military discrimination in violation of USERRA, FHA, ECOA, and Unfair and Deceptive Acts and Practice (UDAP) to deny rights and benefits earn through civilian and military employment in violation of Civil Rights, and USERRA.

732.   Unfair and Deceptive Acts and Practice (UDAP) statutes in each of the fifty states and the District of Columbia constitute the main line of defense protecting consumers from predatory, deceptive, and unscrupulous business practices.

733.   This is definitely an Unfair and Deceptive Practice of employment discrimination, government rush to a judgment and a conspiracy that violates the Plaintiff's right to a fair trial in state or federal court, keep the USA secret use of RFID to abuse and torture US citizens and military personnel and deny the rights and benefits guaranteed by Congress for service in the uniformed service.

734.   Plaintiff seeks from BMO Harris Bank, USAA, CCA Restoration, AMA Insurance, Blue Cross/Blue Shield Insurance damages FHA, ECOA, UDAP and

USERRA 4323, 28 USC (a)(1) andn28 USC2680 (h), conspiracy 42 USC 1981, -

1983, or -1985, liability 28 USC 1343 (a)(1) and 28 USC 2680 conspiracy 42 USC

1983, -1985 or -1985 and breach of contract.

**Count 17**

735.    Plaintiff is a resident of Miami Gardens, FL

736.    Plaintiff incorporates and reinstates previous paragraphs.

737.    Judges Norgle, Darrah, Dow and 7th Cir., including Easterbrook and Chief

Woods denied these causes of action including USERRA claims.

738.    SCOTUS declined reviewing these causes of action, including torture and

fraud upon the court.

739.    Torture and abuse to Plaintiff's knowledge began in 1970's against an

unnamed person resulting in severe mental health issue today.  The primary

reasons the Plaintiff has been able to survive his personal abuse and torture

has been becoming a physician, the knowledge and training that comes with

becoming a physician.  In addition, observing the unnamed person and in 1996

the US Army attempted to do the same to the Plaintiff without success.

740.    This is in violation of the 13th Amendment of the Constitution, Civil Rights

and USERRA discrimination involving "The Conspiracy USA".

741.   Joined the DOD/Army/Reserved Officers Training Corp. (ROTC) under the Early Commission ROTC Program, August 24, 1978 as a non-scholarship cadet.

742.   In 1979 at Officer's Basic Training the discrimination began by the Sgt. and Cpt. admitting they conspired to lower the Plaintiff's evaluations and grades to avoid placing in the top 10% nationwide.  They stated because the Plaintiff attended an HBCU, Alcorn State University (ASU), the true grades would be too high compared to others from ASU.

743.   Plaintiff complained to Col. Wright, ROTC commander at ASU, who advised not to be concerned.  With lowered grade, was granted Cadet Brigade Commander upon return to the university as the youngest cadet, age 19, ever to hold that position and that remains to this date.

744.   In September 1979, requested to join reserve unit at Vicksburg prior to completing ROTC in accordance with program, however, was delayed and in June 1980 when Sgt. Pick stated that Col Wright did not submit the paperwork.

745.   In addition, May, 1980, as the no. 1 cadet, the ROTC Commander Wright discriminated in violation of USERRA 4311 and refused to provide the "immediate" commissioning without explanation and shortly thereafter retired.

746. The new commander stated he would let me know what action was necessary to be commissioned. December 12, 1982, 2 ½ years later was commissioned unaware to DOPMA (Enacted December 12, 1980) and the loss of rights and benefits with a delay in obtaining the "immediate commission," according to AR-145.

747. While in medical school, an Army recruit informed the Plaintiff of the magnitude of the delay in commission. If there was not DOPMA or change in regulation the commission date would be insignificant, 37 vs 39 years with benefits.

748. During residency in Chicago, contacted Congresswoman Collins attempting to correct the "immediate commission" without success. Upon completion of anesthesiology residency, filed case no. 93 cv 4550, Tartt v. USA, with attorney Sheldon Nagelberg. Plaintiff attorney, US Attorney, JAG attorney and Judge Conlon conspired to deny correction of the commission date though Brady violation and fraud upon the court.

749. Judge Conlon, in trial (transcript destroyed), May 1994, state in final ordered, quoting AR-145 that was absent from discover and trial, as if Plaintiff was a scholarship cadet and ordered to active duty.

750. The Plaintiff attended ASU on an academic scholarship (free without Army assistance). ROTC paid $1,800 for two years of training as a cadet September 1978-May, 1980.

