UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Derrick B. Tartt**,

      Plaintiff,

  vs.

**Department of Justice; Wilbur Ross;
Department of Labor; Steven Herrick;
Wyvonnia Bridgeforth; Elijah Meshiah;
James Childs, Jr.; Scott Harris; SCOTUS
Clerks; Jeffrey Cole; John Darrah;
Suzanne Conlon; John Humphrey
Lefkow; Charles Norgle; Robert Dow,
Jr.; Ann Claire Williams; Richard
Posner; Ilana Rovner; Michael Kanne;
Daniel Manion; Kenneth Ripple; Frank
Easterbrook; William Bauer; Diane
Woods; Army Board for Correction of
Military Records; James Kubic; Richard
Dockett; Jeffrey Lieb; Steve Mnuchin;
A. Lauer; Leslie Smith; Karen Wrancher;
Mark Esper; Patrick Shanahan; Cheryl
Santilli; Richard Fiore; Janet Granger;
Samuel Parks; Dotress Reeves; Charles
Wilson; Heather Higgins; Alexander
Acosta; Andrew Braniff; Delores
Kennebrew; Eric Dreiband; William
Barr; Antoinette Kwateng; Susan
Haling; Pam Hanford; Nader Bozorgi;
Jay Koikemeister; Surgery Center at 900
North Michigan Avenue, LLC;
Ambulatory Anesthesiologists of
Chicago, LLC; Magna Health Systems,
LLC; David Pivnick; James Bennett;
Illinois Department of Insurance; Lisa
Madigan; Illinois Department of
Financial and Professional Reg.; Jay
Stewart; A. Forrester; J. Fenton; Illinois
Department of Human Rights; James**

Case 1:19-cv-01615-TJK

**Bennett; John Andresak; DuPage Orthopedic Surgery Ctr.; Sheldon Nagelberg; JoAnne Bruzgul; AMA Insurance; Healthcare Service Corporation (Blue Cross/BlueShield); United States Automobile Association (USAA); Donald Pochyly; Northwest Community Healthcare; Bruce Crowthers; Michael Brohman; Kamensky Rubinstein Huchman & Deloit; Michael Marx; Phil Williams; Robert Bartolone; Julie Jones; Trevor DeSilva; Cynthia Valukas; Manahar Awatrimani; Northwest Suburban Anesthesiologist LTD; McDermott Will & Emery LLP; Brian Hucker; CCA Restoration; BMO Harris Bank; Continental Anesthesiologist; David Carr; CEO Continental Anesthesiologist; David; Delores Pfiffer;** and **Patrick Gookin**,

Defendants.

## McDERMOTT WILL & EMERY LLP AND BRIAN HUCKER'S MOTION TO DISMISS

McDermott Will & Emery LLP and Brian Hucker move to dismiss Derrick Tartt's claims against them, because claim preclusion bars the claims. *See* Fed. R. Civ. P. 12(b)(6). Mr. Hucker moves to dismiss the claims on the additional grounds that Dr. Tartt did not properly serve him, *id.* R. 12(b)(5), and that the Court lacks personal jurisdiction over him, *id.* R. 12(b)(2). As explained below, in this lawsuit, Dr. Tartt seeks to revive claims made against McDermott and Mr. Hucker in a 2013 litigation brought in the Northern District of Illinois. That lawsuit ended with the dismissal of the claims with prejudice, a result that survived appellate review. No ground exists for Dr. Tartt to

2

try and bring those claims against McDermott and Mr. Hucker in this Court.

Accordingly, McDermott and Mr. Hucker urge the Court to dismiss Dr. Tartt's claims

against them with prejudice.[1]

## FACTUAL BACKGROUND

### A.     McDermott's Defense of Northwest Community Hospital Against Dr. Tartt.

McDermott and Mr. Hucker's involvement in this matter began nearly two

decades ago, when they successfully defended Northwest Community Hospital against

Dr. Tartt's employment-discrimination claims. *See Tartt v. Nw. Cmty. Hosp.*,

No. 00 C 7960, 2004 WL 2254041, at *1 (N.D. Ill. Oct. 5, 2004). Dr. Tartt alleged that

"NCH discriminated against him on the basis of his military service and race, and

allege[d] that this discrimination adversely impacted his right to retirement benefits,

stock ownership, promotions, increases in salary, and training." *Id.* at *2. The district

court dismissed Dr. Tartt's claims because they had been litigated to a judgment against

him on the merits in a companion case, thereby triggering claim preclusion:

> Since Defendants have successfully shown that case 7959 reached a final
> judgment on the merits, that Defendant [Northwest Suburban
> Anesthesiologists, Ltd.,] is the same as the Defendant in case 7959, that
> Defendant NCH is in privity with NSA, and that the causes of action in
> case 7959 and the present Amended Complaint are identical, the court
> holds that Tartt's present Amended Complaint is barred by *res judicata*.

