UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK B. TARTT, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, et. al. )<br>)<br>Defendant. )<br>) | Civil Action No. 1:19-cv-01615 (TJK) |

**MOTION OF DEFENDANT STEVEN HERRICK
TO DISMISS COMPLAINT WITH PREJUDICE AND FOR SANCTIONS**

NOW COMES Defendant Steven Herrick[1], by his attorney, Stephanie Rapp-Tully, Esq., of Tully Rinckey, PLLC, who, pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Motion to Dismiss with Prejudice the complaint filed by Plaintiff, Derrick B. Tartt ("Mr. Tartt"). The moving defendant also seeks sanctions under Federal Rule of Civil Procedure 11.

**Background**

1. Mr. Tartt retained Tully Rinckey PLLC (the Firm) on or about March 23, 2010 pursuant to a written agreement. Mr. Herrick signed the agreement on behalf of the firm as Managing Partner of its Washington, D.C., Office. The stated scope of representation was "reviewing the history of legal action subsequent to termination by Northwest Suburban Anesthesiologists ("NSA"); research and analysis of potential retaliation or other claim against Ambulatory Anesthesiologists ("AA")."

2. In 2011, Mr. Herrick, on behalf of the Firm, provided Mr. Tartt with a written analysis of the referenced matters.

---

[1] Mr. Herrick is the fourth defendant named on Plaintiff's Certificate of Service.

3. In July 2012, Mr. Herrick, again on behalf of the Firm. provided written legal analysis regarding other possible claims by Mr. Tartt. At that time, Mr. Tartt was advised that "this letter concludes our attorney-client relationship."

4. On August 3, 2012, Mr. Herrick sent Mr. Tartt a letter affirming that the Firm's representation of him had concluded.

5. Nothing further was heard from Mr. Tartt until on or about October 24, 2013, when Mr. Herrick received a "Counter Claim (Crossclaim Against Coparties)(Joining Additional Parties)." Mr. Tartt purported to serve this document in an action against him by the United States of American in the U.S. District Court for the Northern District of Illinois Eastern Division. Ultimately, he was denied leave to file this document.

6. Mr. Tartt then filed a complaint in the same Court (Docket No. 1:13-cv-08191). Mr. Herrick, named as "Steve Herrick," was one of several dozen defendants named in that action.

7. On December 30, 2013, Mr. Herrick filed his Answer, noting that although he was named in the Complaint, there were no substantive allegations against him.

8. Ultimately, on November 7, 2016, Judge Robert Dow, Jr. dismissed Mr. Tartt's Fourth Amended Complaint in the action *sua sponte* with prejudice as it related to all of Mr. Tartt's claims. A monetary sanction was imposed against Mr. Tartt.

9. In or around January 2017, Mr. Tartt appealed the District Court's Dismissal to the Seventh Circuit Court of Appeals. Case No. 17-1023.

10. On or about March 14, 2017, the Court of Appeals affirmed the District Court's decision and imposed sanctions against Mr. Tartt "for filing a frivolous appeal."

11. On or about June 13, 2019, Mr. Herrick received the above referenced complaint in which he is named as one of a group of defendants much larger than in the prior action.

12. Mr. Herrick now seeks dismissal of this complaint and sanctions for Mr. Tartt's continued abuse of the process system.

## ARGUMENT

13. It has been long established that a complaint must set forth sufficient factual information to state a claim of relief that is plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2008).

14. The Court in *Ashcroft* clarified the plausibility standard by explaining that it "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. Rather, "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.

15. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a defendant notice of the claim and the factual basis for such a claim.

16. In the 204-page complaint, Mr. Herrick is mentioned a mere six times and only by "Herrick" or "Attorney Herrick." *See* Complaint, Docket No. 1.

17. Four of the six references include only Mr. Herrick's name in a string of other defendants without any description of what wrongful acts Mr. Herrick allegedly committed *See* Complaint, Docket No. 1, ¶¶ 2, 16, 149, 503.

18. The fifth and sixth reference on page 145, ¶¶ 496, 497 of the complaint states:

> 496. Attorney Herrick, an USERRA expert, in 2009, discrimination (racial, Title VII and military, USERRA) conspired and committed fraud upon the court outside the court and produce fabricated documents to deceive and persuade the Petitioner from filing case 13 cv 7907, Tartt v. Magna and withdrew representation on the same day the USA filed 12 cv 1416 USA v. Tartt.

3

> 497. Attorney Herrick thought the Petitioner had lost the termination letter and sent a fraudulent copy with a different date.

19. These two paragraphs are devoid of the factual content required to satisfy the pleading standard.

20. Furthermore, under Rule 12(b)(6), the complaint against Mr. Herrick should be dismissed because the claims of "conspiracy" and "fraud" are well past the statute of limitations.

21. Both fraud and conspiracy have a three-year statute of limitations in the District of Columbia. *See* District of Columbia Official Code §12-301(8).

22. Even assuming that Mr. Tartt did not become aware of Mr. Herrick's alleged fraud and conspiracy until he filed the "Counter Claim" in October 2013, that was well over five years ago and, thus, beyond the Statute of Limitations.

23. Moreover, Mr. Tartt lacks standing to bring his claims against Mr. Herrick because he has not alleged any damage that is the proximate or direct cause of Mr. Herrick's alleged actions. Nowhere in the complaint does Mr. Tartt provide any information on how Mr. Herrick caused Mr. Tartt harm upon which relief can be sought or granted. Not agreeing with an attorney's advice is not an actionable harm.

## Argument – Sanctions

24. The moving Defendant respectfully requests not only that Plaintiff's complaint be dismissed with prejudice but also that this Honorable Court impose a monetary sanction against Plaintiff due to his repeated abuse of the legal process.

25. Both the U.S. District Court for the Northern District of Illinois, Eastern Division, and the Seventh Circuit Court of Appeals have sanctioned Mr. Tartt. This has not dissuaded him but instead led him to forum shop, in the apparent hope of avoiding the wrath of the prior

Courts. However, the fact remains that Mr. Tartt's current action is again devoid of legal merit and is nothing more than continued and, indeed, expanding, harassment.

26. Therefore, the moving Defendant requests an award of sanctions in an amount sufficient to deter Mr. Tartt's shameful abuse of the Court system and harassment of defendants.

## **Conclusion**

27. Based on the foregoing, Defendant Steven Herrick respectfully requests that this Honorable Court Dismiss Plaintiff's Complaint with prejudice and award sanctions against Plaintiff.

                                            Respectfully submitted,

                                            By: /s/ Stephanie Rapp-Tully
                                            Stephanie Rapp-Tully (D.C. Bar 1016900)
                                            Tully Rinckey, PLLC
                                            815 Connecticut Ave., N.W.
                                            Suite 720
                                            Washington, DC 20006
                                            (202) 787-1900
                                            SRappTully@fedattorney.com

                                            *Counsel for Defendant Steven Herrick*

June 28, 2019