IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK B. TARTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:19-cv-01615-TJK |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DAVID PIVNICK'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant David Pivnick[1] ("Mr. Pivnick"), by and through his counsel of record, hereby submits this memorandum in support of his motion to dismiss, with prejudice, the complaint ("Complaint") filed by Plaintiff Derrick B. Tartt ("Plaintiff") as to Mr. Pivnick pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).[2] The grounds for this motion are set forth below.

## INTRODUCTION

In a rambling, 798-page, 208-paragraph Complaint, Plaintiff claims "to seek to recover the rights and benefits of military and civilian employment denied in a conspiracy by the United States of America: and "freedom and reparations for abuse and torture." *See* ECF No. 1 ¶ 1. Plaintiff's Complaint names nearly 100 Defendants and purports to include as Defendants another "93 plus not named and unknown federal and state of Illinois agents", and invokes over 60 statutes, yet fails to set forth *any* cognizable causes of action. *See generally* ECF No. 1.

---

[1] In his Complaint, Plaintiff spells Mr. Pivnick's last name incorrectly, as "Pivnik." *See* ECF No. 1.

[2] Mr. Pivnick does not request an oral hearing on this motion under D.D.C. Local Civ. R. 7(f).

In 2013, Plaintiff filed a largely similar complaint in the United States District Court for the Northern District of Illinois (the "Illinois Action"), which the District Court dismissed *sua sponte*. *See Tartt v. Magna Health Systems et al.*, Case No. 1:13-cv-8191 (N.D. Ill.) ECF No. 158 (Aug. 19, 2014 Memorandum Opinion and Order). The Seventh Circuit not only affirmed the dismissal of the Illinois Action, but sanctioned Plaintiff for filing a frivolous appeal of that dismissal and forbade the filing of *any* other papers by the Plaintiff in the courts of the Seventh Circuit unless the sanction was paid. *See Tartt v. Magna Health Systems et al.*, Case No. 1:13-cv-8191 (N.D. Ill.) ECF No. 259 (Certified Copy of February 14, 2018 Order).

Among the few changes in the Complaint before this Court from the complaint that was dismissed with prejudice in the Illinois Action is the addition of the scandalous allegation of conspiracy in the dismissal of the earlier suit, and the inclusion as Defendants, of the Honorable Robert M. Dow, Jr., the United States District Judge in Illinois who dismissed the Illinois Action, nine sitting or former Seventh Circuit Court of Appeals Judges, and Mr. Pivnick, who successfully represented five of the defendants in the Illinois Action. Without citing a single fact in support, Plaintiff conclusorily claims that Mr. Pivnick committed a fraud on the court and engaged in a conspiracy to violate various federal laws in successfully representing his clients in the Illinois Action.

Notwithstanding the convoluted nature of the Complaint, it is clear that (1) the Court lacks personal jurisdiction over Mr. Pivnick; (2) the Court lacks subject matter jurisdiction over the Complaint; (3) the claims against Mr. Pivnick are time-barred under applicable statutes of limitations; and (4) Plaintiff fails to state a claim for relief against Mr. Pivnick. Thus, Mr. Pivnick respectfully requests that this Court grant his motion and dismiss the claims against him with prejudice.

**RELEVANT BACKGROUND**

Plaintiff's Complaint does not allege the citizenship of any of the parties, although Plaintiff does endorse the Complaint with a statement of his address in Florida. *See* ECF No. 1 ¶¶ 1, 2; p. 208. As best as Mr. Pivnick can decipher, Plaintiff alleges, without any supporting facts, that Mr. Pivnick has committed a fraud upon the court and participated in a conspiracy to violate various federal laws by successfully representing his clients in the prior Illinois Action. *See* ECF No. 1 ¶¶ 331–45, 711–12, 734, 766, 784, 787.[3] Plaintiff alleges, again, without any facts, that in the Illinois Action, Mr. Pivnick purportedly deceived the court and conspired with other attorneys and judges to secure the dismissal of Plaintiff's claims as to his clients.[4] *See* ECF No. 1 ¶¶ 331–332, 711–12, 784. Beyond the addition of the scandalous allegations regarding the lawyers' and the courts' conduct in the Illinois Action, the instant Complaint largely realleges the underlying "claims" that were dismissed with prejudice in that Action. *See generally* ECF No. 1. In light of this prior dismissal with prejudice and the Seventh Circuit's affirmance and sanction of Plaintiff for his appeal of that dismissal,[5] this Court should not only dismiss the claims against Mr. Pivnick, with prejudice, but would also be justified in dismissing Plaintiff's Complaint in its entirety with prejudice. Indeed, at least one Defendant in this action has moved to dismiss the Complaint based on the *res judicata* preclusion created by the dismissal of the Illinois Action. *See* ECF Nos. 11, 14.

