IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK B. TARTT,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>*Defendants*. | JURY DEMANDED<br><br>CIVIL ACTION NO. 1:19-CV-01615 |

**DEFENDANT HEALTH CARE SERVICE CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND MEMORANDUM IN SUPPORT**

Molly Q. Campbell
(D.C. Bar 1033651)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
T: 202.414.9200
F: 202.414.9299

*Attorneys for Defendant Health Care Service Corporation*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

FACTUAL ALLEGATIONS ........................................................................................................... 2

LEGAL STANDARD ....................................................................................................................... 4

ARGUMENT .................................................................................................................................... 5

I.      Tartt Fails to Satisfy the Required Notice Pleading Standards. .......................................... 5

II.     Tartt's Claims are Further Barred by Res Judicata. ............................................................ 6

        A.      The parties were identical in Magna Health Systems. ............................................. 7
        B.      Tartt brought the same claims against BCBSIL in Magna Health Systems. ........... 8
        C.      A final judgment on the merits was rendered in Magna Health Systems by a court of competent jurisdiction. ................................................................................ 8

CONCLUSION ................................................................................................................................. 9

CERTIFICATE OF SERVICE ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980)..................................................................................................6, 7

*Ashbourne v. Hansberry*,
    245 F. Supp. 3d 99 (D.D.C. 2017) ............................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................................................................................5

*Budik v. Dartmouth–Hitchcock Med. Ctr.*,
    937 F. Supp. 2d 5 (D.D.C. 2013) ...............................................................................5

*Busby v. Capital One, N.A.*,
    932 F. Supp. 2d 114 (D.D.C. 2013) ...........................................................................4

*Caldwell v. Obama*,
    6 F. Supp. 3d 31 (D.D.C. 2013) .................................................................................9

*Davenport v. Djourabchi*,
    296 F. Supp. 3d 245 (D.D.C. 2017) ...........................................................................7

*Derrick Tartt v. Magna Health Sys, et al.*,
    Case No. 13-cv-08181 (Dow, J.), ECF No. 229 .......................................................6

*Drake v. FAA*,
    291 F.3d 59 (D.C. Cir. 2002) .....................................................................................7

*Haase v. Sessions*,
    835 F.2d 902 (D.C. Cir. 1987) ...................................................................................8

*Kowal v. MCI Commc'ns Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994)....................................................................................4

*Ledford v. Sullivan*,
    105 F.3d 354 (7th Cir. 1997) .....................................................................................9

*Menoken v. McGettigan*,
    273 F. Supp. 3d 188 (D.D.C. 2017) ...........................................................................6

*Moore v. Motz*,
    437 F. Supp. 2d 88 (D.D.C. 2006) ................................................................................. 5

*Page v. United States*,
    234 U.S. App. D.C. 332 (D.C. Cir. 1984) ..................................................................... 7

*Porter v. United States Capitol Police Bd.*,
    816 F. Supp. 2d 1 (D.D.C. 2011) ................................................................................... 6

*Quick v. EDUCAP, Inc.*,
    318 F. Supp. 3d 121 (D.D.C. 2018) ............................................................................... 7

*Rollins v. Wackenhut Servs., Inc.*,
    703 F.3d 122 (D.C. Cir. 2012) ....................................................................................... 8

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ....................................................................................................... 8

*Stone v. Lynch*,
    174 F. Supp. 3d 291 (D.D.C. 2016) ............................................................................... 7

*Sturdza v. United Arab Emirates*,
    658 F. Supp. 2d 135 (D.D.C. 2009) ............................................................................... 5

*Swierkiewicz v. Sorema, N.A.*,
    534 U.S. 506 (2002) ....................................................................................................... 4

*Tartt v. Magna Health Sys. et al.*,
    138 S.Ct. 120 (2017) .................................................................................................. 2, 9

*Tartt v. Magna Health Sys. et al.*,
    2016 WL 6585281 (N.D. Ill. Nov. 7, 2016) .............................................................. 2, 9

*Tartt v. Magna Health Sys. et al.*,
    No. 13-cv-08191, ECF No. 200 (N.D. Ill. Apr. 20, 2016) ............................................ 2

