**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DERRICK B. TARTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-CV-01615-TJK |
| | ) |
| UNITED STATES OF AMERICA, *ET AL*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT MICHAEL BROHMAN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Michael Brohman ("Mr. Brohman"), by and through counsel, moves this Court,

pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to

dismiss the Complaint ("Complaint") filed by Plaintiff, Derrick B. Tartt ("Plaintiff") against him.

In support hereof, Mr. Brohman submits the following Memorandum of Points and Authorities.

**INTRODUCTION**

On June 3, 2019, Plaintiff commenced the instant action by filing his Complaint, which is

208 pages long (not counting exhibits) and contains in excess of 798 numbered paragraphs.[1] *See*,

Complaint (ECF #1).  Mr. Brohman is named in the Complaint along with another 93 Defendants,

which include governmental agencies, governmental officials and Judges.  Plaintiff alleges in

---

[1] On page 108 of his Complaint, Plaintiff began renumbering at 331.

Paragraph 1 of the Complaint that he is seeking "to recover the right and benefits of military and civilian employment denied in a conspiracy by the United States of America ("USA").   Seeks freedom and reparations for abuse and torture."

The Complaint contains 17 counts invoking numerous statutes but fails to set forth any cognizable cause of action against Mr. Brohman.   While the Complaint contains in excess of 798 numbered paragraphs, Mr. Brohman is named in only 39 paragraphs (Nos. 2, 16, 19, 27, 113, 114, 115, 116, 117, 120, 123, 149, 167, 228, 249, 250, 264, 265, 266, 268, 269, 291, 292, 331, 332, 474, 477, 478, 480, 495, 536, 607, 628, 631, 632, 634, 635, 711 and 784).   Therein Plaintiff attempts to allege claims of fraud, fraud upon the court, and conspiracy related to Mr. Brohman's involvement as counsel for certain defendants in a prior proceeding that was dismissed.

That proceeding involved a Complaint filed by Plaintiff back in 2013, in the United States District Court for the Northern District of Illinois, styled *Tartt v. Magna Health Systems, et al.*, Case No. 1:13-cv-8191 ("Illinois Action").   In the Illinois Action, Plaintiff named 60 Defendants, including Mr. Brohman.   In addition, Mr. Brohman was counsel of record for several of the Defendants named in the Illinois Action.   The Illinois Action asserted the same claims as alleged herein.

On August 19, 2014, the District Court in the Illinois Action, *sua sponte*, dismissed with prejudice the entire action, including the claims against Mr. Brohman.   *See*, Memorandum Opinion and Order, Illinois Action, ECF # 158.

The dismissal of the Illinois Action by the District Court was affirmed by the Seventh Circuit Court of Appeals on February 14, 2018.   *See*, Order, Illinois Action, ECF Nos. 254 and 259. Plaintiff petitioned the Supreme Court for review and certiorari was denied on October 2, 2017.

The Complaint in this action is virtually identical to the Complaint in the Illinois Action except Plaintiff has added additional Defendants, including Judge Dow, the District Court Judge in the Illinois Action and Judges of the Seventh Circuit Court of Appeals.  Plaintiff is also alleging, without any specificity, that Mr. Brohman committed fraud, made fraudulent representations and conspired with Judge Dow and other.  *See*, for example, Complaint, ECF No. 1, ¶¶ 331 and 332.

Plaintiff's Complaint is a rehash of all the claims asserted in the Illinois Action and the nonsensical allegations against Mr. Brohman demonstrate that: (1) the Court lacks personal jurisdiction over Mr. Brohman; (2) the Court lacks subject matter jurisdiction; (3) the claims against Mr. Brohman are time barred by the applicable statute of limitations; and, (4) Plaintiff's Complaint fails to state a claim for which relief can be granted as against Mr. Brohman.[2]

## **RELEVANT FACTS**

Plaintiff's Complaint does not identify or allege the citizenship of any of the parties, including Mr. Brohman.  Plaintiff does include his address, identifying Florida below his signature on page 208 of the Complaint.

