UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRICK B. TARTT,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA *et al.*,

    *Defendants*.

Civil Action No. 19-1615 (TJK)

## MEMORANDUM OPINION

Derrick B. Tartt, proceeding *pro se*, asserts that he is the victim of a sprawling conspiracy perpetrated by almost 100 individuals and institutions, as he has alleged in at least one previous lawsuit. Many of these defendants have moved to dismiss the complaint on a variety of grounds, including that the Court lacks subject-matter jurisdiction. For the reasons stated below, the Court agrees that it lacks subject-matter jurisdiction and will dismiss the complaint with prejudice as to all defendants.

**I.    Background**

Tartt filed the instant 208-page, 798-paragraph complaint against 93 separate defendants, including two insurance companies; several lawyers and law firms; the United States Departments of Justice, Labor, and the Treasury; members of the United States military, State of Illinois officials, several federal district court judges (one of whom is deceased); and roughly half the judges of the Seventh Circuit. ECF No. 1 ("Compl.") at 15–17.[1] Collectively, Tartt contends, they comprise "the Conspirators." *Id.*

---

[1] For ease of reference, the Court cites to the complaint's page numbers (as reflected at the top of each page), because some paragraph numbers appear more than once. *See* Compl. at 102, 123.

Tartt alleges that defendants are responsible for 17 counts of unlawful activity ranging from violations of the Administrative Procedures Act, the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), the Civil Rights Act of 1964, and several Illinois statutes, as well as for fraud upon the court, perjury, obstruction of justice, and constitutional violations. *See generally* Compl. Although Tartt's complaint is rambling and often incoherent, his core allegation is that he was a victim of a large, multi-year conspiracy through which defendants coordinated to discriminate against him and deny him certain employment or other benefits largely by the way they handled his prior litigation. *See id.* Tartt includes a footnote on the first page of his complaint stating, in part, that:

> The courts, employers, federal, and state of IL agencies have conspired to complicate, suppress, deceive and deny rights and benefits through fraud upon the court, violation of the 13th Amendment by Judge Norgle without due process (14th) and the USA for 23 years, involuntary servitude, a slave, qualifies plaintiff for reparations criterial by Norgle's-Plaintiff is "alive" not a descendent [sic].

*Id.* at 15. Additionally, Tartt complains of other, unrelated wrongs, including legal malpractice related to his mortgage applications. *Id.* at 132–34.

"To make matters worse," Tartt alleges, "the United States has been abusing and torturing [him] with Radio Frequency Implant Devices." *Id.* at 92. Tartt explains that "according to an ex-naval officer trained to abuse 'Targeted Individuals' and others, there are over 300,000 civilian and military persons being abused and tortured with implants," and that he "will have permanent and irreversible damage to body and possible lose both lower extremities" if the torture does not stop. *Id.* at 118. According to Tartt:

> This demonstrates just how connected this conspiracy is and "voluminous," involving federal and state courts, 7 federal agencies, 4 state of IL agencies, including both Attorney Generals [sic], possibly 20 or more judicial officers, 12 employers named and unnamed, multiple military and private citizens, major unnamed and named corporations (unnamed includes Apple, Comcast/Infinity, & Microsoft) and the numerous laws both state and federal "the Conspiracy" is

>willing to violate to protect the USA conspiracy and "secrets" (RFID) from the public to avoid paying the debt owed the Plaintiff for signing the "Early Commission ROTC" contract, August 25, 1978 at age 18.

*Id.* at 218–19. For these and other violations, Tartt seeks damages, *see generally* Compl., and other relief, including "[s]anctions and impeachment of Judges, Easterbrook, Ripple, Williams, Posner, Kanne, Manion and Norgle," *id.* at 162.

Tartt has also moved for preliminary relief, seeking, in part, an injunction "to cease and desist illegal (or legal) activity by the United States of America and co-defendants to torture with RFID, harass, embarrass or humiliate, interfere with professional and personal freedom and activity in violation of the U.S. Constitution, local, state and federal laws by the defendants or any one [sic] on their behalf." ECF No. 50 at 22. He explains that defendants "need[] to provide detailed information of location, how used or turned off or removed (safely), when inserted by whom and how." *Id.* at 23. And he asks the Court, under Federal Rule of Civil Procedure 60, to "[v]acate all order [sic] due to 'fraud on the court'" in his earlier lawsuits. *Id.*

As noted, this is not Tartt's first foray into the federal courts. Nor is it the first time he has advanced the same or similar conspiracy theories. In December 2000, Tartt filed two cases in the Northern District of Illinois: one against Northwest Suburban Anesthesiologists (NSA), and the other against both NSA and Northwest Community Hospital (NCH). *See Tartt v. Nw. Cmty. Hosp.*, No. 00-7960 (CN), 2004 WL 2254041, at *1 (N.D. Ill. 2004) (describing both cases). Both suits were eventually dismissed with prejudice—the first for failure to state a claim and the second on res judicata grounds. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 820–21 (7th Cir. 2006). The Seventh Circuit affirmed. *Id.* at 823. Then, in November 2013, Tartt filed another suit in the Northern District of Illinois against NSA and NCH, as well as about 60 other defendants, including lawyers and judges involved in his previous lawsuits. *See Tartt v. Magna*

3

*Health Sys.*, No. 13-cv-8191, 2014 WL 4087220, at *1 (N.D. Ill. Aug. 19, 2014). In that 1060-paragraph, 278-page pleading, Tartt alleged that the defendants "participated in a vast campaign of discrimination that began with and snowballed from an allegedly improper delay of his ROTC officer commission in the early 1980s" and that "over the next three decades" they conspired to commit fraud against him, deny him employment benefits, force him into servitude, and use "enhancement and torture to further their cause of 'denying benefits of employment.'" *Id.* (quoting Am. Compl. ¶ 8).