751. Due to Court decision, Plaintiff decided not to appeal. Plaintiff feared retaliation and reported with family remaining in Chicago, IL during service.

752. In January, anonymously found AR-145 and contacted attorney Nagelberg, who refused to act. He strangely started saying (over and over) about the Army hospital being a former mental health facility. Judge Conlon and US Attorney refused any contact, phone, mail and in person.

753. In January 1996, as suspected and almost immediately after discovering AR-145, while at Fort Knox, KY, the Army began abusing and torturing. Using the same tactics described by the unnamed person, and similar to IDHR, to fabricate a diagnose and label the Plaintiff as having a "mental disorder" inconsistent with DSM manual by exposing to various agents and having patients and staff participate.

754. In the cause of action against IDFPR, no doctor or psychologist examined or interviewed was involved in their fraudulent allegations.

755. Just to show simple proof of one instance, one patient was sedated with Versed prior to surgery. After 5-10 minute stated the hospital doctor had told

her to say certain things that were not true to the Plaintiff, but she forgot and asked if I knew why, in front of the surgeon.  Later the surgeon stated not to sedate his patients in the future.

756.   With a surprise visit, 10-yr. old daughter obtained the first concrete evidence as she was exposed to the agents, the Army at Fort Knox assuming that she been treated but she had not.  The Plaintiff had the antidote, as a Cpt.-gyn. attempted to force her to drink while the Plaintiff was in the restroom.

757.   The Army Hospital Commander, in October 1996, sent Chicago Police to Plaintiff's home (vacation) to force hospitalization, attempt to force a medical discharge that failed.

758.   Great Lakes Naval hospital, like the Army hospital, attempted to label the Plaintiff with a mental disorder using a non- Naval psychiatric and Naval officer without success. The Plaintiff was scheduled to be transferred there in a month.

759.   The DOD after attempting for 10 months to force hospitalization, the Army agreed to hardship discharge back to Army Reserves in October 1996.

760.   The Army Commander attempted to deceive the Plaintiff that the discharge was a complete separation from the military until the Plaintiff discussed and viewed the document with a veteran.

761.   Immediately, after leaving, Fort Knox received a strange call to go to Hinds VA Hospital or any mental health hospital from a reserve Naval officer, however, the plaintiff refused Once again, attempting to label Plaintiff with mental disorder).

762.   The next week agreed to go to Chicago Hospital veterans' program, thinking I was a VET.  The next day two men attempted to run the Plaintiff of the road for several miles, near Hinds VA Hospital.  The Plaintiff also began feeling strange and after eluding the men, stopped in a parking lot to rest.

763.   While sitting on the curb, a Forest Park Police officer approached and said I need to go with him to "the hospital, Hines VA Hospital." When asked why, or who called the officer, the officer stated you need to go to "Hinds VA Hospital or be arrested," the same as Chicago Police did earlier in October 1996?

764.   These are illegal acts by police officers and the Military Commander. Concerning the Commander's actions, ruined any chance of continuing as an officer because an officer cannot be in command with a mental illness.

765. Ironically, the IDFPR attempted the same, in February 2016, by revoking a license that was never applied for that could have resulted in loss of medical license nationwide.

766. Appears to be part of the same conspiracy to deny rights and benefits of Civil Rights and USERRA with loss of license and label with a fabricated mental illness. See above.

767. The use of RFID is in progress as every surgery has been outside the normal dating back to 2007 and what occurred leading up to each surgery; firing while in physical therapy, firing the day before scheduling surgery, attempting to delay surgery, firing after surgery, being rear-ended before two back surgeries, insurance companies denying paying for surgery with coverage, IL Insurance Agency denying claims with fabricated claims by insurance companies in plaintiff's area of practice, anesthesiology.

768. Other unnamed surgeons and dentist did the same to implant devices (RFID) to torture and deny the rights and benefits of civilian and military employment. This abuse and torture (violates Constitution 13th Amend.) on behalf of the USA are crimes.

769. The plaintiff has access to multiple surgeons, who are experts in the area of spine surgery, on nearly a daily basis. To this day have discussed the cases

prior to and after surgery and both AMA Insurance and Blue Cross/Blue Shield denied claims since 2007.

770.   RFID, according to experts Drudgaard and Beltran are placed implants during surgery and with alleged flu vaccines.

771.   In 2015, after discovery of article on RFID in flu vaccines, was not terminated immediately by a FL employer, however, stopped answering calls to schedule work at their facility.