*Id.* at *5. The Seventh Circuit affirmed. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 823 (7th

Cir. 2006).

---

[1] McDermott and Mr. Hucker do not believe a hearing is necessary to resolve
their motion. *See* D.D.C. R. Civ. P. 7(f).

**B.      Dr. Tartt's First Lawsuit Against McDermott and Mr. Hucker.**

Seven years later, in 2013, Dr. Tartt filed a multifaceted lawsuit against anyone he perceived as playing a role in his previous litigation setbacks, including McDermott and Mr. Hucker. *Tartt v. Magna Health Sys.*, Case No. 13-cv-8191, 2014 WL 4087220, at *1 (N.D. Ill. Aug. 19, 2014). He alleged that "approximately 60 named Defendants"— including the lawyers who represented him, the lawyers who represented his adversaries, and the judges who decided his matters—"participated in a vast campaign of discrimination that began with and snowballed from an allegedly improper delay of his ROTC officer commission in the early 1980s" and that "over the next three decades Defendants conspired to deny the rights and benefits of military service, civilian employment, insurance claims for person and property, breached contracts, fail[ed] to uphold duty as representative and judicial officers; committed fraud, force[d] the plaintiff into servitude, used enhancement and torture to further their cause of denying 'benefits of employment." *Id.* (internal quotation marks omitted) (alterations by court).

Dr. Tartt's specific allegations against McDermott and Mr. Hucker related to their defense of NCH in the earlier case. Dr. Tartt alleged that, on behalf of NCH, McDermott and Mr. Hucker "file[d] a fraudulent claim raising res judicata," even though the two companion lawsuits, in Dr. Tartt's opinion, "were valid claims that stated relief that should have been granted [and] neither had received due process of law a requirement for res judicata. Am. Compl. ¶ 132, *Tartt*, 2014 WL 4087220 (N.D. Ill. Mar. 19, 2014) (Ex. 1). Moreover, Dr. Tartt alleged that McDermott and Mr. Hucker "knew Tartt was denied due process," rendering their argument to the district court

4

"false." *Id.* ¶ 133. Accordingly, Dr. Tartt accused McDermott and Mr. Hucker of

"malpractice, obstructing justice, . . . perjury in [the appellate] oral argument," and

violating

> Common Contract Law, Title 28 USC 1331, 1346, US Constitution, Title VII
> of the Civil Rights Act 1964, title 42 1983–86, 200 et Seq., Title 38 4301–4335,
> Conspiracy 18 USC 371, 386 & 286 & Illinois State Law, the Hospital Act *and*
> *Fraud* to deny benefits of employment-military and civilian concerning
> retention in employment, employment benefits and terminated after
> signing an exclusive agreement with NSA to deny continued practice and
> NCH without notice of 60 days to Plaintiff, Dr. Derrick Tartt as required by
> Illinois Hospital Act.

*Id.* ¶¶ 167, 447; *see also id.* ¶ 199 (referencing "fraudulent complaints filed by Hucker . . .

and [McDermott] conspiring to deny benefits of employment through fraud and

misrepresentations before the court to accomplish the conspiracy goals of denying the

benefits of employment"); *id.* ¶¶ 467–73 (Count 1: conspiracy to obstruct justice and

proceedings); *id.* ¶¶ 564–82 (Count 11: conspiracy to violate Civil Rights Act of 1964; the

Uniformed Services Employment and Reemployment Rights Act of 1994, Pub. L.

No. 103-353, 108 Stat. 3149; constitutional rights; and Illinois Hospital Act and to

commit fraud); *id.* ¶¶ 595–98 (Count 15: same as Count 11 except it includes conspiracy

to commit malpractice); *id.* ¶¶ 758–68 (Count 26:[2] same as Count 15 except it does not

include conspiracy to violate constitutional rights or the Illinois Hospital Act). At

bottom, Dr. Tartt sought to hold McDermott and Mr. Hucker responsible for the harm

he purportedly suffered because he did not prevail against NCH.