**STANDARD OF REVIEW**

---

[3] There appears to be duplicate numbering of paragraphs in the middle of the Complaint.

[4] Mr. Pivnick served as counsel for Defendants Magna Health Systems, Dr. Nader Bozorgi, Jay Koikemeioster, Ambulatory Anesthesiologist of Chicago, Surgery Center at 900 N. Michigan, LLC, and Pamela Hanford in Case No. 1:13-cv-8191 in the Illinois Action.

[5] The Seventh Circuit sanctioned Plaintiff $1,500 for his frivolous appeal, noting that "[i]f the appellant fails to pay the sanction by the due date, this court will enter an order directing the clerks of all federal courts in this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of the appellant unless and until he pays in full the sanction that has been imposed against him." *See* Case No. 1:13-cv-8191 ECF No. 259 pp. 1-2.

3

I.      **Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) "presents a threshold challenge to the Court's jurisdiction ... [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Curran v. Holder,* 626 F. Supp. 2d 30, 32 (D.D.C. 2009) (internal citation and quotation marks omitted). On a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because subject-matter jurisdiction focuses on the court's power to hear the claim. *See Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003). In deciding a motion to dismiss challenging the Court's subject-matter jurisdiction under Rule 12(b)(1), a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia,* 514 F.3d 1279, 1283 (D.C. Cir. 2008), but courts are "not required ... to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations," *Rann v. Chao,* 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Ultimately, where subject-matter jurisdiction does not exist, "the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

II.     **Federal Rule of Civil Procedure 12(b)(2)**

"When personal jurisdiction is challenged, the plaintiff must demonstrate that each defendant is subject to personal jurisdiction in the forum." *Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 22 (D.D.C. 2014). "It is the plaintiff's burden to make a *prima facie* showing that this Court has personal jurisdiction over a defendant. 'Plaintiff must allege

4

specific facts on which personal jurisdiction can be based; [the Plaintiff] cannot rely on conclusory allegations.' Furthermore, when considering personal jurisdiction, the Court need not treat all of the petitioner's allegations as true. Instead, the Court 'may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts.'" *Nat'l Resident Matching Program v. Elec. Residency LLC*, 720 F. Supp. 2d 92, 97 (D.D.C. 2010) (internal citations omitted).

The District of Columbia's long-arm statute, which extends the personal jurisdiction of its courts to non-residents, has been held to extend as far as the Due Process Clause of the United States Constitution allows. Thus under that statute, personal jurisdiction exists in both the District of Columbia's courts and this Court over a non-resident defendant "when the defendant has purposely established minimum contacts with the forum state such that the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Plaintiffs may discharge the requirements of purposeful availment [of the benefits of the forum jurisdiction] by 'showing that all the requirements of the Long Arm statute have been met,' but '[m]ere conclusory statements … will not suffice.'" Frost v. Catholic Univ. of Am., 960 F. Supp. 2d 226, 231 (D.D.C. 2013) (internal citations omitted); see also Azamar v. Stern, 662 F. Supp. 2d 166, 171 (D.D.C. 2009) ("For the Court to exercise personal jurisdiction over a defendant, the Due Process Clause requires that plaintiffs show minimum contacts between the defendant and the forum establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Moreover, the defendant's conduct and connection with the forum State should be such that the defendant should reasonably anticipate being haled into court there." (internal citations and quotation marks omitted)).

The District of Columbia's Long-Arm Statute, D.C. Code § 13-423, provides, in pertinent part, the following:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's[:]

   (1) transacting any business in the District of Columbia;

   (2) contracting to supply services in the District of Columbia;

   (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

   (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

   (5) having an interest in, using, or possessing real property in the District of Columbia;

   (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;
   …

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

### III. Federal Rule of Civil Procedure 12(b)(6)

A district court may dismiss a claim under Rule 12(b)(6) if, having accepted all factual allegations as true, the plaintiff nonetheless fails to state "plausible grounds" for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a claim will not do." *Twombly*, 550 U.S. at 555.