*Tartt v. Magna Health Sys. et al.*,
    No. 17-1023, ECF No. 29 (7th Cir. Feb. 14, 2017) .................................................. 2, 9

*Tartt v. Northwest Cmty. Hosp.*,
    453 F.3d 817 (7th Cir. 2006) ......................................................................................... 2

*Tefera v. OneWest Bank, FSB*,
    19 F. Supp. 3d 215 (D.D.C. 2014) ................................................................................. 5

**Rules**

Fed. R. Civ. P. 8 ......................................................................................................................... 4

Defendant Health Care Service Corporation, a Mutual Legal Reserve Company operating in Illinois as Blue Cross and Blue Shield of Illinois ("BCBSIL"), incorrectly named as Healthcare Service Corporation (Blue Cross/BlueShield), by and through its counsel, Reed Smith LLP, respectfully files this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) and submits its memorandum in support thereof.

## INTRODUCTION

Plaintiff Derrick B. Tartt's Complaint (ECF No. 1) spans 237 pages and 798 paragraphs. BCBSIL is mentioned six times. Tartt pleads no facts sufficient to put BCBSIL on notice as to his claims. Indeed, the Complaint is so unintelligible that BCBSIL cannot determine what Tartt is alleging as to BCBSIL. The allegations against BCBSIL are (at best) conclusory and provide BCBSIL no notice of Tartt's claims. The Complaint as to BCBSIL thus fails to satisfy notice-pleading requirements, even under the more lenient standard afforded to *pro se* litigants. As such, the Court must dismiss the Complaint.

Even if Tartt had sufficiently alleged a claim against BCBSIL, it will fail on the grounds of res judicata because he has tried before—and failed—to bring a claim against BCBSIL on similar implausible grounds. In a prior suit, Tartt alleged claims against BCBSIL for denial of benefits from 2007 to 2010, and every level of federal court decided that those claims should be dismissed with prejudice. In this suit, Tartt appears to base allegations against BCBSIL on similar claims pertaining to the denial of benefits "since 2007." (ECF No. 1, ¶ 769.) Tartt cannot relitigate the same claims upon which a final judgment has been reached. The Complaint should be dismissed with prejudice.

## FACTUAL ALLEGATIONS

Tartt is a frequent plaintiff in the federal courts.[1] For instance, on November 14, 2013, Tartt brought an action against BCBSIL and approximately 48 other defendants, alleging an undecipherable number of claims of varying degrees against each defendant. *See* Fourth Amended Complaint, *Tartt v. Magna Health Sys. et al.*, No. 13-cv-08191 (N.D. Ill. Apr. 20, 2016), ECF No. 200 ("*Magna Health Systems* Complaint"). In this *Magna Health Systems* case, Tartt gratuitously provided the Northern District of Illinois with four amended complaints, 914 pages of supporting documents, and several motions before the court dismissed with prejudice all of Tartt's claims on November 7, 2016. *See Tartt v. Magna Health Sys. et al.*, 2016 WL 6585281 at *1 (N.D. Ill. Nov. 7, 2016). Tartt's claims against the defendants in *Magna Health Systems* generally related to alleged discrimination and conspiracy related to his military service. *See generally Magna Health Systems* Complaint. As to BCBSIL, Tartt alleged breach of contract, common law fraud, conspiracy to breach contract, and violation of Illinois Insurance Code related to BCBSIL's purported denial of healthcare claims for spinal surgery between 2007 and 2010. *See Magna Health Systems* Complaint at ¶¶ 180 & 294–95.