As to the allegations against Mr. Brohman, it appears that Plaintiff is alleging that Mr. Brohman committed fraud and deceived the Court in the Illinois Action, where Mr. Brohman was a named defendant and also represented certain other defendants.  *See*, Complaint, ECF No. 1, ¶¶ 19, 27, 113-114.

---

[2] Some or all of the claims against Mr. Brohman may be barred by the doctrine of *res judicata*.  But since Mr. Brohman was both a party and counsel of record in the Illinois Action and Plaintiff's allegations are anything but clear, other grounds exist for the dismissal of the Complaint and such defense is not raised herein.  Mr. Brohman reserves all of his rights to seek dismissal upon the grounds of *res judicata* if this Motion is denied.

Plaintiff also alleges, without any specificity, that Mr. Brohman, in the Illinois Action, conspired with Judge Dow and other attorneys and parties.  *See*, Complaint, ECF No. 1, ¶¶113, 120, 149, 167, 250, 331 and 332 (as examples).

The claims asserted against Mr. Brohman can be found in in only Count 4 (fraud and seeking termination of law license), Count 12 (fraud upon the court), Count 15 (fraud and conspiracy) and Count 17 (conspiracy).[3]

## STANDARD OF REVIEW

### A.  Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a claim must be dismissed if a district court lacks subject-matter jurisdiction to entertain the claim.

Because Fed. R. Civ. P. 12(b)(1) concerns the court's ability to hear a particular claim, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss than it would under a motion to dismiss pursuant to Rule 12(b)(6).  *See*, *Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003).  When deciding a motion to dismiss under Rule 12(b)(1), a court must "accept as true all the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff.  *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citations omitted). But courts are "not required…to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations."  *Rann v. Chao*, 154 F.Supp. 2d 61, 64 (D.C. 2001).  The plaintiff bears the burden of establishing the court's jurisdiction.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

---

[3] Mr. Brohman is mentioned in Count 7 of the Complaint (¶ 536) but no relief is sought against Mr. Brohman in Count 7.

**B.**     <u>**Federal Rule of Civil Procedure 12(b)(2)**</u>

When a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *F.C. Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1092 (D.C. Cir. 2008). To satisfy this burden, a plaintiff must allege "specific facts on which personal jurisdiction can be based." *Moore v. Motz*, 437 F.Supp. 2d 88, 90-91 (D.C. 2006). The court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stepharm, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The court need not treat as true all of the plaintiff's allegations when determining whether personal jurisdiction exists. *Fuentes-Fernandez & Co. v. Caballero & Castellanos, PL*, 770 F.Supp. 2d 277, 279 (D.D.C. 2011).

To assert personal jurisdiction over a non-resident defendant, service of process must be authorized by and must comport with the due process clause of the Fourteenth Amendment. *Cahane v. Arpeja-California, Inc.*, 385 A.2d 153, 158 (D.C. 1978), *cert denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.E.2d 651 (1978).

Under Fed. R. Civ. P. 4(k)(1)(A), the court possesses personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Under the principles of the Due Process Clause, personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with "the traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.E.2d 92 (1987) (citations omitted).

Plaintiff bears the burden of "showing that all of the requirements of the Long Arm statute have been met." Of course, "[m]ere conclusory statements…will not alone suffice." *Jones v. City of Buffalo*, 901 F.Supp. 19, 21 (D.D.C. 1995).

The District of Columbia Long Arm statute, D.C. Code §13-423, provides, in relevant part:

> (a) a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's [:]
>
> > (1) transacting any business in the District of Columbia;
> >
> > (2) contracting to supply services in the District of Columbia;
> >
> > (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> >
> > (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> >
> > (5) having an interest in, using, or possessing real property in the District of Columbia;
> >
> > (6) contracting to ensure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing;
> >
> > …
>
> (b)    when jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

**C.**     **Federal Rule of Civil Procedure 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss

is appropriate when the complain fails "to state a claim upon which relief can be granted."

As stated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679,

129 S.Ct. 1937, 173 L.E.2d 868 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to "state a claim to relief that is
> plausible on its face."  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the Court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a compliant pleads facts that
> are "merely consistent with" a defendant's liability, it "stops short
> of the line between possibility and plausibility of 'entitlement to
> relief.'"… Although for the purposes of a motion to dismiss we must
> take all of the factual allegations in the complaint as true, we are not
> bound to accept as true a legal conclusion couched as a factual
> allegation. … Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss.  Determining whether a
> complaint states a plausible claim for relief will…be a context-
> specific task that requires the reviewing Court to draw on its judicial
> experience and common sense (citations omitted).