On the court's own motion, Judge Robert M. Dow, Jr. of the Northern District of Illinois dismissed with prejudice all claims against the NSA, NCH, the federal judge defendants, the United States, several federal and state agencies, and the attorneys involved in his prior lawsuits. *Id.* at *4–6. The court then dismissed without prejudice the remainder of Tartt's claims for failure to state a short and plain statement of the grounds for relief under Federal Rule of Civil Procedure 8(a). *Id.* at *5–6. The court also imposed a sanction of $100 on Tartt for filing frivolous claims against federal judges. *Id.* After Tartt filed his fourth amended complaint, Judge Dow, Jr., dismissed all his remaining claims with prejudice under Rules 12(b)(6) and 8(a). *Tartt v. Magna Health Systems*, No. 13-8191, 2016 WL 6585281, at *2–10 (N.D. Ill. Nov. 7, 2016). The Seventh Circuit affirmed and imposed an additional sanction of "$1,500 for filing a frivolous appeal." *Tartt v. Magna Health Sys.*, No. 17-1023, 2017 WL 4772538 (7th Cir. Feb. 14, 2017), *cert. denied*, 138 S. Ct. 120 (2017), *reh'g denied*, 138 S. Ct. 466 (2017).

Since Tartt filed the instant complaint, several defendants moved to dismiss. ECF Nos. 11, 14, 24, 27, 28, 31, 36, and 45. At least one defendant challenged the Court's subject-matter jurisdiction over the entirety of the complaint. ECF No. 28.

## II. Analysis

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. "The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on any other grounds." *Tuck v. Pan Am. Health Org.*, 668 F.2d 547, 549 (D.C. Cir. 1981). "[T]he plaintiff [has] the burden of establishing that the court has jurisdiction." *Luke v. United States*, 942 F. Supp. 2d 154, 161 (D.D.C. 2013). Additionally, "the plaintiff's factual allegations in the complaint bear close scrutiny in resolving a 12(b)(1) motion." *Id.* Moreover, "[b]ecause subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). The Court also possesses the power to "dismiss a case *sua sponte* for lack of subject-matter jurisdiction" where it presents "no federal question suitable for decision." *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

As discussed above, at least one defendant has moved to dismiss Tartt's complaint, arguing that it "contain[s] nothing more than conspiracy theories and fanciful allegations." ECF No. 28 at 9. The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). To fall within this doctrine, "the claims [must] be flimsier than "doubtful or questionable'—they must be 'essentially fictitious.'" *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536–37). For example, this doctrine applies to "bizarre conspiracy theories" or instances in which plaintiffs allege "fantastic government manipulations of their will or mind." *Id.*; *see also Curran v. Holder*, 626

5

F. Supp. 2d 30, 34 (D.D.C. 2009) ("Plaintiff's complaint strings together a series of unconnected events to support her conclusion that she has been singled out for harassment by the government.").

Upon reviewing Tartt's complaint, the Court concludes that it lacks subject-matter jurisdiction over it. In sum, his allegations are precisely the sort of conspiracy theories that the Court is powerless to entertain. They appear to have their origin in long-ago disputes concerning Tartt's employment or other benefits. But the core of the complaint—the alleged conspiracy— concerns the many individuals and institutions, including judges, lawyers, and government employees and agencies, that he has encountered while litigating those disputes and against whom he harbors grievances for failing to provide him relief. For example, Tartt contends that "Conspirator Judge Darrah, denied discovery and the counterclaim against the USA's conspiracy to deny rights and benefit of USERRA, is a violation of USERRA *4323 (a)(2)*, therefore Darrah is guilty of fraud upon the court, *28 USC 455*, a crime." Compl. at 52. Tartt also alleges that his four appeals "have either been validated, ignored, fabricated or suppressed in fraud upon the court to obstruct and attempt to cover-up the conspiracies of the District Court to protect themselves and the District Court judicial officers from charges of fraud upon the court." *Id.* at 58. Regarding the Seventh Circuit specifically, Tartt further alleges:

> Conspirator Judges Easterbrook, Woods, Posner (who confessed to crime, fraud upon the court for 39 years involving pro se minority plaintiff-NY Times exit interview), Kanne, Ripple, Williams, and Manion, conspired to deny the rights and benefits of military and civilian employment. The other 7th Cir. judicial officers appear to be guilty of fraud upon the court, as well guilty for ignoring fraud upon the court in misconduct conference and multiple appeals (except Justice Fraum [sic]).

*Id.* at 58–59. As previously noted, Tartt also sprinkles in several seemingly disconnected allegations, such as his assertion that he is the victim of Radio Frequency Implant Device torture.

6

Tartt does point out that, as a *pro se* plaintiff, he is entitled to some leeway. He notes that while his "complaint surely has flaws, however, at a minimum has enough causes of action that warrant denying any motion to dismiss, provide discovery, and a trial with appointment of legal counsel. The latter two have been denied due to conspiracy, discrimination, corruption, cover-up, obstruction, fraud, perjury, and fraud upon the court." *Id.* at 219–20. The Court is aware "that a *pro se* complaint must be held to less stringent standards than those applied to formal pleadings drafted by lawyers." *Wilson v. Obama*, 770 F. Supp. 2d 188, 192 (D.D.C. 2001). Even so, that leeway does not allow the Court to exercise jurisdiction over "fundamentally unrealistic allegations," *id.*, such as the sweeping conspiracy of which Tartt complains.

For all the above reasons, the Court lacks subject-matter jurisdiction over the complaint in its entirety. The Court will therefore grant the motion to dismiss, ECF No. 28, and dismiss the complaint with prejudice as to all defendants. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 21, 2019