772.   Appears that another way to deny benefits by placing implants to torture, deny service and force the Plaintiff to pay over $100,000 in operations cost by denying insurance claims as part of the "Conspiracy".

773.   *Concerning torture, after 400 years of slavery, how can any defense, state of IL or federal attorney in 13 cv 8191 or member of the Senate or House of Representative say they uphold the Constitution when not one person has objected, written or verbally responded to the torture (slavery for 23 years) with RFID or other devices of Tartt. It's legal to torture Tartt but not any other citizen. Someone in writing, a motion, order or memorandum, please explain that to Tartt in this case.*

774.   *What about Human Rights or Human Decency? Does winning or losing mean that much that you will ignore torture of a human being, the*

201

*Constitution and deny their right to be free in society as long as it's a secret;*

*over 300,000 people as of 2015, "really." Is this the new age millennium,*

*resurrection Nazi experiments, secret Jim Crow or Nationalism?*

775. Despite millions lost from the "Conspiracy", the Plaintiff accumulated wealth that the USA had to go further to cause the loss of $100,000 from retirement to pay for surgery, lost $500,000 (fraudulent foreclosure, Harris Bank and attorney Bruzgul) home, lose $102,000,000 condo (Magna Health Systems not promoting).

776. In addition to millions taken by the "Conspiracy" plaintiff lost salary due to not being promoted and paid by 5 employers including the US Army and Anesthesiology Corps (3rd employer NSA paid peers, over $100,000,000 annually from 1993-2000, Magna paid $600,000 from 2000-2009) and 12 employers in FL refused full-time employment (2009-present). Despite, 1 part-time employer and the Plaintiff has accumulated over $300,000 in investments in the past two years as work decreases almost monthly, attempting to force bankruptcy.

777. Note first and only trial (Brady material, fraud upon the court, 1994) that has occurred was littered with fraud upon the court as were the cases that

followed to deny more rights and benefits to present totaling nearly 40 years. What is the value lost and due the Plaintiff?

778.  Now, the Tax Court, DOT/IRS/Judge Lauer through summary judgment $170,000 (violates 4323 (h)(1)) and DOE/Judge Darrah $800,000 debts.  The "Conspiracy" continues to take, deny (benefits, legal counsel, discovery, due process…) supersede (USERRA 4302) or delay rights and benefits of USERRA, Civil and Constitutional rights, it seems by any means necessary, rather than provide the "benefits".

779.  The USA with possibly 500 or more when applying conspiracy laws, all are part of the whole, would rather deny than pay the plaintiff for back pay, damages, position, salary ("benefit").

780.  Plaintiff seeks damages from USA as outlined above.

781.  Torture elements of the "Conspiracy" will be further addressed in injunction.

## Review of Connections of "the Conspiracy."

782.  This demonstrates just how connected this conspiracy is and "voluminous," involving federal and state courts, 7 federal agencies, 4 state of IL agencies, including both Attorney Generals, possibly 20 or more judicial officers, 12 employers named and unnamed, multiple military and private citizens, major

unnamed and named corporations (unnamed includes Apple, Comcast/Infinity, & Microsoft) and the numerous laws both state and federal "the Conspiracy" is willing to violate to protect the USA conspiracy and "secrets" (RFID) from the public to avoid paying the debt owed the Plaintiff for signing the "Early Commission ROTC" contract, August 25, 1978 at age 18.

783.   Specifically, addressing case no. 13 cv 8191, in 3 years almost to the day, Judge Dow had 2 hearings and cancelled at least 8 hearings in less than 48 hours, knowing Tartt lived in Miami Area. The reason there were limited hearings was due to it being obvious Tartt understood the laws and actions by "the Conspiracy.".

784.   The conspirators Judge Dow, "special" attorney Brohman, and Povnik attempts to deceive Tartt in open court as to the merit of the case, therefore, Judge Dow did not want Tartt to be heard, in court, in writing or outside.

785.   The Associated Press located inside the courthouse refused to discuss or schedule an interview to keep "the Conspiracy" silent and secret.

786.   Just a reminder to the court, this is a pro se case, therefore, a less, not more stringent bar to overcome for causes of action drafted by a lawyer. This complaint surely has flaws, however, at a minimum has enough causes of action that warrant denying any motion to dismiss, provide discovery and a

trial with appointment of legal counsel. The latter two have been denied due to conspiracy, discrimination, corruption, cover-up, obstruction, fraud, perjury and fraud upon the court.