---

[2] Dr. Tartt's amended complaint repeats certain count numbers. This one is
denominated Count 15, but it is actually Count 26.

To the extent the claims against McDermott and Mr. Hucker sounded in legal malpractice, the district court found them "time-barred and . . . dismissed [them] with prejudice." 2014 WL 4087220, at *5. In addition, to the extent Dr. Tartt attempted to sue McDermott or Mr. Hucker under USERRA, the court held that Dr. Tartt "ha[d] not alleged that [McDermott or Mr. Hucker] were his employers, or raised any plausible, non-conclusory allegations that they conspired with his employers to violate his USERRA rights." *Id.*

Later in the proceeding, Dr. Tartt amended his complaint and restated the central allegations against McDermott and Mr. Hucker. Am. Compl. (with Corrections) ¶¶ 27, 28, 99, 109–12, 120, 239–41, 314, 391–92, *Tartt v. Magna Health Sys.*, Case No. 13-cv-8191, 2016 WL 6585281 (N.D. Ill. Apr. 20, 2016) (Ex. 2). The court concluded that the restated allegations against McDermott and Mr. Hucker were addressed sufficiently in the earlier opinion, and the court dismissed them on the same grounds and reasoning. *Tartt*, 2016 WL 6585281, at *8 (N.D. Ill. Nov. 7, 2016). The Seventh Circuit summarily affirmed this result. *Tartt v. Magna Health Sys.*, No. 17-1023, 2017 WL 4772538, at *1 (7th Cir. Feb. 14, 2017). The Supreme Court declined to review the case. *Tartt v. Magna Health Sys.*, 138 S. Ct. 120, 120 (2017).

### C.    Dr. Tartt's Second Lawsuit Against McDermott and Mr. Hucker.

Undaunted by the result in the Northern District of Illinois and the Seventh Circuit, Dr. Tartt has attempted to revive his claims against McDermott and Mr. Hucker in this Court. The current allegations are substantively identical to those made in 2013. Dr. Tartt alleges that Mr. Hucker (and McDermott) "falsely alleged the last amended

complaint in case *-7960* (after appeal *03-1558*) was res judicata by stating that cases

00 cv 7959 & -7960 were identical" when "the cases are not identical" and made other

purported misstatements of fact. (ECF. No. 1, USERRA, Reparations & APA Compl.

¶ 113; *see also id.* ¶¶ 27, 123, 167, 228, 249, 477–78, 480, 493–94, 611, 631.) Based on the

same conduct alleged in 2013, Dr. Tartt seeks relief based on many of the same legal

provisions identified in 2013: "Plaintiff seeks from [Mr. Hucker] for fraud upon the

court, willful damages for 28 USC 455, fraud upon the court, USERRA 4311, fraud

perjury, 18 USC 1621, 28 USC 1343, & 28 USC 2680, conspiracy 42 USC 1981 or 1983, . . .

and malpractice" and "Civil Rights, IL Hospital Act and Constitution, [and] breach of

contract." (ECF No. 1, USERRA Compl. ¶¶ 634, 660 (in Counts 12 and 13). There are no

factual allegations for McDermott or Mr. Hucker that could not have been included in

the earlier lawsuit.

**D.    Dr. Tartt's Service of McDermott and Attempted Service of Mr. Hucker.**

On June 7, 2019, McDermott's Chicago office received two envelopes from Dr.

Tartt. (Ex. 3, Rogaczewski Decl. ¶ 2.) Both had been sent by certified mail, return receipt

requested. (*Id.*) One was addressed to the firm, the other was addressed to Mr. Hucker.