In *Iqbal*, the Supreme Court of the United States further explained the plausibility standard for analyzing a motion to dismiss under Rule 12(b)(6):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation). Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. ... While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, 129 S. Ct. 1937, 1940 (quotations and citations omitted).

"A defendant may raise the affirmative defense of a statute of limitations via a Rule 12(b)(6) motion when the facts giving rise to the defense are apparent on the face of the complaint." *National R.R. Passenger Corp. v. Lexington Ins. Co.*, 357 F. Supp. 2d 287, 292 (D.D.C. 2005). Thus, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Saunders v. D.C.*, 789 F. Supp. 2d 48, 51 (D.D.C. 2011) (quoting *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).

### IV.   *Pro Se* Litigants

The pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 92, 127 S. Ct. 2197, 2199, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). However, "although a court will read a

pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche,* 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

## ARGUMENT

### I. The Court Does Not Have Personal Jurisdiction Over Mr. Pivnick.

First and foremost, this Court lacks general and specific personal jurisdiction over Mr. Pivnick because Mr. Pivnick does not have continuous or systematic contact with the District of Columbia and the activities alleged in the Complaint have no meaningful connection to this jurisdiction. The Complaint should be dismissed on this basis alone.

Plaintiff bears the burden of establishing a factual basis for exercising personal jurisdiction over Mr. Pivnick. *See Reuber v. United States*, 750 F.2d 1039, 1052 (D.C. Cir. 1984). Further, Plaintiff must make a prima facie showing of facts supporting jurisdiction, alleging specific acts connecting each defendant with the forum. *See Associated Producers, LTD v. Vanderbilt University*, 76 F. Supp. 3d 154, 161 (D.D.C. 2014). Conclusory statements and bare allegations are not sufficient to carry Plaintiff's burden. *Id*.

Here, Plaintiff has not – and cannot – allege any facts to support a finding that the Court has general or specific personal jurisdiction over Mr. Pivnick. First, the Court does not have general personal jurisdiction over Mr. Pivnick because Mr. Pivnick does not reside in the District of Columbia but instead resides and works in and around Chicago, Illinois, and he does not have continuous or systematic contacts with the District.[6] *See Daimler AG v. Bauman*, 571 U.S. 117,

---

[6] Indeed, Plaintiff attempted to effect service on Mr. Pivnick at his business address in Chicago, Illinois. And although the law firm that Mr. Pivnick works for has an office in the District of Columbia, Mr. Pivnick does not regularly practice in the District of Columbia and is not licensed to practice law in the District of Columbia. Notably, personal jurisdiction over Mr. Pivnick must be based on *his* personal contacts with the District of Columbia, rather than any act carried out in his capacity as a Partner of the law firm of McGuireWoods, LLP. *See, e.g., Bailey v. J & B Trucking Servs., Inc.,* 577 F. Supp. 2d 116 (D.D.C. 2008) (a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the

126 (2014).  Second, the Court does not have specific personal jurisdiction over Mr. Pivnick in this matter because Plaintiff fails to allege a single contact with this forum which gives rise to his "claims".  Instead, Plaintiff alleges fraud on the court and conspiracy in connection with a 2013 case in federal court in Illinois with no nexus to the District of Columbia and against an individual who, for the purposes of personal jurisdiction, is a stranger to the District.

Plaintiff has thus failed to make a prima facie showing of jurisdictional facts or allege any basis for personal jurisdiction over Mr. Pivnick, and the Complaint must be dismissed as to Mr. Pivnick.  *See Ghaffari v. Wells Fargo Bank, N.A.,* 937 F. Supp. 2d 1, 4-5 (D.D.C. 2013) (dismissing action where plaintiff made no allegation that the defendant had any contacts--either related to this claim or otherwise--with the District of Columbia).

## II. The Court Does Not Have Subject Matter Jurisdiction Over Claims Against Mr. Pivnick.

This Court does not have subject-matter jurisdiction over the claims against Mr. Pivnick because (1) Plaintiff's claims are "essentially fictitious" or otherwise "fanciful"; (2) Plaintiff fails to plead any federal questions in his Complaint against Mr. Pivnick and (3) Plaintiff fails to allege facts to satisfy diversity jurisdiction.

First, federal courts have found that claims that are "wholly insubstantial or frivolous" lack subject matter jurisdiction to be heard.  *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).  Dismissal for lack of subject-matter jurisdiction is proper when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666, 94 S. Ct.