The District Court for the Northern District of Illinois dismissed Tartt's claims against BCBSIL (among other defendants) with prejudice, stating "Plaintiff does nothing more to support his claims … than make conclusory statements that are borderline nonsensical." *Magna Health Sys.*, 2016 WL 6585281, at *9. The Court of Appeals for the Seventh Circuit summarily affirmed the district court's decision and sanctioned Tartt $1,500 for his frivolous appeal. *See* Order, *Tartt*

---

[1] In addition to the litigation discussed in this paragraph, Tartt has previously sued his employer, Northwest Suburban Anesthesiologists, and the Northwest Community Hospital, claiming Title VII and Uniformed Services Employment and Reemployment Rights Act (USERRA) violations. *See Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 819 (7th Cir. 2006). His first suit was dismissed for failure to state a claim and his second suit was dismissed on res judicata grounds. *Id.* The Court of Appeals affirmed both decisions. *Id.*

*v. Magna Health Sys. et al.*, No. 17-1023 (7th Cir. Feb. 14, 2017), ECF No. 29. Finally, the Supreme Court denied writ of certiorari on October 2, 2017. *See Tartt v. Magna Health Sys. et al.*, 138 S.Ct. 120 (2017).

On June 3, 2019, Tartt filed the instant complaint against 93 separate defendants, including BCBSIL. (ECF No. 1.) The allegations in his current complaint are far from clear. However, Tartt appears to allege a conspiracy of some sort among all of the defendants related to his military service. Many of his allegations center upon the dismissal of his prior cases. (*See*, *e.g.*, *id.* at ¶¶ 324 ("Of 7 district cases, and 1 state case (foreclosure), there has been no discovery or a trial. This is a fraud, and the fact that the claims have been repeatedly accepted then dismissed is fraud upon the court.") & 449 (alleging that "the plaintiff cause of action was fraudulently dismissed and fraud upon the judicial officers for 25 years and multiple complaints.").)

Tartt's claims and allegations against BCBSIL specifically are unclear but, at the very least, seem grounded upon his claims in the prior action. Tartt refers to BCBSIL only six times in his 208-page pleading:

- In Paragraph 13, Tartt alleges that BCBSIL is a part of a conspiracy propagated by the United States;

- In Paragraph 75, Tartt alleges that "[t]he benefits earned for service have been further compromised by 'the conspiracy' with benefits earned from health insurance companies," including BCBSIL;

- In Paragraph 720, Tartt alleges that BCBSIL, along with other defendants, "conspired and discriminated racial and military [*sic*] to deny health in breach of contract";

3

- In Paragraph 729, Tartt states that "[t]he most common cause of action against an insurance company that fails to pay a claim is for breach of contract," and further alleges that BCBSIL "conspired with AMA Insurance to deny health insurance claims";

- In Paragraph 734, Tartt alleges that he seeks from BCBSIL, among other defendants, "damages FHA, ECOA, UDAP and USERRA 4323, 28 USC (a)(1) andn28 [*sic*] USC2680 [*sic*] (h), conspiracy 42 USC 1981, - 1983 [*sic*], or -1985, liability 28 USC 1343 (a)(1) and 28 USC 2680 conspiracy 42 USC 1983, -1985, or -1985 [*sic*] and breach of contract";

- Finally, in Paragraph 769, Tartt alleges that he "has access to multiple surgeons, who are experts in the area of spine surgery, on a nearly daily basis" and "[t]o this day have discussed the cases prior to and after surgery and both AMA Insurance and [BCBSIL] denied claims since 2007."

**LEGAL STANDARD**

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must be "simple, concise and direct," and it must give BCBSIL fair notice of plaintiff's claims and the grounds upon which they rest. *See* Fed. R. Civ. P. 8; *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002). In determining the sufficiency of pleadings under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, the Court must disregard all conclusory allegations in the complaint, as they are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133

(D.D.C. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the court must accept as true the facts in the complaint, it "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

While the pleadings of *pro se* litigations must be liberally construed, "[t]his benefit is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Rather, "even though a *pro se* complaint must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'" *Budik v. Dartmouth–Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (citations omitted); *see also Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences" need not be accepted if they "are unsupported by the facts set out in the complaint" (citation omitted)).