Further, a complaint must allege sufficient facts to "raise a right to relief above the

speculative level."  "A Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Bell Atl. Corp. v. Towmbly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.E.2d

929 (2007) (citations omitted).

**D.**     **_Pro Se_ Standard**

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.E.2d 1081 (2007) (citations

omitted).  However, a *pro se* complaint "must present a claim on which the Court can grant relief."

*Utterback v. Geithner*, 754 F.Supp. 2d 52, 54 (D.D.C. 2010), citing, *Chandler v. Roche*, 215

F.Supp.2d 166, 168 (D.D.C. 2002).

## ARGUMENT

**A.**      **Plaintiff's Complaint Must be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(1) Because the Court Does not Have Subject Matter Jurisdiction.**

The Complaint, and in particular the allegations against Mr. Brohman, are nothing more

than conclusory statements with no basis in reality or fact.  As such, the Complaint must be

dismissed.  Further, Plaintiff has failed to plead any federal question as to Mr. Brohman and has

failed to satisfy the requirements of diversity jurisdiction.  Accordingly, the Complaint must be

dismissed.

The court may dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(1) when the complaint

is "patently unsubstantiated, presenting no federal question suitable for decision." *Bart v. Kelly*,

39 F.3d 328, 330 (D.C. Cir. 1994), citing, *Neitzke v. Williams*, 490 U.S. 319, 327, n. 6, 109 S.Ct.

1827, 104 L.E.2d. 338 (1989).  The standard requires that the "claims be flimsier than 'doubtful

or questionable' – they must be 'essentially fictitious'." *Id*.  Claims that fall into this category

include "bizarre conspiracy theories, any fantastic governmental manipulations of [the] will or

mind; [and] any sort of supernatural intervention." *Id*.  This procedural vehicle is "reserved for

complaints resting on truly fanciful factual allegations." *Id*. at 331, n. 5.

Plaintiff's Complaint alleges a government and judiciary conspiracy, which conspiracy

also includes private citizens, like Mr. Brohman.  The Complaint further alleges fraud and

misrepresentations by Mr. Brohman in the Illinois Action.  That proceeding was dismissed, with

prejudice, by the District Court, which dismissal was sustained by the Seventh Circuit Court of

Appeals.    Complaints which contain nothing more than conspiracy theories and fanciful allegations, such as the one in the instant case have routinely been dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See*, *Walsh v. Comey*, 118 F.Supp. 3d 22 (2015) and the cases cited therein.

Even if the Court were to find that Plaintiff's allegations are not patently unsubstantiated, the Complaint must still be dismissed for lack of subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1332.  Under 28 U.S.C. §1331, the District Court has "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Federal law must create the cause of action for a complaint to confer jurisdiction under 28 U.S.C. §1331.  *See*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.E.2d 257 (2005).

Plaintiff's claims against Mr. Brohman are not based upon any federal statute. *See, Complaint*, ECF No. 1, Count 4 (¶¶ 474, 477, 478 and 480); Count 12 (¶¶ 631, 632, 633, 634 and 635); Count 15 (¶ 711); and Count 17 (¶ 784).  Accordingly, this Court lacks federal question subject matter jurisdiction.

For this Court to have diversity jurisdiction pursuant to 28 U.S.C. §1332, there must be complete diversity between himself and all of the Defendants and the amount in controversy must exceed $75,000.00.  Plaintiff has failed to establish that there is complete diversity.  While Plaintiff asserts he resides in Florida, there is no allegation or support for the claim that none of the Defendants are residents of Florida.  Further, the Complaint does not allege or state that Plaintiff is seeking damages in excess of $75,000.00.