787.   The roll in the conspiracy to deny benefits of Harris Bank, USAA Insurance, CCA Restoration, IDI and unnamed City of Chicago Inspectors, AMA Insurance an BC/BS are outline and claims above. See *Fishgold v. Sullivan Dryldack & Repair Corp., 328 US 275, 285 (1946); Alabama Power Co. v. Davis 431 US 581, 584 (1977), House Rep. No. 103-65, 1984 US Code Congressional & Administrative News (USCCAN) 2449, 2452, "liberally construed."*

788.   Petitioner prays this court "doesn't miss the forest for the trees" and validate the conspiracy to deny the rights and benefits of the Constitution, USERRA, Civil Rights or other state of IL and USA, federal laws that have been denied by the defendants.

### Conclusion

789.   The constitutional right is based in "our deep-rooted historic tradition that everyone should have his own day in court," *Ortiz v. Fibreboard Corp., 527 U.S. 815, 846 (5th Cir,1999).* This requires that the adversarial role be maintained without judge's bias, acting as prosecutor or appellee with a hearing.

790.   Torture violates the 13th Amendment, to proceed with these causes of action without due process as Judges Norgle, Darrah, Magistrate Cole, Dow, 7th Cir., SCOTUS and USA have previous (400 years), even with VIDEO EVIDENCE of Radio frequency EMISSIONS being emitted from Tartt's body. "Slavery," sanctioned by the government, appears to be back after over 150 years since passage of the 13th Amendment of the Constitution and the end of the Civil War.

791.   This court needs to determine who specifically initiated, what justifies and what are the terms and length of torture. There has been no due process, or recognition that torture of US citizens exists by the US, therefore, this appears to be a life sentence once designated a "Targeted Individual".

792.   This is unconstitutional, far beyond the scope of the Plaintiff and imperative that it cease before litigating this case.

793.   Video evidence presented to the court demonstrates emissions being emitted from Tartt's computer.  It is clear that the preparation of this document has been compromised by the USA.  Therefore, this must cease in order to insure a fair and constitutional process.

794.   President Obama's assertion that the Northern District of IL and 7th Cir. are not lenient to Civil Rights cases is an understatement.  The Northern District

and 7th Cir. are biased and willing to commit misconduct, cover-up malfeasance and commit a crime, fraud upon the court.

795.   If torture is allowed to continue without the protections of the Bill of Rights, Rights to a Fair Trial, Due Process, and Equal Protection of the Law guaranteed by the Constitution, Congress, state of IL and federal laws due to being secret, without due process or consent, no American can be free.

796.   Quoting Martin Luther King, Jr., "Injustice anywhere is a threat to justice everywhere.  We are caught in an inescapable network of mutuality, tied in a single garment of destiny.  Whatever affects one directly, affects all indirectly."

797.   Plaintiff requests discovery and hearing to cease and desist of all torture and abuse with RFID or other methods, prior to trial that has caused irreparable harm and changed the life, liberties and freedoms of the Plaintiff.

798.   Plaintiff seeks from this court (17 counts) reparations, damages, rights and benefits denied through racial and military discrimination in violation USERRA, Civil Rights, Constitution and other mostly discriminatory laws. These benefits have been denied by federal and state of Illinois agencies, Northern District of IL, Eastern Division, 7th Cir. Court of Appeals, including judges, US attorneys & lawyers (both plaintiff and defense), multiple corporations including banks, insurance, restoration, healthcare and individuals due to fraud, fraud upon the

court, conspiracy, obstruction, negligence and violations of Civil Rights (racial

discrimination), Constitution (due process, torture…), USERRA (military

discrimination) and Administrative Procedure Act.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of

my knowledge, information, and belief that this complaint: (1) is not being

presented for an improper purpose, such as to harass, cause unnecessary delay,

or needlessly increase the cost of litigation; (2) is supported by existing law or by a

non-frivolous argument for extending, modifying, or reversing existing law; (3) the

factual contents have evidentiary support or, if specifically so identified, will likely

have evidentiary support after reasonable opportunity for further investigation or

discovery; and (4) the complaint otherwise complies with the requirements of

Rule 11.