(*Id.*) Mr. Hucker had retired from the firm on April 15, 2017. (*Id.* ¶ 3.) Aside from the

summonses, which differed only in their addressees, Dr. Tartt's packages contained

identical contents. (*Id.* ¶ 2.) The firm signed and returned the certified-mail card for the

package to it. (*Id.*)

7

## STATEMENT OF POINTS AND AUTHORITIES

Dr. Tartt has failed to state claims against McDermott and Mr. Hucker upon which relief can be granted, because prior litigation between Dr. Tartt and McDermott and Mr. Hucker precludes relitigating the claims here. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's complaint; it does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint.' " *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). The Court construes all factual inferences in favor of Dr. Tartt when considering McDermott and Mr. Hucker's Rule 12(b)(6) motion. *See Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). The Court, however, can take judicial notice of public records from the proceedings between Dr. Tartt and McDermott and Mr. Hucker. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Dr. Tartt has also failed to properly serve Mr. Hucker with process in this matter. *See* Fed. R. Civ. P. 12(b)(5). The Court can receive extrinsic evidence on Dr. Tartt's attempted service of Mr. Hucker without converting the motion to one for summary judgment. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 343–45 (3d ed. 2004) (describing process of adducing facts in Rule 12(b)(5)

motion practice). "The plaintiff bears the burden of proving that she has effected proper service." *Jouanny v. Embassy of Fr. in the U.S.*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016).

Finally, the Court lacks personal jurisdiction over Mr. Hucker. *See* Fed. R. Civ. P. 12(b)(2). Dr. Tartt bears the burden "to make a prima facie showing of the pertinent jurisdictional facts to survive a motion to dismiss for lack of personal jurisdiction." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56–57 (D.C. Cir. 2017) (internal quotation marks omitted). "Conclusory statements or a bare allegation of conspiracy or agency do not satisfy this burden." *Id.* at 57 (internal quotation marks omitted). Rather, Dr. Tartt must allege specific acts of Mr. Hucker that connect him to this district. *See 2d Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).[3]

## I.   Dr. Tartt's Claims Against McDermott and Mr. Hucker Fail as a Matter of Law Because Prior Litigation Between the Parties Precludes Them.

Dr. Tartt's claims against McDermott and Mr. Hucker are not new. He raised the same claims, based on the same facts, in his 2013 lawsuit against them. The district court dismissed the earlier claims with prejudice, and the appellate court affirmed that result. Claim preclusion prevents Dr. Tartt from reviving those claims in this proceeding, because his earlier lawsuit "(1) involve[ed] the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

---

[3] The Court need not reach either of Mr. Hucker's independent grounds for dismissal if it grants dismissal under claim preclusion.

Both lawsuits by Dr. Tartt involve the same claims or causes of action, because they share the same nucleus of facts. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). The analysis turns on "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (internal quotation marks omitted) "[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page*, 729 F.2d at 820 (internal quotation marks omitted). Here, there is little question that Dr. Tartt's 2013 lawsuit and this one arise from the same facts, at least as they pertain to McDermott and Mr. Hucker. Both cases allege that McDermott and Mr. Hucker acted improperly in their defense of NCH in the 2000 lawsuit and "falsely" argued for that case's dismissal, thereby denying Dr. Tartt benefits purportedly owed him by his employer or the government. *Compare* Am. Compl. ¶¶ 132, 133, 167, 199, 447, *Tartt*, 2014 WL 4087220 (Ex. 1); Am. Compl. (with Corrections) ¶¶ 27, 28, 29, 109–12, 120, *Tartt*, 2016 WL 6585281 (Ex. 2), *with* (ECF No. 1, USERRA Compl. ¶¶ 27, 113, 123, 167, 228, 249, 477–78, 480, 493–94, 611, 631). The facts related to McDermott and Mr. Hucker in this case are not different from those alleged against them in 2013. Indeed, even the causes of action in the lawsuits are substantially identical. *Compare* Am. Compl. ¶¶ 467–73, 564–82, 595–98, 758–68, *Tartt*, 2014 WL 4087220 (Ex. 1); Am. Compl. (with Corrections) ¶¶ 239–41, 314, 391–92, *Tartt*, 2016 WL 6585281 (Ex. 2), *with* (ECF No. 1,

USERRA Compl. ¶¶ 634, 660). As it relates to McDermott and Mr. Hucker, this lawsuit is nothing more than an attempt to relitigate the claims raised in Dr. Tartt's 2013 case.

Dr. Tartt's litigation against McDermott and Mr. Hucker satisfies the other claim-preclusion elements as well. Identity of parties exists, because Dr. Tartt sued McDermott and Mr. Hucker in 2013, and he sued them again in this case. The 2013 case ended with dismissal of the claims against McDermott and Mr. Hucker on the merits and with prejudice. *Tartt*, 2014 WL 4087220, at *5 (dismissing claims as time-barred and legally insufficient); *Tartt*, 2016 WL 6585281, at *8 (same), *aff'd*, No. 17-1023, 2017 WL 4772538 (7th Cir. Feb. 14, 2017), *cert. denied*, 138 S. Ct. 120 (2017). And the rulings in the prior case were made by courts of competent jurisdiction.