---

corporation); *Simkins Corp. v. Gourmet Resources Int'l,* 601 F. Supp. 1336, 1345 (E.D. Pa. 1985) (corporate director's actions taken in his corporate capacity are, by themselves, insufficient to bring him within the jurisdiction of the court).

772, 777, 39 L. Ed. 2d 73 (1974); *see also Romero v. International Terminal Operating Co.,* 358 U.S. 354, 359, 79 S. Ct. 468, 473, 3 L. Ed. 2d 368 (1959).  Under Rule 12(b)(1), a claim is "patently insubstantial" when it presents "no federal question suitable for decision." *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir. 1994).  In decisions eerily apposite to this case, it has been decidedly held that claims that are "essentially fictitious" or otherwise "fanciful claims" such as those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind, [or] any sort of supernatural intervention" warrant a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* at 330–31; *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 285, 113 S. Ct. 753, 767–768, 122 L. Ed. 2d 34 (1993); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S. Ct. 410, 411–412, 57 L. Ed. 716 (1913).  In other words, a claim that is "so attenuated and insubstantial as to be absolutely devoid of merit" should be dismissed. *Newburyport Water Co. v. Newburyport,* 193 U.S. 561, 579, 24 S. Ct. 553, 48 L. Ed. 795 (1904).  A cursory read through any portion of Plaintiff's Complaint reveals that Plaintiff's claims are exactly the type of "bizarre conspiracy theory" that warrant dismissal under Rule 12(b)(1).

Although the authority above provides an independent ground to dismiss Plaintiff's claims for lack of subject matter jurisdiction, the Court does not have subject matter jurisdiction under any traditional analysis, either.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006) (internal

quotations omitted).  As a general rule, federal law must create the cause of action for a complaint to be valid under § 1331.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) (noting that a claim under 42 U.S.C. § 1983 appropriately is pled in federal court under § 1331).  A federal district court does not have federal question jurisdiction under § 1331 if the claims are based solely on state law.  *See Pan Am. Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 663 (1961).  Here, although Plaintiff does set forth a laundry list of federal statutes, *see* ECF No. 1 ¶ 2, the only claims against Mr. Pivnick appear to be fraud on the court and conspiracy.  *See*  ECF No. 1 ¶¶ 331, 332, 771, 712.  Plaintiff fails to show how either a claim for fraud on the court or conspiracy will provide federal question jurisdiction under § 1331.  Even a well-pled claim for fraud or conspiracy arises exclusively under state law, and cannot provide federal question jurisdiction under § 1331.  Therefore, 28 U.S.C. § 1331 does not give this Court jurisdiction.

Although Plaintiff includes two paragraphs under a section titled "Diversity Jurisdiction," *see* ECF No. 1 ¶¶ 6-7, Plaintiff fails to establish that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  In order for diversity jurisdiction to exist, there must be complete diversity between the parties, meaning that each defendant is a citizen of a different state from each plaintiff, and the "amount in controversy" must exceed $75,000.  *See* 28 U.S.C. § 1332(a); *see also Nytes v. Trustify, Inc.,* 297 F. Supp. 3d 191 (D.D.C. 2018); *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 69 (D.D.C. 2014).  Although diversity of citizenship exists between Plaintiff, a citizen of Florida, and Mr. Pivnick, a citizen of Illinois, Plaintiff fails to allege that other named Defendants are not also citizens of Florida.  Furthermore, nowhere in the Complaint does Plaintiff allege an amount in controversy exceeding $75,000.  *See generally* Compl.  Because Plaintiff failed to meet the diversity requirements of § 1332, his claims against

Mr. Pivnick must be dismissed on this basis as well. *See Int'l Creative Talent Agency, LLC v. Turkish Republic of N. Cyprus*, 856 F. Supp. 2d 223, 227 (D.D.C. 2012) (finding no diversity jurisdiction where complaint failed to allege that a sum over $75,000 was in controversy).

### III. The Statute of Limitations for Each of Plaintiff's Claims Expired Well Before He Filed the Complaint

Plaintiff's claims are governed by a three-year statute of limitations. *See Lu v. Lezell*, 45 F. Supp. 3d 86, 93 (D.D.C. 2014) ("In the District of Columbia, the statute of limitations for professional negligence, fraud, and civil conspiracy is three years[.]"); *Curtis v. Lanier,* 535 F. Supp. 2d 89, 95 (D.D.C. 2008); *C & E Servs., Inc. v. Ashland, Inc.,* 498 F. Supp. 2d 242, 261 (D.D.C. 2007); D.C. Code § 12-301(8) (providing that "[e]xcept as otherwise specifically provided by law, actions for which a limitation is not otherwise specially prescribed ... may not be brought after the expiration of [three years] ... from the time the right to maintain the action accrues").