## ARGUMENT

**I.  Tartt Fails to Satisfy the Required Notice Pleading Standards.**

Even upon a charitable reading of the complaint, Tartt fails to allege facts that would support any legal claim against BCBSIL. Tartt's allegations against BCBSIL are nothing more than conclusory statements. Tartt does not present the factual basis for any claims against BCBSIL, or even specifically identify which claims he is asserting against BCBSIL. (*See generally* ECF No. 1.) He does not provide any detail regarding BCBSIL's actions or supposed involvement in the alleged conspiracy, nor does he allege any specific facts regarding the health insurance claims

5

BCBSIL allegedly "conspired to deny" except that those denials occurred "since 2007." (*Id*. at ¶¶ 729 & 769.) As such, Tartt fails to give BCBSIL adequate notice of his claims. Under the pleading standard the Supreme Court articulated in *Twombly* and *Iqbal*, even after taking into account the more relaxed standard afforded to *pro se* litigants, the complaint must be dismissed. *See Budik v. Dartmouth–Hitchcock Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) ("[E]ven though a *pro se* complaint must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'"); *Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 222 (D.D.C. 2014) (dismissing *pro se* complaint that contained only "repeated conclusory allegations" because it did "not meet the minimum requirements of Rule 8(a)").

Indeed, Tartt has asserted similar claims against BCBSIL previously, as discussed more fully in Section II, *supra*. The District Court for the Northern District of Illinois dismissed these previous claims for failure to state a claim. *See Magna Health Systems*, 2016 WL 6585281, at *9. The court stated:

> The Court concludes that Plaintiff has failed to state a claim against … [BCBSIL]. Plaintiff does nothing more to support his claims of breach of contract, conspiracy, fraud, and violations of various statutes, than make conclusory statements that are borderline nonsensical. It is unclear what sort of discrimination Plaintiff suffered, what provisions of the cited statutes Defendants allegedly violated, and what contracts these Defendants allegedly breached. The Fourth Amended Complaint's lack of clarity would severely disadvantage Defendants in responding to, much less defending against, Plaintiff's claims. Thus any claims against these Defendants fail under Rule 8 and Rule 12(b)(6) and are dismissed with prejudice.

*Id*. The same logic compels dismissal of Tartt's complaint now.

## II.    Tartt's Claims are Further Barred by Res Judicata.

Even if Tartt had pled a plausible claim against BCBSIL, his complaint against BCBSIL should be dismissed under Rule 12(b)(6) as precluded by the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Menoken v. McGettigan*, 273

6

F. Supp. 3d 188, 195 (D.D.C. 2017) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)) (internal quotation marks omitted). Res judicata bars a second lawsuit if the moving party establishes: (1) "an identity of the parties in both suits," (2) "the same cause of action in both suits," (3) "a judgment rendered by a court of competent jurisdiction in the first suit," and (4) "a final judgment on the merits." *Porter v. United States Capitol Police Bd.*, 816 F. Supp. 2d 1, 5 (D.D.C. 2011) (internal quotation marks and citation omitted). The purpose of res judicata is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94 (citations omitted).

Here, Tartt is alleging the same claims against BCBSIL that he alleged in the prior suit involving the same parties, *Magna Health Systems*. Further, a court of competent jurisdiction dismissed those previous claims with prejudice for failure to state a claim—which is a judgment on the merits. Thus, the doctrine of res judicata compels dismissal of the Complaint.

    A.    **The parties were identical in *Magna Health Systems*.**

"The doctrine of res judicata applies only if the prior judgment was between the same parties or their privies." *Davenport v. Djourabchi*, 296 F. Supp. 3d 245, 253 (D.D.C. 2017) (internal quotation marks and citation omitted). Both parties in the first suit are parties to this suit. In *Magna Health Systems*, Tartt sought relief from BCBSIL, who was incorrectly named as "Health Care Service Corporation (HCSC)(Blue Cross Blue Shield)." *See Magna Health Systems* Complaint. He is now again seeking relief from BCBSIL, who is incorrectly named as "Healthcare Service Corporation (Blue Cross/BlueShield)," in this action.[2] The parties are identical.

---

    [2] BCBSIL is an unincorporated division of Health Care Service Corporation.