Based upon the foregoing, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**B.**      **Complaint Must be Dismissed as the Court Lacks Personal Jurisdiction Over Mr. Brohman.**

As previously stated, Plaintiff bears the burden of proof to establish the Court's personal jurisdiction over Mr. Brohman.  However, Plaintiff has not alleged any facts in his Complaint that the Court has general or specific jurisdiction over him.  As to general personal jurisdiction, Mr. Brohman does not reside in the District of Columbia, but rather he is a resident and works in and around Chicago, Illinois, as evidenced by the address in the Complaint.  In fact, Plaintiff attempted to serve Mr. Brohman at his former law firm and his current law firm, both in Illinois.

Further, Plaintiff has not alleged, nor are there any fact to support it, that Mr. Brohman has had any contact with the District of Columbia.  In fact, Plaintiff has alleged that Mr. Brohman committed fraud and conspiracy in connection with Illinois Action which was pending in Illinois.  Thus, any conduct of Mr. Brohman occurred in the State of Illinois, not the District of Columbia.

Plaintiff has failed to establish that the Court has personal jurisdiction over Mr. Brohman and the Complaint therefore must be dismissed as to Mr. Brohman.

**C.**      **The Statute of Limitations as to Plaintiff's Claims Against Mr. Brohman Expired Before He Filed the Complaint.**

Plaintiff's claims against Mr. Brohman are governed by a three-year statute of limitations. *See Lu v. Lezell*, 45 F.Supp. 3d 86, 93 (D.D.C. 2014) ("In the District of Columbia, the statute of limitations for… fraud, and civil conspiracy is three years[.]"); *Curtis v. Lanier*, 535 F.Supp. 2d 89, 95 (D.D.C. 2008); *C & E Servs., Inc. v. Ashland, Inc.*, 498 F.Supp. 2d 242, 261 (D.D.C. 2007); D.C. Code § 12-301(8) (providing that "[e]xcept as otherwise specifically provided by law, actions for a limitation is not otherwise specifically prescribed…may not be brought after the expiration of [three years]…from the time the right to maintain the action accrues").

"Statutes of limitations begin to run 'from the time the right to maintain the action accrues.'" *Newland v. Aurora Loan Servs., LLC*, 806 F.Supp. 2d 65, 70 (D.D.C. 2011) (citing D.C.

Code § 12-301). In this case, the Plaintiff alleges that Mr. Brohman conspired with Judge Dow and other attorneys while committing a fraud upon the court during the Illinois Action. *See* ECF No. 1. Plaintiff's allegations indicate that he knew of the alleged fraud and conspiracy at the time they were committed. *See id.* Indeed, most of the Plaintiff's allegations against Mr. Brohman relate to statements made or actions taken at hearings in open court that the Plaintiff attended, so he would certainly have been aware of any purported "misconduct" related to either claim as of the date it occurred. The Illinois Action was dismissed by the District Court on August 19, 2014. Yet the Plaintiff did not file his Complaint until June 2019. As such, the Plaintiff failed to bring his claims against Mr. Brohman within three years as required. Accordingly, all of Plaintiff's claims against Mr. Brohman are time-barred, and the Complaint should be dismissed with prejudice.

**D.**     **Plaintiff Has Failed To State A Claim For Relief**

It appears that Plaintiff purports to allege two claims against Mr. Brohman: (1) fraud and fraud upon the court; and (2) conspiracy. Plaintiff fails to state a claim for relief under Fed.R.Civ.P. 12(b)(6) for either claim.

**1.**     **Plaintiff Fails to State a Claim for Fraud and Fraud Upon the Court**

No independent action for fraud upon the Court exists. *See Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 836 (D.C. Cir. 1998) (holding that fraud upon the court is not a tort and plaintiff could not maintain a cause of action for fraud upon the court); *Russell v. Principi*, 257 F.3d 815, 821 (D.C. Cir. 2001) (noting that "to date no circuit court has held that a federal cause of action exists" for alleged bad faith litigation abuse). Thus, Plaintiff is asserting a claim that does not exist.