Respectfully,


June 3, 2019

Derrick B. Tartt, pro se
1714 NW 192nd St
Miami Gardens, FL 33056
Phone:773 425-6036


208

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing USERRA,

REPARATION, APA COMPLAINT was served by first-class mail, postage paid, on the

5th day of June, 2019, upon:

Department of Justice                          Office of Solicitor General
                                               US Dept. of Justice
                                               950 Pennsylvania Ave. NW
                                               Washington DC 20330

Wilbur Ross                                    Dept. of Commerce
                                               1401 Constitutional Ave. NW
                                               Washington DC 20230

Department of Labor                            Dept. of Labor
                                               200 Constitution Ave NW
                                               Washington DC 20210

Steven Herrick                                 Tully and Rincky Pllc.
                                               501 W. Broadway
                                               Ste. 800
                                               San Diego, CA 92101

Wyvonnia Bridgeforth                           114 Madison St.
                                               Apt 2
                                               Oak Park, IL 60302

Elijah Meshiah                                 Law Offices
                                               400 W. 76th St.
                                               Chicago, IL 60620

1

James Childs, Jr.

Law Offices
400 W. 76th St.
Chicago, IL 60620

Scott Harris & SCOTUS Clerks

US Supreme Court
1 First St. NE
Washington DC 20543

Magistrate Jeffrey Cole

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge John Darrah (deceased)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Suzanne Conlon (retired)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Joan Humphrey Lefkow

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Charles Norgle

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Judge Robert Dow, Jr.

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

Justice Ann Claire Williams (retired)

US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

2

Justice Richard Posner (retired)                        US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Justice Ilana Rovner                                    US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Justice Michael Kanne                                   US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Justice Daniel Manion                                   US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Justice Kenneth Ripple                                  US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Justice Frank Easterbrook                               US Courthouse
                                                        219 S. Dearborn St
                                                        Chicago, Il 60604

Justice William Bauer                                   US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Chief Justice Diane Woods                               US Courthouse
                                                        219 S. Dearborn St.
                                                        Chicago, IL 60604

Army Board for Correction of                            Department of Army
Military Records                                        251 18th St. South
                                                        Arlington, VA 22202

3

US Attorney James Kubic

US Attorney Office
US Courthouse
219 S. Dearborn St.
Chicago, IL 60604

US Attorney Richard Dockett

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Jeffrey Lieb

Dept. of Army
Army Review Board Agency
251 18th St. South
Ste. 385
Arlington, VA 22202

Steve Mnuchin

Dept. of Treasury
1500 Pennsylvania Ave NW
Washington DC 20220

Judge A. Lauer

US Tax Court
400 Second St.
Washington DC 20217

Gen. Leslie Smith

Office of Inspector General
1700 Army Pentagon
Washington DC 20310

Col. Karen Wrancher

Office of Inspector General
1700 Army Pentagon
Washington DC 20310

Dr. Mark Esper

Secretary of the Army
101 Army Pentagon
Washington DC 20310

Patrick Shanahan

Secretary of Defense
1000 Defense Pentagon
Washington DC 20301

Cheryl Santilli

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Richard Fiore

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Janet Granger

Dept. of Labor
200 Constitution Ave. NW
Washington Dc 20210

Samuel Parks

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Dotress Reeves

Dept. of Labor
200 Constitution Ave.
Washington DC 20210

Charles Wilson

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Heather Higgins

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

Alexander Acosta

Dept. of Labor
200 Constitution Ave. NW
Washington DC 20210

5

Andrew Braniff

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Delores Kennebrew

US Department of Justice
Litigation section
950 Pennsylvania Ave. NW
Washington DC 20330

Eric Dreiband

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

*William Barr*

US Dept. of Justice
950 Pennsylvania Ave. NW
Washington DC 20330

Antoinette Kwateng

Office of Executive Inspector
General
69 W. Washington St.
Ste. 3400
Chicago, IL 60602

Susan Haling

Office of Executive Inspector
General
69 W. Washington St.
Ste. 3400
Chicago, IL 60602

Pam Hansford

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 W. Wacker Dr.
Chicago, IL 60601

Nader Bozorgi

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 W. Wacker Dr.
Chicago, IL 0601

Jay Koikemeister

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

900 N. Michigan Surgery Ctr.

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

Ambulatory Anesthesiologist of Chicago

David Pivnick
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

Magna Health Systems

David Pivnik
McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 60601

David Pivnik

McGuire Woods, LLP
Ste. 4100
77 Wacker Dr.
Chicago, IL 0601

7

James Bennett

IL Dept. of Human Rights
100 W. Randolph St
Chicago, Il 60603

IL Dept. of Insurance

Office of Attorney General
12th floor
100 W. Randolph St.
Chicago, IL 60603

Lisa Madigan IL AG

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

IL Dept. of Financial and Professional Reg.