Claim preclusion requires dismissal of Dr. Tartt's claims against McDermott and Mr. Hucker.

## II.   The Claims Against Mr. Hucker Are Also Subject to Dismissal Because Dr. Tartt Did Not Serve Mr. Hucker and the Court Lacks Personal Jurisdiction over Mr. Hucker.

### A.   Mr. Hucker Has Not Been Served Properly.

Dr. Tartt must "demonstrate that the procedure [he] employed [to serve Mr. Hucker] satisfied" Federal Rule of Civil Procedure 4(e). *See Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). If Dr. Tartt has not satisfied Rule 4(e), then the Court "lacks authority to exercise personal jurisdiction over" Mr. Hucker. *See Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). Accordingly, "[f]ailure to effect proper service is . . . a fatal jurisdictional defect, and is grounds for dismissal." *Jouanny*, 220 F. Supp. 3d at 38 (internal quotation marks omitted).

Dr. Tartt attempted to effect service of process on Mr. Hucker through certified mail. (Ex. 3, Rogaczewski Decl. ¶ 2.) Mr. Hucker retired from McDermott in April 2017. (*Id.* ¶ 3.) Nevertheless, Dr. Tartt mailed the process in this matter to Mr. Hucker at McDermott and not to Mr. Hucker at his place of residence. (*Id.* ¶ 2.)

This did not satisfy Rule 4(e). Dr. Tartt did not deliver process to Mr. Hucker personally, leave it at his residence, or deliver it to Mr. Hucker's agent for service of process. Fed. R. Civ. P. 4(e)(2). Dr. Tartt could have also employed a method of service permitted in the District of Columbia (where the case is pending) or Illinois (where service was attempted). Mr. Hucker is unaware, however, of any component of District or Illinois law that would permit a plaintiff to serve a defendant by directing process to where the defendant used to have an office. Accordingly, Dr. Tartt has not served Mr. Hucker.

### B.    Mr. Hucker Is Not Subject to the Court's Jurisdiction.

Personal jurisdiction over Mr. Hucker is "not a mere technicality" but "an essential element" of the Court's power to proceed, at least against Mr. Hucker. *See IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 109 (D.D.C. 2018) (internal quotation marks omitted). Two types of personal jurisdiction can exist, but neither exists over Mr. Hucker in this Court on these claims. General personal jurisdiction in this Court would require Mr. Hucker to reside here, but Dr. Tartt does not (and, indeed, cannot) allege Mr. Hucker resides in the District. *See Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Specific personal jurisdiction in this Court would require Mr. Hucker to have sufficient contacts with the forum related to Dr. Tartt's claims, but Dr. Tartt alleges no facts tying

Mr. Hucker's actions on this case to the District. *See Walden v. Fiore*, 571 U.S. 277, 283 (2014). Accordingly, the complaint in this case does not allege facts sufficient to establish personal jurisdiction over Mr. Hucker.

## CONCLUSION

McDermott and Mr. Hucker have already prevailed against Dr. Tartt on his claims that their representation of their client nearly two decades ago breached duties to Dr. Tartt. Accordingly, McDermott and Mr. Hucker urge the Court to dismiss the claims with prejudice under the doctrine of claim preclusion. If nothing else, Mr. Hucker urges the Court to dismiss the claims against him for failure to serve him properly and because the Court lacks personal jurisdiction over him.

Dated: June 27, 2019

Respectfully submitted,

/s/ Joshua David Rogaczewski
Joshua David Rogaczewski
(D.C. Bar No. 490468)
(jrogaczewski@mwe.com)
Deputy General Counsel
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001
202.756.8195
202.591.2757 fax

*Counsel to McDermott Will & Emery LLP*
*and Brian Hucker*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **McDermott Will & Emery LLP and Brian Hucker's Motion To Dismiss** was served by filing it with the Court's electronic-filing system and by sending it by first-class mail, postage prepaid, on June 27, 2019, to:

> Derrick B. Tartt
> 1714 Northwest 192d Street
> Miami Gardens, Florida 33056.

/s/ Joshua David Rogaczewski
Joshua David Rogaczewski