"Statutes of limitations begin to run 'from the time the right to maintain the action accrues.'" *Newland v. Aurora Loan Servs., LLC*, 806 F. Supp. 2d 65, 70 (D.D.C. 2011) (citing D.C. Code § 12-301).[7] In this case, Plaintiff alleges that Mr. Pivnick conspired with Judge Dow

---

[7] The District of Columbia applies a discovery rule to determine when a right of action accrues for tort claims. *See Johnson v. Long Beach Mortg. Loan Trust 2001-4*, 451 F. Supp. 2d 16, 40-42 (D.D.C. 2006). Under the discovery rule:

> [A]n action accrues when a plaintiff knew or should have known through the exercise of reasonable diligence of: (1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing. ...
>
> [A] plaintiff does not have carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm. ... Rather, a plaintiff's cause of action accrues when the plaintiff is on inquiry notice of wrongdoing, which begins when the plaintiff has reason to suspect that the defendant did some wrong, even if the full extent of the wrongdoing is not yet known. ... The determination of [w]hat constitutes the accrual of a cause of action is a question of law, but [w]hen accrual actually occurred in a particular case is a question of fact. The court therefore must engage in a fact-specific inquiry to evaluate a party's 'reasonable diligence' in pursuing evidence of wrongdoing.

*Newland*, 806 F. Supp. 2d at 70-71 (quotations and citations omitted).

12

and Mr. Brohman in 2013 and committed a fraud upon the court during a judicial proceeding in January 2014 in Case No. 1:13-cv-8191 in the United States District Court for the Northern District of Illinois. *See* ECF No. 1 ¶¶ 331-32. Plaintiff's allegations indicate that he knew of the alleged fraud and conspiracy at the time they were committed. *See id.* Indeed, most of Plaintiff's allegations relate to statements made at a hearing in open court that Plaintiff attended, so he would certainly have been aware of any purported "misconduct" related to either claim as of the date it occurred. Yet Plaintiff did not file his Complaint until June 2019. As such, Plaintiff failed to bring his claims against Mr. Pivnick within three years as required. Accordingly, each of Plaintiff's claims against Mr. Pivnick is time-barred, and the Complaint should be dismissed with prejudice.

**IV.     Plaintiff Has Failed To State A Claim For Relief.**

Plaintiff purports to allege two claims against Mr. Pivnick: (1) fraud upon the court; and (2) conspiracy. Plaintiff fails to state a claim for relief under Rule 12(b)(6) for either claim.

A. <u>Plaintiff Fails to State a Claim for Fraud Upon the Court</u>.

First, to the extent Plaintiff is alleging an independent action for fraud upon the Court, there is no such cause of action. *See Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 836 (D.C. Cir. 1998) (holding that fraud upon the court is not a tort and plaintiff could not maintain a cause of action for fraud upon the court); *Russell v. Principi*, 257 F.3d 815, 821 (D.C. Cir. 2001) (noting that "to date no circuit court has held that a federal cause of action exists" for alleged bad faith litigation abuse); *see also, e.g., Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. Civ. A. 10-12043-GAO, 2012 WL 1065578, at *30 (D. Mass. Mar. 27, 2012) (holding that "fraud on the court is not an independent cause of action"). Without more, Plaintiff is seeking to assert a non-existent claim that should, therefore, be dismissed.

Even if there were such a cause of action, it would be subject to the heightened pleading standards of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this standard, "'the pleader [must] . . . state the time, place and content of the false misrepresentations, the fact misrepresented . . . [,] what was retained or given up as a consequence of the fraud,'" and "identify individuals allegedly involved in the fraud." *United States ex rel. Williams v. Martin- Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citations omitted) (first ellipsis in original). While Plaintiff's complaint is full of wild accusations, it is missing the required who, what, when, where, and how regarding the alleged fraud. *See generally* Compl. Thus, even if there were an independent cause of action for fraud upon the court, which there is not, Plaintiff has failed to sufficiently allege such a fraud.