### B.     Tartt brought the same claims against BCBSIL in *Magna Health Systems*.

"Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (citing *Page v. United States*, 234 U.S. App. D.C. 332, 729 (D.C. Cir. 1984)). The primary inquiry is whether the claims are "related in time, space, origin, or motivation." *Stone v. Lynch*, 174 F. Supp. 3d 291, 295 (D.D.C. 2016); *See also Quick v. EDUCAP, Inc.*, 318 F. Supp. 3d 121, 139 (D.D.C. 2018) ("This element is satisfied when the cases are based on the same nucleus of facts because it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies.") (internal quotation marks and citation omitted).

Although the Complaint is exceedingly muddled, Tartt's claims in both matters seem to arise out of an alleged denial of medical benefits for medical procedures Tartt received beginning in 2007. In *Magna Health Systems*, Tartt made allegations regarding a spinal surgery and specifically alleged that "in denying claims between August 1, 2007 and December 2010," BCBSIL "conspired to breach contract, policy and IL Insurance Code" and "conspired to deny benefit of employment in violation of USERRA." *Magna Health Systems* Complaint, ¶¶ 179–80 & 294–95. In this action, Tartt alleges that BCBSIL violated USERRA and "conspired and discriminated . . . to deny health in breach of contract," "den[ied] paying for surgery with coverage," and "denied claims since 2007." (ECF No. 1, ¶¶ 720, 734, 767 & 769.) Tartt appears to plead the same claims on the same core of operative facts. Consequently, Tartt is barred by res judicata from religating the same claims.

### C.     A final judgment on the merits was rendered in *Magna Health Systems* by a court of competent jurisdiction.

"A judgment on the merits is one that reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or

form." *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (citations omitted). As such, "when a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal 'operates as an adjudication on the merits.'" *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132 (D.C. Cir. 2012) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Further, a dismissal under Rule 12(b)(6) "'presents a ruling on the merits with res judicata effect.'" *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

In *Tartt v. Magna Health Systems et al.*, the Northern District of Illinois dismissed with prejudice all of Tartt's claims against BCBSIL for failure to state a claim. *Magna Health Systems*, 2016 WL 6585281, at *1.[3] This decision was upheld on appeal by the United States Court of Appeals for the Seventh Circuit, and the Supreme Court of the United States denied writ of certiorari. *See* Order, *Tartt v. Magna Health Sys. et al.*, No. 17-1023 (7th Cir. Feb. 14, 2017), ECF No. 29; *Tartt v. Magna Health Sys. et al.*, 138 S.Ct. 120 (2017). Thus, a court of competent jurisdiction rendered a final judgment on the merits on the same claims that are at issue in the current litigation. Tartt is barred from relitigating those claims now.

## CONCLUSION

For the reasons set forth above, BCBSIL respectfully requests that this Court dismiss the Complaint as to BCBSIL with prejudice.

---

[3] In Tartt's prior case, the United States District Court for the Northern District of Illinois moved, *sua sponte*, to dismiss Tartt's claims against BCBSIL and other defendants. *Tartt v. Magna Health Sys. et al.*, No. 13-cv-08191, 2016 WL 6585281 (N.D. Ill. 2016). The Seventh Circuit and the D.C. Circuit permit courts' s*ua sponte* 12(b)(6) dismissals. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Caldwell v. Obama*, 6 F. Supp. 3d 31, 42 (D.D.C. 2013) ("In this Circuit, the district court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint.") (citations omitted).

9

DATE: August 1, 2019

Respectfully submitted,

*s/ Molly Q. Campbell*
Molly Q. Campbell
(D.C. Bar 1033651)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 – East Tower
Washington, D.C. 20005
T: 202.414.9200
F: 202.414.9299

*Attorneys for Defendant Health Care Service Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of August, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Columbia, using the electronic case filing system of the court which will serve a copy on all registered counsel of record.  I further certify that I have served a copy of the foregoing document upon *pro se* Plaintiff Derrick B. Tartt via first class mail, postage prepaid, at the following address.

        **DERRICK B. TARTT**
        1714 NW 192nd St.
        Miami Gardens, FL 33056
        *Pro Se Plaintiff*

                                          s/ *Molly Q. Campbell*
                                          Molly Q. Campbell