To the extent Plaintiff is seeking to assert as a more general claim for common law fraud, he also fails to state a claim against Mr. Brohman.  "Under D.C. law, [t]he essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Busby v. Capital One, N.A.*, 772 F.Supp. 2d 268, 275 (D.D.C. 2011) (citation omitted).  With respect to Mr. Brohman, in the 39 paragraphs in which Mr. Brohman is named, none of these elements are, or could be, met.  Moreover, under Fed R. Civ. P. 9(b), Plaintiff "must plead with particularity matters such as the time, place, and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the allege fraud."  *Phrasavang v. Deutsche Bank*, 656 F.Supp. 2d 196, 205 (D.D.C. 2009).  Plaintiff's claims for common law fraud, fail in stating a fraud claim against Mr. Brohman.  Accordingly, these claims should be dismissed with prejudice as to Mr. Brohman.

### 2.    Plaintiff Fails to State a Claim for Conspiracy

Plaintiff also attempts to assert a claim for conspiracy against Mr. Brohman.  Civil conspiracy as a stand-alone tort is not recognized and Plaintiff's claims should be dismissed on this basis.  *See, Blakeney v. O'Donnell*, 117 F. Supp. 3d 6, 14 (D.D.C. 2015); *Busby v. Capital One. N.A.*, 932 F.Supp. 2d 114, 140 (D.D.C. 2013).  A claim for civil conspiracy requires an underlying tort and the party asserting such claim must allege: "(1) an agreement between two or more persons (2) to participate in an unlawful act, and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement pursuant to, and in furtherance of, the common scheme."  *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000).

Plaintiff has failed to plead an underlying tort.  Further, even if Plaintiff had pled an underlying tort along with his claim for conspiracy, Plaintiff would still fail to satisfy the requisite

elements of any conspiracy claim.  *See, Cadet v. Draper & Goldbert, PLLC*, No. Civ. A 05-2105 (JDB), 2007 WL 2893418, at *1 (D.D.C. Sept. 28, 2007).  In *Cadet*, the plaintiff attempted to assert a claim for civil conspiracy based upon the alleged conduct of the defendant.  The court held that the "factual allegations contained in [the complaint were] impermissibly bare to withstand a motion to dismiss on the civil conspiracy claim."  *Id*.  Specifically, the court observed:

> [P]laintiffs claim that defendants collectively conspired to deprive plaintiffs of their deposit, but they have failed to plead any facts to establish the existence of such a specific agreement between defendants. Instead, they rely upon conclusory statements…Although the Court must assume that the allegations in the complaint are true for the purposes of a motion to dismiss…[it] need not 'accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.' …[P]laintiffs have failed to plead any facts that can support an inference of the required element of agreement for the purpose of civil conspiracy…Accordingly, Count V of the Amended Complaint is dismissed.

*Id*. at *47-48.

As in *Cadet*, Plaintiff's civil conspiracy claims are nothing more than vague accusations and conclusory statements.  Plaintiff's Complaint does not contain any factual allegation that support an alleged conspiracy, including when and where the agreement was allegedly reached or who was allegedly involved.  Beyond mere conclusory statements that the parties conspired, the Plaintiff fails to identify any communications between Mr. Brohman and any other individual that allegedly led to a conspiracy.  Plaintiff also fails to allege any conduct of Mr. Brohman to support a claim for conspiracy.  The Complaint merely contains conclusory allegations regarding the existence of an alleged conspiracy.  *See, Twombly; Iqbal, supra*.  Plaintiff's fanciful allegations are legally inadequate to support his purported conspiracy theory.  Therefore, Plaintiff's claims for conspiracy against Mr. Brohman must be dismissed.

## **CONCLUSION**

For the reasons set forth herein,  Plaintiff's Complaint against Mr. Brohman must be dismissed with prejudice.

Respectfully submitted,

/s/ Gary C. Adler
Gary C. Adler
Adler Law, PLLC
1818 Library Street, Suite 500
Reston, Virginia 20190
Telephone: (703) 956-3505
E-mail: gadler@adlerlawpllc.com

*Attorney for Defendant Michael Brohman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of August, 2019, a true and correct copy of the foregoing was served upon all parties or counsel of record via this Court's CM/ECF system and hard copies were mailed, postage pre-paid to:

Derrick B. Tartt
1714 NW 192nd Street
Miami Gardens, FL 33056
*Pro se Plaintiff*

/s/ Gary Adler
Gary C. Adler

14

14082000 _1  103973.0097