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

Jay Stewart  IDFPR

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

A Forrester  IDFPR

Office of Attorney General
12th Floor
100 W. Randolph St.
Chicago, IL 60603

J. Fenton IDFPR

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

8

IL Dept. of Human Rights

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

James Bennett

Office of Attorney General
12th Floor
100 Randolph St.
Chicago, IL 60603

John Andresak

Daniel Formeller
Tressler LLP
22nd Floor
233 S. Wacker Dr.
Chicago, IL 60606

DuPage Orthopedic Surgery Ctr.

DuPage Orthopedic Surgery
Ctr.
27650 Ferry Rd.
Warrenville, IL 60555

Sheldon Nagelberg

Jeromy Boeder
Michael Mayer
Tribler, Orpett & Mayer
Ste. 1300
225 W. Washington St.
Chicago, IL 60606

53 W. Jackson Blvd.
Ste. 664
Chicago, IL 60604

JoAnne Bruzgul

Mark Szaflarski
5th Floor
120 S. State St.
Chicago, IL 60603

9

AMA Insurance

Erik Tomberg
Wilson, Elsor, Moskowitz,
Edolman & Dicker, LLP
Ste. 3800
55 W. Monroe St.
Chicago, IL 60603

Healthcare Service Corporation (Blue Cross/
BlueShield)

Michael McColl
Thomas Orlando
Ste. 140
222 N. LaSalle St.
Chicago, IL 60601

United States Automobile Assoc. (USAA)`

Evangelas Spyratos
Spyratos, Davis, LLC
Ste. 2050
Chicago, IL 60601

Donald Pochyly

Dr. D. Pochyly
800 W. Central Rd.
Arlington Hts., IL 60005

Northwest Community Healthcare

800 W. Central Rd.
Arlington Heights, IL 60005

Bruce Crowthers

John Kramer
Kramer Law Grp.
134 N. Washington St.
Naperville, IL 60540

Michael Brohman

Stuart Gimbel
Kamensky Rubinstein Huchman
& Deloit
Ste. 200
7250 N. Cicero Ave.
Lincolnwood, IL 60646

10

Kamensky Rubinstein Huchman & Deloit

Kamensky Rubinstein Huchman & Deloit
Ste. 200
7250 N. Cicero Ave.
Lincolnwood, IL 60646

Michael Marx

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Phil Williams

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Robert Bartolone

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Julie Jones

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 6060340

Trevor DeSilva

Michael Brohman
Roetzel & Andress
Ste. 300
20 S. Clark St.
Chicago, IL 60603

11

Cynthia Valukas

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

Manahar Awatrimani

Michel Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

Northwest Suburban Anesthesiologist LTD

Michael Brohman
Roetzel & Andress, LPA
Ste. 300
20 S. Clark St.
Chicago, IL 60603

McDermott Will & Emory

McDermott Will & Emory
Ste. 4400
227 W. Monroe St.
Chicago, IL 60606

Brian Hucker

Alan Rutkoff
McDermott Will & Emory
Ste. 4400
227 W. Monroe St.
Chicago, IL 60606

CCA Restoration

Patrick Deady
Hogan Marren Bubbo & Rose
LTD
Ste. 1301
321 N. Clark St.
Chicago, IL 60654

12

BMO Harris Bank

Richard Polony
Hinshaw & Culbertson LLP
Ste. 300
222 N. LaSalle St.
Chicago, IL 60601

Continental Anesthesiologist

Brian Sundheim
Pretzel & Stoffer, Charter
Suite 2500
One S. Wacker Dr.
Chicago, IL 60606

David Carr

Brian Sundheim
Prezel & Stoffer, Charter
Ste. 2500
One S. Wacker Dr.
Chicago, IL 60606

CEO Continental Anesthesiologist

Briam Sundheim
Pretzel & Stoffer, Charter
Ste 2500
One S. Wacker Dr.
Chicago, IL 60606

David ??

Brian Sundheim
Pretzel & Stoffer, Charter
Ste. 2500
One Wacker Dr.
Chicago, Il 60606

Delores Pfiffer (US Army civilian)

Secretary of the Army
101 Army Pentagon
Washington DC 20301

Patrick Gookin

Dept. of Defense
Office of Inspector General
4800 Mark Center Drive
Alexandria, VA  22350

_____

Derrick B. Tartt, pro se