To the extent Plaintiff intends to allege a more general claim for common law fraud, he also fails to state a claim against Mr. Pivnick. "Under D.C. law, [t]he essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Busby v. Capital One. N.A.*, 772 F. Supp. 2d 268, 275 (D.D.C. 2011) (quotations and citation omitted). With respect to Mr. Pivnick, none of these elements are, or could be, met. Moreover, again, under Rule 9(b), Plaintiff "must plead with particularity matters such as the time, place, and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 205 (D.D.C. 2009). Plaintiff's claim for fraud upon the court, construed as a claim for common law fraud, falls woefully short of stating a fraud claim against Mr. Pivnick based on the absence of facts showing any of the

essential elements of this claim and the failure to meet Rule 9(b)'s heightened pleading standard. Accordingly, this claim should be dismissed with prejudice as to Mr. Pivnick.

      B.  <u>Plaintiff Fails to State a Claim for Conspiracy</u>.

Plaintiff also attempts to lodge a claim for conspiracy against Mr. Pivnick. Notably, D.C. law does not recognize civil conspiracy as a stand-alone tort, and Plaintiff's claims should be dismissed on this basis alone. *See Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 14 (D.D.C. 2015); *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 140 (D.D.C. 2013). With the existence of an underlying tort, to state a claim for civil conspiracy, Plaintiff must allege: "(1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme." *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000).

Even if Plaintiff had pled an underlying tort along with his claim for conspiracy, Plaintiff would still fail to satisfy the requisite elements of any conspiracy claim. *Cadet v. Draper* is directly on point. *See Cadet v. Draper & Goldberg, PLLC*, No. Civ. A. 05-2105 (JDB), 2007 WL 2893418, at *1 (D.D.C. Sept. 28, 2007). In that case, the plaintiffs alleged that defendants engaged in a civil conspiracy to deprive plaintiffs of deposit money. *Id.,* at *46. The court held that the "factual allegations contained in [the complaint were] impermissibly bare to withstand a motion to dismiss on the civil conspiracy claim." *Id.* Specifically, the court observed:

> [P]laintiffs claim that defendants collectively conspired to deprive plaintiffs of their deposit, but they have failed to plead any facts to establish the existence of such a specific agreement between defendants. Instead, they rely upon conclusory statements . . . . Although the Court must assume that the allegations in the complaint are true for the purposes of a motion to dismiss . . . [it] need not 'accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.' . . . [P]laintiffs have failed to plead any facts that can support an inference of the required element of agreement for the purpose of civil conspiracy. . . Accordingly, Count V of the Amended Complaint is dismissed.

*Id.,* at *47-48.

As in *Cadet*, Plaintiff's civil conspiracy claim rests on vague and conclusory allegations. Plaintiff does not provide any factual allegations about the alleged conspiracy, including when and where the agreement was allegedly reached or who was allegedly involved. Plaintiff fails to identify any communications between Mr. Pivnick and another individual that allegedly led to a conspiracy. Plaintiff also fails to allege any conduct of Mr. Pivnick to support a claim for conspiracy. The Complaint alleges nothing other than factually devoid conclusory allegations regarding the existence of an alleged conspiracy. Under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff's implausible and factually unsupported allegations are legally inadequate to support his purported conspiracy theory. Therefore, Plaintiffs claim for conspiracy against Mr. Pivnick should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Defendant David Pivnick respectfully requests that the Court enter an order (i) granting Mr. Pivnick's motion to dismiss; (ii) dismissing the Complaint with prejudice as to Mr. Pivnick; and (iii) for such other and further relief as the Court deem necessary and just.

Dated:  July 30, 2019                                  Respectfully submitted,

                                                       McGUIREWOODS LLP


                                                       */s/ Elizabeth A. Hutson*
                                                       Leonard J. Marsico, D.C. Bar No. 1005499
                                                       Elizabeth A. Hutson, D.C. Bar No. 1024845
                                                       McGuireWoods LLP

2001 K Street N.W., Suite 400  
Washington, D.C. 20006-1040  
Telephone:  202-828-1729  
Facsimile:  202-857-1737  
ehutson@mcguirewoods.com  
lmarsico@mcguirewoods.com  

*Counsel for David Pivnick*

**CERTIFICATE OF SERVICE**

I hereby certify that on this July 30, 2019, a true and correct copy of the foregoing was served upon all parties or counsel of record via this Court's CM/ECF system and hard copies were mailed, postage pre-paid to:

>Derrick B. Tartt
>1714 NW 192nd Street
>Miami Gardens, Florida 33056
>*Pro se Plaintiff*

>*/s/ Elizabeth A. Hutson*
>Elizabeth A. Hutson, D.C. Bar No. 1024845